IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **COALITION FOR GOOD GOVERNANCE, et al.,**<br><br>**Plaintiffs,**<br><br>v.<br><br>**BRIAN KEMP, et al.,**<br><br>**Defendants.** | **Civil Action No. 21-cv-02070-JPB** |

### MOTION FOR PRELIMINARY INJUNCTION, FOR EXPEDITED BRIEFING AND FOR ORAL HEARING

Plaintiffs move this Court to enter a preliminary injunction, to grant expedited briefing, and to hold an oral hearing, as follows:

### Preliminary Injunction

Pursuant to Rule 65 of the Federal Rules of Civil Procedure, Plaintiffs move the Court to preliminarily enjoin Defendants, effectively immediately, from enforcing the following laws:

(A)  O.C.G.A. § 21-2-568.1 (the "Elector Observation Felony"), which makes it a felony to "intentionally observe an elector while casting a ballot in a manner that would allow such person to see for whom or what the elector is voting";

1

(B)     O.C.G.A. § 21–2–386(a)(2)(B)(vii) (the "Gag Rule"), which prohibits "monitors" and "observers," under penalty of criminal misdemeanor, from "[c]ommunicating any information that they see while monitoring the processing and scanning of the absentee ballots" "to anyone other than an election official who needs such information to lawfully carry out his or her official duties";

(C)     O.C.G.A. §§ 21-2-386(a)(2)(A) and (B)(vi) (the "Estimating Bans"), which make it a misdemeanor for "monitors and observers" to, among other things, tally, tabulate, estimate or attempt to tally, tabulate, or estimate the number of absentee ballots cast or any votes on the absentee ballots cast;

(D)     O.C.G.A. § 21-2-568.2 (2)(B) (the "Photography Ban"), which makes it a misdemeanor to "[p]hotograph or record the face of an electronic ballot marker while a ballot is being voted or while an elector's votes are displayed on such electronic market," or to "[p]hotograph or record a voted ballot"; and

(E)     O.C.G.A. § 21-2-381(a)(1)(A) (the "Eleven Day Rule"), which prohibits applications for absentee ballots to be accepted "less than 11 days prior to the date of the primary or election, or runoff of either."

Pursuant to Rule 65(d), Plaintiffs have filed with this Motion a proposed order stating the reasons why it should issue, the terms specifically, the acts restrained and required, and the persons to be bound thereby.

Pursuant to Rule 7.1A of the Local Rules of the Northern District of Georgia, and Part III (f) of this Court's Standing Order, Plaintiffs have filed herewith a brief citing legal authorities supporting the motion and the facts relied upon, together with supporting declarations and exhibits. Attached to the brief are the following exhibits:

Exhibit A:   Photographs of Presidents and others voting

Exhibit B:   Declaration of Marilyn Marks

Exhibit C:   Declaration of Jeanne Dufort

Exhibit D:   Declaration of Bradley Friedman

Exhibit E:   Declaration of Ryan Graham

Exhibit F:   Declardation of Barbara Gray

Exhibit G:   Declaration of Rhonda Martin

Exhibit H:   Declaration of Aileen Nakamura

Exhibit I:   Declaration of Priscella Smith

Exhibit J:   Declaration of Elizabeth Throop

Exhibit K:   Declaration of Andrew Kurish

## **Motion for Expedited Briefing and Oral Hearing**

Pursuant to Local Rules 7.1(D) and 65.2 of the Northern District of Georgia, Plaintiffs move for a order directing expedited briefing, as follows:

A. Defendants' Response Brief to be due on June 21, 2021; and,

B. Plaintiffs' Reply Brief to be due seven days after Defendants file their Response Brief.

In support of this Motion for Expedited Briefing, Plaintiffs show that, unless its enforcement is enjoined, the Eleven Day Rule threatens to disenfranchise absentee-by-mail voters in the upcoming July 13, 2021 runoff elections. In addition, unless enjoined, the four Challenged Criminal Laws (the Elector Observation Rule, the Gag Rule, the Estimating Bans, and the Photography Ban), which are plainly unconstitutional, will continue to cause irreparable harm by violating the rights of the Plaintiffs and other citizens, under the First Amendment and the Due Process Clause of the Fourteenth Amendment, in every upcoming election.

Plaintiffs further request an oral hearing on the Motion for Preliminary Injunction because the Motion raises important issues concerning the rights of the Plaintiffs and other citizens under federal constitutional law.

A Proposed Order granting the Motion for Expedited Briefing and Oral Hearing is attached hereto.

Respectfully submitted this 14th day of June, 2021.

| | |
|---|---|
| */s/ Bruce P. Brown* <br> Bruce P. Brown <br> Georgia Bar No. 064460 <br> BRUCE P. BROWN LAW LLC <br> 1123 Zonolite Rd. NE <br> Suite 6 <br> Atlanta, Georgia 30306 <br> (404) 881-0700 <br> bbrown@brucepbrownlaw.com | */s/ Cary Ichter* <br> Cary Ichter <br> Georgia Bar No. 382515 <br> ICHTER DAVIS LLC <br> 3340 Peachtree Road NE <br> Suite 1530 <br> Atlanta, Georgia 30326 <br> (404) 869-7600 <br> CIchter@Ichterdavis.com |
| */s/ Greg K. Hecht* <br> Greg K. Hecht <br> Georgia Bar No. 003860 <br> HECHT WALKER, P.C. <br> 205 Corporate Center Dr. <br> Suite B <br> Stockbridge, Georgia 30281 <br> (404) 348-4881 <br> greg@hmhwlaw.com | */s/Shea E. Roberts* <br> Shea E. Roberts <br> Georgia Bar No. 608874 <br> GIACOMA ROBERTS & DAUGHDRILL LLC <br> 945 East Paces Rd., Suite 2750 <br> Atlanta, Georgia 30326 <br> (404) 924-2850 <br> sroberts@grdlegal.com |

CERTIFICATE OF SERVICE AND CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 5.1

Pursuant to N.D. Ga. L.R. 5.1(C), I certify that the foregoing was prepared using Times New Roman 14 font.  I electronically filed this using CM/ECF, thus electronically serving all counsel of record.

This 14th day of June, 2021.

>	*/s/ Bruce P. Brown*
> Bruce P. Brown
> Georgia Bar No. 064460
> BRUCE P. BROWN LAW LLC
> 1123 Zonolite Rd. NE
> Suite 6
> Atlanta, Georgia 30306
> (404) 881-0700
> bbrown@brucepbrownlaw.com