EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| COALITION FOR GOOD GOVERNANCE, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>BRAD RAFFENSPERGER, et al.,<br><br>Defendants. | Civil Action No. 21-cv-02070 JPB |

## DECLARATION OF CHARLES TONNIE ADAMS

**I, CHARLES TONNIE ADAMS,** hereby declare under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the following is true and correct:

1.     I am over the age of 18 and have personal knowledge of all facts stated in this declaration and, if called to testify, I could and would testify competently thereto.

2.     I am the Election Supervisor of Heard County, Georgia. I have held this position for three years and have been responsible for absentee balloting since 2012. My declaration represents my personal experience and perspective and is not an official statement of the Heard County Board of Elections.

3.     During the 2021 General Assembly's consideration of the various election bills, I surveyed a number of the Election Supervisors in other counties

1

concerning various provisions, including provisions of SB202. The results I obtained from the majority of the respondents were in agreement with my own view on the restrictive 11 day deadline for absentee ballot applications, which is that the 11 day deadline is too far in advance of Election Day to adequately serve voters, particularly when there is no provision for voters with unforeseen circumstances who learn shortly before Election Day that they cannot vote in person.

4. The pre-SB202 absentee ballot application process provided flexibility for the voter to apply for a ballot based on their own knowledge of their circumstances, anticipated mail delivery times, and local office application turnaround time. This provided the most flexibility for our election offices to work with voters to ensure that all eligible voters were given a fair opportunity to apply for a ballot or vote in person.

5. Based on my experience, concentrating the ballot application processing workload into a shorter window with the 11 day deadline election is not a benefit to election administrators.

6. It is my experience that local election offices communicate well with voters on the realistic local turnaround expectations for application processing and mail times, permitting the voters to make individually appropriate decisions on when to request a mail ballot application for timely delivery of their ballot.

7. In our county, as with many other small communities in Georgia, the local mail is efficient and promptly delivered, particularly for those voters with P.O. Boxes, who can receive same day mail. Therefore, in some circumstances I can mail a voter a ballot in the morning, and they will receive it in the afternoon, making it possible for me to serve voters with last minute changes of plans or unforeseen circumstances.

8. I am not aware of any state-initiated programs of voter outreach to inform voters of the new ballot application deadlines.

9. The online secure absentee ballot application transmission method that I understand is required by SB202 has not yet been installed or offered by the Secretary of State's office.

Executed this 27th day of June, 2021.

_Charles Tonnie Adams_
Charles Tonnie Adams