## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

COALITION FOR GOOD
GOVERNANCE, *et al.*,

      *Plaintiffs*,

    v.

BRIAN KEMP, in his official
capacity as Governor of the State of
Georgia, *et al.*,

      *Defendants*,

REPUBLICAN NATIONAL
COMMITTEE, *et al.*,

      *Intervenor-Defendants.*

CIVIL ACTION
CASE NO. 1:21-cv-02070-JPB

## STATE DEFENDANTS' ANSWER
## TO PLAINTIFFS' AMENDED COMPLAINT

# INTRODUCTION

Plaintiffs ask this Court to interfere with the reasonable election rules that Georgia established in SB 202 in the wake of complaints about the 2018 and 2020 Georgia elections. The text of SB 202, reasonably construed, provides procedural safeguards of the type necessary to restore confidence in the integrity of Georgia elections, while expanding access to the ballot beyond previous statutory limits. SB 202's reforms ensure that Georgia's citizens can vote with ease, knowing that their elections are unlikely to be compromised by those seeking to abuse the electoral system by voting fraudulently.

The Amended Complaint condemns many localized shortcomings in the way particular counties have conducted Georgia elections in the past. The Amended Complaint bemoans a data breach from 2016-17. And Plaintiffs complain about 2019 legislation that survived earlier judicial challenges, even maintaining that the legislation undermines ballot secrecy. But when the Amended Complaint engages with the actual provisions of SB 202, it relies on strained worst-case speculation rather than the text of the law.

The Amended Complaint assumes that the Georgia courts will give SB 202 an absurd construction at every opportunity, ignoring the rule of lenity for criminal provisions and hamstringing the ability of election authorities to respond to breaches of ballot security. Thus, the Amended Complaint

speculates, the law as unreasonably construed will itself intimidate voters or otherwise interfere with protected rights, while impeding the administration of elections in many counties.

At the opposite extreme, Plaintiffs seek to supplant the Georgia legislature by characterizing as "minor" previous violations of Elections Board Rules that go directly to the integrity of the elections process, such as allowing voting system programmers to tinker with the election machinery without being sworn in, failing to inspect voting stations to ensure unauthorized materials have not been placed there, and putting the functioning of electronic voting equipment at risk from excessively humid storage.

But the statutory provisions speak for themselves. This Court need not and should not adopt absurd constructions, especially in response to a facial challenge that does not involve the application of SB 202 to a single person or a single election. The Court's role "does not extend to second-guessing and interfering with a State's reasonable, nondiscriminatory election rules." *New Ga. Project v. Raffensperger*, 976 F.3d 1278, 1284 (11th Cir. 2020). Still less should the Court intrude on those rules based on the speculative and counterintuitive parade of horribles in this Amended Complaint.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Plaintiffs fail to state a claim upon which relief may be granted.

### Second Affirmative Defense

Plaintiffs lack standing to bring this action.

### Third Affirmative Defense

Plaintiffs' claims are barred by sovereign immunity and the Eleventh Amendment to the United States Constitution.

### Fourth Affirmative Defense

Plaintiffs have not been subjected to the deprivation of any right, privilege, or immunity under the Constitution or laws of the United States.

### Fifth Affirmative Defense

Plaintiffs failed to join necessary and indispensable parties.

### Sixth Affirmative Defense

Plaintiffs' requested relief is barred by the *Purcell* principle.

### Seventh Affirmative Defense

Defendants reserve the right to amend their defenses and to add additional ones, including lack of subject matter jurisdiction based on the mootness or ripeness doctrines, as further information becomes available in discovery.

## RESPONSES

State Defendants respond to the separately numbered paragraphs and prayer for relief contained in the Amended Complaint below.  To the extent that any allegation is not admitted herein, it is denied.  Moreover, to the extent that the Amended Complaint refers to or quotes from external documents, statutes, or other sources, State Defendants may refer to such materials for their accurate and complete contents; however, State Defendants' references are not intended to be, and should not be construed to be, an admission that the cited materials: (a) are correctly cited or quoted by Plaintiffs; (b) are relevant to this, or any other, action; or (c) are admissible in this, or any other, action.

## I.    INTRODUCTION[1]

Plaintiffs' Introduction section and preceding paragraph contain unnumbered paragraphs consisting of legal conclusions, legal argument, and citations to preexisting case law and statutory language. "A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). Accordingly,

---

[1] For ease of reference, State Defendants refer to Plaintiffs' headings and titles, but to the extent those headings and titles could be construed to contain factual allegations, those allegations are denied.

State Defendants deny the allegations contained in this introductory portion of Plaintiffs' Amended Complaint.

## II. PARTIES

### A. Plaintiffs

1.    State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations in Paragraph 1 and deny them on that basis.  State Defendants further deny the allegation in this Paragraph referencing Part VI of the Amended Complaint.

2.    State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations in Paragraph 2 and deny them on that basis.

3.    State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations in Paragraph 3 and deny them on that basis.

4.    State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations in Paragraph 4 and deny them on that basis.

5.    State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations in Paragraph 5 and deny them on that basis.

6.     State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations in Paragraph 6 and deny them on that basis.

7.     State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations in Paragraph 7 and deny them on that basis.

8.     State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations in Paragraph 8 and deny them on that basis.

9.      State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations in Paragraph 9 and deny them on that basis.

10.     State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations in Paragraph 10 and deny them on that basis.

11.     State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations in Paragraph 11 and deny them on that basis.

12.    State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations in Paragraph 12 and deny them on that basis.

13.    State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations in Paragraph 13 and deny them on that basis.

14.    State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations in Paragraph 14 and deny them on that basis.

15.    State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations in Paragraph 15 and deny them on that basis.

## B. Defendants—Members of the State Election Board

### 1.    Voting Members of the State Election Board

16.    State Defendants deny the allegations contained in Paragraph 16. By way of further response, State Defendants aver that the current State Election Board Members are Sara Ghazal, Matthew Mashburn, Edward Lindsey, and Janice Johnston.  The remainder of this paragraph contains Plaintiffs' legal conclusions, not allegations of fact, to which no response is required.

17.     Paragraph 17 of the Amended Complaint sets forth legal conclusions to which no response is required and, therefore, State Defendants deny them.  The statutory provisions referenced in Paragraph 17 speak for themselves.  State Defendants deny the remaining allegations in this Paragraph 17.

### 2. Governor Brian Kemp

18.     State Defendants admit that Brian Kemp is Governor of the State of Georgia and that Governor Kemp signed the challenged statutes into law on March 25, 2021. Paragraph 18 of the Amended Complaint sets forth legal conclusions to which no response is required and, therefore, State Defendants deny them.  The cited statutory provisions speak for themselves.  State Defendants deny the remaining allegations in Paragraph 18.

### 3. Secretary of State Brad Raffensperger

19.     State Defendants admit that Brad Raffensperger is Secretary of State of the State of Georgia. Paragraph 19 of the Amended Complaint sets forth legal conclusions to which no response is required and State Defendants therefore deny them.  The cited statutory provisions speak for themselves. State Defendants deny the remaining allegations in Paragraph 19.

20.     Paragraph 20 of the Amended Complaint sets forth legal conclusions to which no response is required and, therefore, State Defendants deny them.  The cited statutory provisions speak for themselves.

## III.   JURISDICTION AND VENUE

21.     Paragraph 21 sets forth legal conclusions to which no response is required, and State Defendants therefore deny them. State Defendants deny the remaining allegations in this Paragraph.

22.     Paragraph 22 sets forth legal conclusions to which no response is required, and State Defendants therefore deny them. State Defendants deny the remaining allegations in this Paragraph.

23.     To the extent this Court has jurisdiction over Plaintiffs' Amended Complaint, State Defendants admit that venue lies in this District.

## IV.   APPLICABLE LAW

### A. United States Constitution

#### 1. Due Process Clause

24.     The constitutional provision cited and quoted in Paragraph 24 speaks for itself, and no response by State Defendants is required.

### a) Substantive Due Process/Fundamental Right to Vote

25.     Paragraph 25 of the Amended Complaint sets forth legal conclusions to which no response is required and State Defendants therefore deny them.

26.     Paragraph 26 sets forth legal conclusions to which no response is required and State Defendants therefore deny them.

27.     Paragraph 27 sets forth legal conclusions to which no response is required and State Defendants therefore deny them.  The cited legal authorities speak for themselves.

28.     Paragraph 28 sets forth legal conclusions to which no response is required and State Defendants therefore deny them.  The cited legal authority speaks for itself.

29.     Paragraph 29 sets forth legal conclusions to which no response is required and State Defendants therefore deny them.  The cited legal authorities speak for themselves.

### b) Substantive Due Process/Violation of State Law

30.     Paragraph 30 sets forth legal conclusions to which no response is required and State Defendants therefore deny them.  The cited legal authorities speak for themselves.

### c) Procedural Due Process

31.     Paragraph 31 sets forth legal conclusions to which no response is required and State Defendants therefore deny them.   The cited legal authorities speak for themselves.

32.     Paragraph 32 sets forth legal conclusions to which no response is required and State Defendants therefore deny them.   The cited legal authorities speak for themselves.

33.     Paragraph 33 sets forth legal conclusions to which no response is required and State Defendants therefore deny them.  The cited legal authority speaks for itself.

34.     Paragraph 34 sets forth legal conclusions to which no response is required and State Defendants therefore deny them.  The cited legal authority speaks for itself.

35.     Paragraph 35 sets forth legal conclusions to which no response is required and State Defendants therefore deny them.  The cited legal authority speaks for itself.

36.     Paragraph 36 sets forth legal conclusions to which no response is required and State Defendants therefore deny them.  The cited legal authority speaks for itself.

37.    Paragraph 37 sets forth legal conclusions to which no response is required and State Defendants therefore deny them.   The cited legal authorities speak for themselves.

### d) Due Process – Criminal Laws Void for Vagueness

38.    Paragraph 38 sets forth legal conclusions to which no response is required and State Defendants therefore deny them.  The cited legal authority speaks for itself.

### 2.  Equal Protection Clause

39.    Paragraph 39 quotes a legal authority that speaks for itself and requires no response.

40.    Paragraph 40 sets forth legal conclusions to which no response is required and State Defendants therefore deny them.  The cited legal authority speaks for itself.

41.    Paragraph 41 sets forth legal conclusions to which no response is required and State Defendants therefore deny them.

### 3.  First Amendment

42.    Paragraph 42 quotes a constitutional provision that speaks for itself and to which no response is required.

### a) Freedom of Speech and of the Press

43.     Paragraph 43 sets forth legal conclusions to which no response is required and State Defendants therefore deny them.  The cited legal authority speaks for itself.

44.     Paragraph 44 sets forth legal conclusions to which no response is required and State Defendants therefore deny them.  The cited legal authority speaks for itself.

### b) Right to Petition the Government

45.     Paragraph 45 sets forth legal conclusions to which no response is required and State Defendants therefore deny them.  The cited legal authority speaks for itself.

46.     Paragraph 46 sets forth legal conclusions to which no response is required and State Defendants therefore deny them.  The cited legal authority speaks for itself.

### B. Federal Laws Providing Causes of Action

#### 1.  42 U.S.C. § 1983

47.     Paragraph 47 quotes a statutory provision that speaks for itself and to which no response is required.

### 2.  Voting Rights Act, 52 U.S.C. § 10307

48.    Paragraph 48 quotes a statutory provision that speaks for itself and to which no response is required.

### 3.  Federal Declaratory Judgment Act, 28 U.S.C. § 2201

49.    Paragraph 49 quotes a statutory provision that speaks for itself and to which no response is required.

**C. Georgia Constitution**

50.    Paragraph 50 quotes a constitutional provision that speaks for itself and to which no response is required.

### 1.  Georgia's Requirement of Absolute Ballot Secrecy

51.    Paragraph 51 quotes a constitutional provision that speaks for itself and to which no response is required.

### 2. Georgia's Guarantee of Right to the Courts

52.    Paragraph 52 quotes a constitutional provision that speaks for itself and to which no response is required.

### 3. Separation of Powers

53.    Paragraph 53 quotes a constitutional provision that speaks for itself and to which no response is required.

54.   Paragraph 54 sets forth legal conclusions to which no response is required and State Defendants therefore deny them.  The cited legal authority speaks for itself.

**D. Georgia Election Code**

**1. Role of Superintendents**

55.   Paragraph 55 sets forth legal conclusions to which no response is required and State Defendants therefore deny them.  The cited legal authority speaks for itself.

56.   Paragraph 56 sets forth legal conclusions to which no response is required and State Defendants therefore deny them.  The cited legal authority speaks for itself.

57.   Paragraph 57 sets forth legal conclusions to which no response is required and State Defendants therefore deny them.  The cited legal authority speaks for itself.

58.   Paragraph 58 sets forth legal conclusions to which no response is required and State Defendants therefore deny them.  The cited legal authority speaks for itself.

59.   Paragraph 59 sets forth legal conclusions to which no response is required and State Defendants therefore deny them.  The cited legal authority speaks for itself.

60.     Paragraph 60 of the Amended Complaint sets forth legal conclusions to which no response is required and, therefore, State Defendants deny them.  State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the remaining allegations in Paragraph 60 and deny them on that basis.

61.     Paragraph 61 sets forth legal conclusions to which no response is required and, therefore, State Defendants deny them. State Defendants further deny the allegations because the webpage cited in the footnote does not exist.

62.      Paragraph 62 sets forth legal conclusions to which no response is required and, therefore, State Defendants deny them.

63.     Paragraph 63 sets forth legal conclusions to which no response is required and, therefore, State Defendants deny them.  The cited legal authority speaks for itself.

64.     Paragraph 64 sets forth legal conclusions to which no response is required and, therefore, State Defendants deny them.

65.     Paragraph 65 sets forth legal conclusions to which no response is required and, therefore, State Defendants deny them.  The cited and quoted legal authority speaks for itself.

66.     Paragraph 66 sets forth legal conclusions to which no response is required and, therefore, State Defendants deny them.  The cited and quoted legal authority speaks for itself.

67.     Paragraph 67 sets forth legal conclusions to which no response is required and, therefore, State Defendants deny them.  The cited and quoted legal authority speaks for itself.

### 2. Funding of Superintendents

68.     Paragraph 68 quotes a statutory provision that speaks for itself and to which no response is required.

### 3. Conduct of Absentee-by-Mail Voting—PreSB202

69.     State Defendants admit the allegations in Paragraph 69.

70.     Paragraph 70 sets forth legal conclusions to which no response is required and, therefore, State Defendants deny them.  The cited legal authority speaks for itself.

71.     Paragraph 71 sets forth legal conclusions to which no response is required and, therefore, State Defendants deny them.  The cited legal authority speaks for itself.

72.     Paragraph 72 sets forth legal conclusions to which no response is required and, therefore, State Defendants deny them.  The cited legal authority speaks for itself.

73.     Paragraph 73 sets forth legal conclusions to which no response is required and, therefore, State Defendants deny them.  The cited legal authority speaks for itself.

### 4. Conduct of In-Person Voting

74.     Paragraph 74 sets forth legal conclusions to which no response is required and, therefore, State Defendants deny them.  The cited legal authority speaks for itself.

75.     Paragraph 75 sets forth legal conclusions to which no response is required and, therefore, State Defendants deny them.  The cited legal authority speaks for itself.

76.     Paragraph 76 sets forth legal conclusions to which no response is required and, therefore, State Defendants deny them.  The cited legal authority speaks for itself.

77.     Paragraph 77 sets forth legal conclusions to which no response is required and, therefore, State Defendants deny them.  The cited legal authority speaks for itself.

78.     State Defendants admit that Dominion Voting Systems manufactures the BMD system used by the State of Georgia for its in-person voting. State Defendants deny the remaining allegations in Paragraph 78.

79.    State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations in Paragraph 79 and deny them on that basis.

### 5. Georgia's Open Meetings Act

80.    Paragraph 80 sets forth legal conclusions to which no response is required and, therefore, State Defendants deny them.  The cited legal authority speaks for itself.

81.    Paragraph 81 sets forth legal conclusions to which no response is required and, therefore, State Defendants deny them.  The cited legal authority speaks for itself.

82.    Paragraph 82 quotes a statutory provision that speaks for itself and to which no response is required.

83.    Paragraph 83 quotes a statutory provision that speaks for itself and to which no response is required.

84.    Paragraph 84 quotes a statutory provision that speaks for itself and to which no response is required.

## V. GENERAL ALLEGATIONS

### A. 2020 Elections Prompted Legislative Backlash

85.     State Defendants admit that the introductory section of SB 202 outlines the legislature's purposes in adopting the legislation.   State Defendants deny the remaining allegations in Paragraph 85.

86.     State Defendants deny the allegations in Paragraph 86.

87.     State Defendants deny the allegations in Paragraph 87.

### B. Provisions of Georgia's Senate Bill 202 Passed in 2021

88.     State Defendants admit the allegations in Paragraph 88.

#### 1.  SB202's Election Takeover Provisions

89.     Paragraph 89 sets forth legal conclusions to which no response is required and State Defendants therefore deny them.  The cited Georgia law speaks for itself. State Defendants further deny the characterization of the cited provisions of Georgia law as a "Takeover Provision," in this Paragraph and any other in the Amended Complaint containing that characterization.

90.     Paragraph 90 and each of its lettered subsections sets forth legal conclusions to which no response is required, and State Defendants therefore deny them.  The cited statutory provisions speak for themselves and require no response.  In particular:

a.  State Defendants deny the allegations in Paragraph 90(a) because they are legal conclusions to which no response is required. The remaining allegations are citations to statutory provisions, which speak for themselves, and to which no response is required.

b.  State Defendants deny the allegations in Paragraph 90(b) because they are legal conclusions to which no response is required. The remaining allegations are citations to statutory provisions, which speak for themselves, and to which no response is required.

c.  State Defendants deny the allegations in Paragraph 90(c) because they are legal conclusions to which no response is required. The remaining allegations are citations to statutory provisions, which speak for themselves, and to which no response is required.

d.  State Defendants deny the allegations in Paragraph 90(d) because they are legal conclusions to which no response is required. The remaining allegations are citations to statutory provisions, which speak for themselves, and to which no response is required.

e.  State Defendants deny the allegations in Paragraph 90(e) t because they are legal conclusions to which no response is required. The remaining allegations are citations to statutory

21

provisions, which speak for themselves, and to which no response is required.

f.  State Defendants deny the allegations in Paragraph 90(f) because they are legal conclusions to which no response is required. The remaining allegations are citations to statutory provisions, which speak for themselves, and to which no response is required.

g.  State Defendants deny the allegations in Paragraph 90(g) because they are legal conclusions to which no response is required. The remaining allegations are citations to statutory provisions, which speak for themselves, and to which no response is required.

h.  State Defendants deny the allegations in Paragraph 90(h) because they are legal conclusions to which no response is required. The remaining allegations are citations to statutory provisions, which speak for themselves, and to which no response is required.

i.  State Defendants the allegations in Paragraph 90(i) because they are legal conclusions to which no response is required. The remaining allegations are citations to statutory provisions, which speak for themselves, and to which no response is required.

j.  State Defendants deny the allegations in Paragraph 90(j) because they are legal conclusions to which no response is required. The

remaining allegations are citations to statutory provisions, which speak for themselves, and to which no response is required.

k.  State Defendants deny the allegations in Paragraph 90(k) because they are legal conclusions to which no response is required. The remaining allegations are citations to statutory provisions, which speak for themselves, and to which no response is required.

l.  State Defendants deny the allegations in Paragraph 90(l) because they are legal conclusions to which no response is required. The remaining allegations are citations to statutory provisions, which speak for themselves, and to which no response is required.

m.  State Defendants deny the allegations in Paragraph 90(l) because they are legal conclusions to which no response is required. The remaining allegations are citations to statutory provisions, which speak for themselves, and to which no response is required.

n.  The allegations in Paragraph 90(n) are citations to statutory provisions, which speak for themselves, and to which no response is required. State Defendants therefore deny them on that basis.

o.  State Defendants deny the allegations in Paragraph 90(o) because they are legal conclusions to which no response is required. The

remaining allegations are citations to statutory provisions, which speak for themselves, and to which no response is required.

p. State Defendants deny the allegations in Paragraph 90(p) because they are legal conclusions to which no response is required. The remaining allegations are citations to statutory provisions, which speak for themselves, and to which no response is required.

q. State Defendants deny the allegations in Paragraph 90(q) because they are legal conclusions to which no response is required. The remaining allegations are citations to statutory provisions, which speak for themselves, and to which no response is required.

r. State Defendants deny the allegations in Paragraph 90(r) because they are legal conclusions to which no response is required. The remaining allegations are citations to statutory provisions, which speak for themselves, and to which no response is required.

s. State Defendants deny the allegations in Paragraph 90(s) because they are legal conclusions to which no response is required.

**2. SB202's Election Takeover Provisions – Separately Functioning Boards *of Registration***

91. State Defendants admit the allegations in Paragraph 91.

92.    Paragraph 92 sets forth legal conclusions to which no response is required, and State Defendants therefore deny them.  The cited legal authority speaks for itself.   State Defendants deny all remaining allegations in this Paragraph.

93.    Paragraph 93 sets forth legal conclusions to which no response is required, and State Defendants therefore deny them.  The cited legal authority speaks for itself. State Defendants deny all remaining allegations in this Paragraph.

94.    Paragraph 94 sets forth legal conclusions to which no response is required, and State Defendants therefore deny them.  SB 202 speaks for itself.

### 3.  SB 202's Superintendent-Reinstatement Provisions

95.    The allegations in Paragraph 95 are citations to Georgia law, which speaks for itself. State Defendants therefore deny them on that basis.

96.    Paragraph 96 sets forth legal conclusions to which no response is required, and State Defendants therefore deny them.  The cited legal authority speaks for itself. State Defendants deny all remaining allegations in this Paragraph.

97.    The allegations in Paragraph 97 are citations to Georgia law, which speaks for itself. State Defendants therefore deny them on that basis.

98.    The allegations in Paragraph 98 are citations to Georgia law, which speaks for itself. State Defendants therefore deny the m on that basis.

99.    Paragraph 99 sets forth legal conclusions to which no response is required, and State Defendants therefore deny them. The cited legal authority speaks for itself. State Defendants deny all remaining allegations in this Paragraph.

### 4. SB202's Restrictions on Superintendent Boards' Access to Counsel

100.   Paragraph 100 sets forth legal conclusions to which no response is required, and State Defendants therefore deny them. SB 202 speaks for itself. State Defendants deny all remaining allegations in this Paragraph.

101.   Paragraph 101 sets forth legal conclusions to which no response is required, and State Defendants therefore deny them. SB 202 speaks for itself. State Defendants deny all remaining allegations in this Paragraph.

102.   Paragraph 102 sets forth legal conclusions to which no response is required, and State Defendants therefore deny them. SB 202 speaks for itself. State Defendants deny all remaining allegations in this Paragraph.

103.   Paragraph 103 sets forth legal conclusions to which no response is required, and State Defendants therefore deny them. SB 202 speaks for itself. State Defendants deny all remaining allegations in this Paragraph.

### 5. SB202's Criminalization of Observing an Elector While Casting a Vote

104.   Paragraph 104 quotes a provision of SB 202 that speaks for itself. State Defendants deny the allegation on that basis.

105.   Paragraph 105 sets forth legal conclusions to which no response is required, and State Defendants therefore deny them.  The quoted Georgia statute speaks for itself. State Defendants deny all remaining allegations in this Paragraph.

### 6. SB202's Criminalization of Free Speech and Press

106.   Paragraph 106 sets forth legal conclusions to which no response is required, and State Defendants therefore deny them.  SB 202 speaks for itself. State Defendants deny all remaining allegations in this Paragraph.

107.   Paragraph 107 sets forth legal conclusions to which no response is required, and State Defendants therefore deny them.  SB 202 speaks for itself. State Defendants further deny the Plaintiffs' characterization of the cited statutory provision as a "Photography Ban," in this Paragraph and in each Paragraph where that characterization is used in the Amended Complaint. State Defendants deny all remaining allegations in this Paragraph.

108.   Paragraph 108 sets forth legal conclusions to which no response is required, and State Defendants therefore deny them.  SB 202 and the other

cited Georgia statute speak for themselves. State Defendants deny all remaining allegations in this Paragraph.

109.   State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations in Paragraph 109 and deny them on that basis.

> **7. SB202's Absentee Voter Identification Provisions ("Relaxed Voter ID Rule")**

110.   Paragraph 110 sets forth legal conclusions to which no response is required, and State Defendants therefore deny them.  SB 202 speaks for itself. State Defendants deny that SB202 "degrades the pre-existing identification information that voters must provide to the government to be issued an absentee ballot." Defendants further deny the Plaintiffs' characterization of the cited statutory provision as a "Relaxed Voter ID Rule," in this Paragraph and in each Paragraph where that characterization is used in the Amended Complaint. State Defendants deny all remaining allegations in this Paragraph.

111.   Paragraph 111 sets forth legal conclusions to which no response is required, and State Defendants therefore deny them.  SB 202 speaks for itself. State Defendants deny all remaining allegations in this Paragraph.

112.   Paragraph 112 sets forth legal conclusions to which no response is required, and State Defendants therefore deny them.  The cited legal authority

speaks for itself. State Defendants admit that SB202 modified the previous signature matching protocol for absentee ballots, which was fraught with the potential for human error and a prime source of voter concern. State Defendants deny all remaining allegations in this Paragraph.

113.   State Defendants deny the allegations in Paragraph 113.

### 8. Shortened Period for Applying for Absentee Ballots ("Impractical Application Deadline")

114.   Paragraph 114 sets forth legal conclusions to which no response is required, and State Defendants therefore deny them. State Defendants admit that the absentee ballot application deadline has been modified. The cited statute speaks for itself. State Defendants further deny the Plaintiffs' characterization of the cited statutory provision as "The Impractical Application Deadline" in this paragraph and in each Paragraph where that characterization is used in the Amended Complaint. State Defendants deny all remaining allegations in this Paragraph.

115.   State Defendants deny the allegations in Paragraph 115.

116.   Paragraph 116 sets forth legal conclusions to which no response is required, and State Defendants therefore deny them.  The cited legal authority speaks for itself. State Defendants deny all remaining allegations in this Paragraph.

117.   Paragraph 117 sets forth legal conclusions to which no response is required, and State Defendants therefore deny them.  State Defendants admit that voters will generally have to mail their absentee ballot application before the 11-day deadline established by SB202. State Defendants deny the remaining allegations in Paragraph 117.

118.   Paragraph 118 sets forth legal conclusions to which no response is required, and State Defendants therefore deny them. State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations in Paragraph 118 and deny them on that basis.

119.   Paragraph 119 sets forth legal conclusions to which no response is required, and State Defendants therefore deny them.  The cited legal authority speaks for itself. State Defendants deny all remaining allegations in this Paragraph.

120.   Paragraph 120 sets forth legal conclusions to which no response is required, and State Defendants therefore deny them.  The cited legal authority speaks for itself. State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the remaining allegations in Paragraph 120, most of which are speculative, and deny them on that basis.

### C. Context Within Which SB202 Takes Effect And Will Be Applied To Plaintiffs

121.   Paragraph 121 sets forth legal conclusions to which no response is required, and State Defendants therefore deny them. State Defendants deny all remaining allegations in this Paragraph.

### 1. Georgia's Oversized Dominion BMD Touchscreens Unavoidably Compromise Ballot Secrecy

122.   State Defendants admit the allegations in Paragraph 122.

123.   State Defendants deny the allegations in Paragraph 123.

124.   State Defendants deny the allegations in Paragraph 124.

125.   State Defendants admit that the office of Secretary of State provides instructions to local election officials on recommended configurations of voting equipment at polling locations. State Defendants deny the remaining allegations in Paragraph 125 and deny that they have any responsibility for the layout of precincts.

126.   Paragraph 126 sets forth legal conclusions to which no response is required, and State Defendants therefore deny them.  The cited legal authority speaks for itself. State Defendants admit that the State of Georgia uses methods to ensure election security and ballot secrecy. State Defendants deny all remaining allegations in this Paragraph.

127.   The allegations in Paragraph 127 cite to a video of the Senate Ethics Committee hearing, which speaks for itself, and to which no response is required.

128.   State Defendants deny the allegations in Paragraph 128.

**2.  Georgia's Recent History of Voter Data Security Breaches**

129.   State Defendants admit the allegations in Paragraph 129.

130.   State Defendants deny the allegations in Paragraph 130.

131.   State Defendants admit that, between August 2016 and March 2017, a KSU server utilized by CES was accessible to computer users with Internet access who had the knowledge and desire to bypass the password requirement. State Defendants deny all remaining allegations in Paragraph 131.

132.   State Defendants admit that Logan Lamb accessed a KSU server utilized by CES. Defendants deny the remaining allegations in Paragraph 132.

**3.  Covid-19 in Georgia**

133.   State Defendants admit the allegations in Paragraph 133.

134.   State Defendants admit the allegations set forth in Paragraph 134 of the Amended Complaint.

135.   State Defendants admit that on April 23, 2021, Governor Brian P. Kemp issued an Executive Order extending until May 30, 2021, a state of

emergency in Georgia in response to the COVID-19 pandemic. State Defendants deny that the state of emergency still exists at the time of filing this Answer.

136.   State Defendants deny the allegations in Paragraph 136.

137.   State Defendants admit that a COVID-19 quarantine period might overlap with election day. State Defendants deny the remaining allegations in Paragraph 137.

138.   State Defendants admit that Governor Kemp was exposed to COVID-19 and voted by absentee ballot via drop box in the November 2020 elections. State Defendants deny the remaining allegations in Paragraph 138.

## VI.   SPECIFIC ALLEGATIONS OF THREATENED INJURY TO PLAINTIFFS

### A. Defendants' Intention to Enforce SB202's Provisions

139.   State Defendants admit the allegations in Paragraph 139.

140.    State Defendants admit the allegations in Paragraph 140.

141.   State Defendants admit that the Office of Secretary of State will enforce the provisions of Georgia law as required by relevant facts and circumstances. State Defendants further admit that the Office has made note of counties and election officials who fail in their duties. State Defendants deny the remaining allegations in Paragraph 141.

33

142.   State Defendants admit that there are and have been cases and investigations involving the Fulton County Board. Paragraph 142 sets forth legal conclusions to which no response is required, and State Defendants therefore deny them. State Defendants deny all remaining allegations in this Paragraph.

143.   The period to which the allegations set forth in Paragraph 143 refer has passed. State Defendants therefore deny the allegations on that basis.

**B. Plaintiffs' Direct Standing**

144.   State Defendants deny the allegations in Paragraph 144.

**1. Plaintiff Coalition for Good Governance**

145.   State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations in Paragraph 145 and deny them on that basis.

146.   State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations in Paragraph 146 and deny them on that basis.

147.   State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations in Paragraph 147 and deny them on that basis.

148.   State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations in Paragraph 148 and deny them on that basis.

149.   State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations in Paragraph 149 and deny them on that basis.

150.   Paragraph 150 sets forth legal conclusions to which no response is required, and State Defendants therefore deny them.

151.   State Defendants deny the allegations in Paragraph 151.

152.   State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations in Paragraph 152 and deny them on that basis.

153.   State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations in Paragraph 153 and deny them on that basis.

154.   State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations in Paragraph 154 and deny them on that basis.

155.   State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations in Paragraph 155 and deny them on that basis.

156.   State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations in Paragraph 156 and deny them on that basis.

157.   State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations in Paragraph 157 and deny them on that basis.

158.   State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations in Paragraph 158 and deny them on that basis.

159.   State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations in Paragraph 159 and deny them on that basis..

160.   State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations in Paragraph 160 and deny them on that basis.

161.   State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations in Paragraph 161 and deny them on that basis.

162.   State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations in Paragraph 162 and deny them on that basis.

### 2.  Plaintiff SHIRLEY

163.   Paragraph 163 sets forth legal conclusions to which no response is required, and State Defendants therefore deny them.  The cited legal authority speaks for itself. State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the remaining allegations in Paragraph 152 and deny them on that basis.

164.   State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations in Paragraph 164 and deny them on that basis.

165.   State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations in Paragraph 165 and deny them on that basis.

166.   State Defendants admit that the Athens-Clarke County Board was found in violation of the state's elections laws when it attempted to adopt hand-

marked paper ballots, and that the State Election Board has referred other cases involving the Athens-Clarke County Board to the Attorney General's office for further civil legal action. The remaining allegations contained in this paragraph contain legal conclusions to which no response is necessary. Defendant denies the characterization of the relevant portions of SB 202 contained in this paragraph.

167.   Paragraph 167 sets forth legal conclusions to which no response is required, and State Defendants therefore deny them. State Defendants further deny the allegations in Paragraph 167 as speculative.  In addition, because they do not contain a "simple, concise, and direct" statement, the allegations in Paragraph 167 of the Amended Complaint fail to comply with Rule 8(d)(1) of the Federal Rules of Civil Procedure. State Defendants therefore deny the entirety of Paragraph 167 on that basis.

168.   Paragraph 168 sets forth legal conclusions to which no response is required, and State Defendants therefore deny them.  SB 202 speaks for itself. State Defendants further deny the characterization of the cited provisions of Georgia law as a "Gag Rule," in this Paragraph and any other in the Amended Complaint containing that characterization. State Defendants deny all remaining allegations in this Paragraph.

169.   State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations in Paragraph 169 and deny them on that basis.

170.   Paragraph 170 sets forth legal conclusions to which no response is required, and State Defendants therefore deny them.  The cited legal authority speaks for itself. State Defendants deny all remaining allegations in this Paragraph.

171.   State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations in Paragraph 171 and deny them on that basis.

172.   Paragraph 172 sets forth legal conclusions to which no response is required, and State Defendants therefore deny them.   The cited legal authority speaks for itself. State Defendants deny all remaining allegations in this Paragraph.

173.   State Defendants deny the allegations in Paragraph 173.

## 3. Plaintiff THOMAS-CLARK

174.   State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations in Paragraph 174 and deny them on that basis.

175.   State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations in Paragraph 175 and deny them on that basis.

176.   State Defendants admit that Coffee County was investigated by the Secretary of State's office, and that investigation resulted in the State Election Board referring the matter to the Attorney General's office for further civil legal action. State Defendants dispute the characterizations of SB 202 made in this Paragraph and there for denies the remaining allegations.

177.   State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations in Paragraph 177 and deny them on that basis.

178.   Paragraph 178 sets forth legal conclusions to which no response is required, and State Defendants therefore deny them. State Defendants deny all remaining allegations in this Paragraph.

179.   State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations in Paragraph 179 and deny them on that basis.

180.   State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations in Paragraph 180 and deny them on that basis.

181.   Paragraph 181 sets forth legal conclusions to which no response is required, and State Defendants therefore deny them.  The cited legal authority speaks for itself. State Defendants deny all remaining allegations in this Paragraph.

182.   State Defendants deny the allegations in Paragraph 182.

183.   State Defendants deny the allegations in Paragraph 183.

**4. Plaintiff LANG**

184.   State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations in Paragraph 184 and deny them on that basis.

185.   State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations in Paragraph 185 and deny them on that basis.

186.   State Defendants deny the allegations in Paragraph 186.

187.   Paragraph 187 sets forth legal conclusions to which no response is required, and State Defendants therefore deny them.  The cited legal authority speaks for itself. State Defendants deny all remaining allegations in this Paragraph.

188.   State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations in Paragraph 188 and deny them on that basis.

189.   State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations in Paragraph 189 and deny them on that basis.

190.   Paragraph 190 sets forth legal conclusions to which no response is required, and State Defendants therefore deny them.  The cited legal authority speaks for itself. State Defendants deny all remaining allegations in this Paragraph.

191.   State Defendants deny the allegations in Paragraph 191.

192.   State Defendants deny the allegations in Paragraph 192.

193.   Paragraph 193 sets forth legal conclusions to which no response is required, and State Defendants therefore deny them.  SB 202 speaks for itself. State Defendants deny all remaining allegations in this Paragraph.

### 5.  Plaintiff PULLAR

194.   State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations in Paragraph 194 and deny them on that basis.

195.   State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations in Paragraph 195 and deny them on that basis.

196.   State Defendants admit that Clayton County has been the subject of an investigation for potential violations of the election code. State Defendants disputes the characterization of SB 202 made in this paragraph and therefore denies the remaining allegations.

197.   State Defendants deny the allegations set forth in Paragraph 197 of the Amended Complaint.

198.   Paragraph 198 sets forth legal conclusions to which no response is required, and State Defendants therefore deny them.  The cited legal authority speaks for itself. State Defendants deny all remaining allegations in this Paragraph.

199.   State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations in Paragraph 199 and deny them on that basis.

200.   State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations in Paragraph 200 and deny them on that basis.

201.   Paragraph 201 sets forth legal conclusions to which no response is required, and State Defendants therefore deny them.  The cited legal authority speaks for itself. State Defendants deny all remaining allegations in this Paragraph.

202.   State Defendants deny the allegations in Paragraph 202.

203.   State Defendants deny the allegations in Paragraph 203.

### 6. Plaintiff MCNICHOLS

204.   State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations in Paragraph 204 and deny them on that basis.

205.   State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations in Paragraph 205 and deny them on that basis.

206.   State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations in Paragraph 206 and deny them on that basis.

207.   State Defendants admit that the Secretary regularly opens investigations regarding allegations of improper conduct by election officials and voters. State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations in Paragraph 207.

208.   State Defendants deny the allegations in Paragraph 208.

209.   Paragraph 209 sets forth legal conclusions to which no response is required, and State Defendants therefore deny them.  The cited legal authority speaks for itself. State Defendants deny all remaining allegations in this Paragraph.

210.   State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations in Paragraph 210 and deny them on that basis.

211.   State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations in Paragraph 211 and deny them on that basis.

212.   Paragraph 212 sets forth legal conclusions to which no response is required, and State Defendants therefore deny them.  The cited legal authority speaks for itself. State Defendants deny all remaining allegations in this Paragraph.

213.   State Defendants deny the allegations in Paragraph 213.

214.   State Defendants deny the allegations in Paragraph 214.

### 7.  Plaintiff JACKSON COUNTY DEMOCRATIC COMMITTEE

215.   State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 215.

216.   State Defendants admit that the Secretary regularly opens investigations regarding allegations of improper conduct by election officials and voters. State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 216.

217.    Paragraph 217 sets forth legal conclusions to which no response is required, and State Defendants therefore deny them.  The cited statutory authority speaks for itself. State Defendants deny all remaining allegations in this Paragraph.

### 8.  Plaintiff GEORGIA ADVANCING PROGRESS POLITICAL ACTION COMMITTEE

218.   State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations in Paragraph 218 and deny them on that basis.

219.   State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations in Paragraph 219 and deny them on that basis.

220.   State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations in Paragraph 220 and deny them on that basis.

221.   State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations in Paragraph 221 and deny them on that basis.

222.   State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations in Paragraph 222 and deny them on that basis.

223.   Paragraph 223 sets forth legal conclusions to which no response is required, and State Defendants therefore deny them. State Defendants deny all remaining allegations in this Paragraph.

224.   State Defendants deny that any provisions of SB 202 are unconstitutional. State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the remaining allegations in Paragraph 224 and deny them on that basis.

225.   State Defendants deny the allegations contained in this Paragraph 225.

226.   State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations in Paragraph 226 and deny them on that basis.

### 9. Plaintiff GRAHAM

227.   State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations in Paragraph 227 and deny them on that basis.

228.   State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations in Paragraph 228 and deny them on that basis.

229.   Paragraph 229 contains legal conclusions, not allegations of fact, to which no response is required. State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the remaining allegations in Paragraph 229.

230.   State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations in Paragraph 230 and deny them on that basis.

231.   Paragraph 231 sets forth legal conclusions to which no response is required, and State Defendants therefore deny them.  The cited legal authority speaks for itself. State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the remaining allegations in Paragraph 109 and deny them on that basis.

232.   Paragraph 232 sets forth legal conclusions to which no response is required, and State Defendants therefore deny them. State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the remaining allegations in Paragraph 232 and deny them on that basis.

233.   State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations in Paragraph 233 and deny them on that basis. State Defendants deny the allegation in the first sentence of Paragraph 233 as speculative.

234.   Paragraph 234 sets forth legal conclusions to which no response is required, and State Defendants therefore deny them. State Defendants deny all remaining allegations in this Paragraph.

235.   State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations in Paragraph 235 and deny them on that basis.

236.   State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations in Paragraph 236 regarding Plaintiff Graham's voting habits and deny them on that basis. State Defendants deny all remaining allegations in this Paragraph.

237.   State Defendants admit the first sentence of Paragraph 237. The second sentence is Plaintiffs' characterization of the Secretary's actions to which no response is required and is denied on that basis.

238.   State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations in Paragraph 238 and deny them on that basis.

239.   Paragraph 239 sets forth legal conclusions to which no response is required, and State Defendants therefore deny them.  The cited legal authority speaks for itself. State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the remaining allegations in Paragraph 239 and deny them on that basis.

**10.   Plaintiff MARTIN**

240.   State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations in Paragraph 240 and deny them on that basis.

241.   State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations in Paragraph 241 and deny them on that basis.  State Defendants state that the web link in footnote 7 produces a "page not found" error message.

242.   State Defendants admit that the Secretary regularly opens investigations regarding allegations of improper conduct by election officials and voters, including Plaintiff Martin. State Defendants deny the remaining allegations in this paragraph.

243.   State Defendants deny the allegations in Paragraph 243.

244.   State Defendants deny that Plaintiff Martin is at risk of being arbitrarily accused of a felony. State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the remaining allegations in Paragraph 244 and deny them on that basis.

245.   State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations in Paragraph 245 and deny them on that basis.

246.   State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations in Paragraph 246 and deny them on that basis.

247.   Paragraph 247 sets forth legal conclusions to which no response is required, and State Defendants therefore deny them.  The cited legal authority speaks for itself. State Defendants deny all remaining allegations in this Paragraph.

248.   State Defendants admit that Secretary Raffensperger has called for more oversight of Fulton County elections in light of its history. State Defendants deny the remaining allegations contained in this paragraph.

249.   State Defendants deny the allegations in Paragraph 249.

250.   State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations in Paragraph 250 and deny them on that basis.

251.   Paragraph 251 sets forth legal conclusions to which no response is required, and State Defendants therefore deny them.  The cited legal authority speaks for itself. State Defendants deny all remaining allegations in this Paragraph.

252.   State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations in Paragraph 252 regarding Plaintiff Martin's experience with absentee ballots and deny them on that basis. State Defendants deny all remaining allegations in this Paragraph.

52

### 11.    Plaintiff DUFORT

253.   State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations in Paragraph 253 and deny them on that basis.

254.   State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations in Paragraph 254 and deny them on that basis.

255.   State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations in Paragraph 255 and deny them on that basis.

256.   State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations in Paragraph 256 and deny them on that basis.

257.   State Defendants deny that Plaintiff Dufort is at risk of being accused of a felony. State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the remaining allegations in Paragraph 257 and deny them on that basis.

258.   Paragraph 258 sets forth legal conclusions to which no response is required, and State Defendants therefore deny them.  The cited legal authority speaks for itself. State Defendants lack sufficient knowledge or information

with which to form a belief as to the truth of the allegations in Paragraph 258 regarding what will deter Plaintiff Dufort and deny them on that basis. State Defendants deny all remaining allegations in this Paragraph.

259.  State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations in Paragraph 259 regarding what will deter Plaintiff Dufort and deny them on that basis. State Defendants deny all remaining allegations in this Paragraph.

260.  Paragraph 260 sets forth legal conclusions to which no response is required, and State Defendants therefore deny them.  SB 202 speaks for itself. State Defendants deny that SB 202 makes reporting scanner problems a misdemeanor. State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the remaining allegations in Paragraph 260 and deny them on that basis.

261.  State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations in Paragraph 261 and deny them on that basis.

262.  Paragraph 262 sets forth legal conclusions to which no response is required, and State Defendants therefore deny them.  The cited legal authority speaks for itself. State Defendants deny all remaining allegations in this Paragraph.

263.   State Defendants deny the allegations in Paragraph 263.

264.   State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations in Paragraph 264 and deny them on that basis.

265.   Paragraph 265 sets forth legal conclusions to which no response is required, and State Defendants therefore deny them.  The cited legal authority speaks for itself. State Defendants deny all remaining allegations in this Paragraph.

266.   State Defendants deny the allegations in Paragraph 266.

267.   State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations in Paragraph 267 and deny them on that basis.

### 12.    Plaintiff NAKAMURA

268.   State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations in Paragraph 268 and deny them on that basis.

269.   State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations in Paragraph 269 and deny them on that basis.

270.   State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations in Paragraph 270 and deny them on that basis.

271.   State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations in Paragraph 271 and deny them on that basis.

272.   Paragraph 272 sets forth legal conclusions to which no response is required, and State Defendants therefore deny them.  The cited legal authority speaks for itself. State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations in Paragraph 272 and deny them on that basis.

273.   State Defendants deny the allegations in Paragraph 273.

274.   Paragraph 274 sets forth legal conclusions to which no response is required, and State Defendants therefore deny them.  The cited legal authority speaks for itself. State Defendants deny all remaining allegations in this Paragraph.

275.   State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations in Paragraph 275 and deny them on that basis.

276.   State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations in Paragraph 276 and deny them on that basis.

277.   Paragraph 277 sets forth legal conclusions to which no response is required, and State Defendants therefore deny them.  The cited legal authority speaks for itself. State Defendants deny all remaining allegations in this Paragraph.

278.   State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations relating to Plaintiff Nakamura's experience with absentee ballots in Paragraph 278 and deny them on that basis. State Defendants deny all remaining allegations in this Paragraph.

279.   State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations regarding Plaintiff Nakamura's health status in Paragraph 279 and deny them on that basis. State Defendants deny all remaining allegations in this Paragraph.

## 13.   Plaintiff THROOP

280.   State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations in Paragraph 280 and deny them on that basis.

281.   State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations in Paragraph 281 and deny them on that basis.

282.   State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations in Paragraph 282 and deny them on that basis.

283.   State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations in Paragraph 283 and deny them on that basis.

284.   State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations in Paragraph 284 and deny them on that basis.

285.   State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations in Paragraph 285 and deny them on that basis.

286.   Paragraph 286 sets forth legal conclusions to which no response is required, and State Defendants therefore deny them.  The cited legal authority speaks for itself. State Defendants deny all remaining allegations in this Paragraph.

287.   State Defendants admit that DeKalb County has been the subject of ongoing investigations for potential violations of the election code, and that the State Election Board has referred several cases to the Attorney General's office for further civil legal action. Secretary Raffensperger's comments speak for themselves. State Defendants deny the remaining allegations set forth in Paragraph 287.

288.   State Defendants deny the allegations in Paragraph 288.

289.   State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations in Paragraph 289 and deny them on that basis.

290.   Paragraph 290 sets forth legal conclusions to which no response is required, and State Defendants therefore deny them. The cited legal authority speaks for itself. State Defendants deny all remaining allegations in this Paragraph.

291.   State Defendants deny the allegations in Paragraph 291.

292.   State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations in Paragraph 292 and deny them on that basis.

14.    **Plaintiff FRIEDMAN**

293.   Paragraph 293 sets forth legal conclusions to which no response is required, and State Defendants therefore deny them.  The cited legal authority speaks for itself. State Defendants deny all remaining allegations in this Paragraph.

294.   State Defendants deny the allegations in Paragraph 294.

295.   Paragraph 295 sets forth legal conclusions to which no response is required, and State Defendants therefore deny them. State Defendants deny all remaining allegations in this Paragraph.

296.   Paragraph 296 sets forth legal conclusions to which no response is required, and State Defendants therefore deny them. State Defendants deny all remaining allegations in this Paragraph.

297.   State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations in Paragraph 297 and deny them on that basis.

298.   State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations in Paragraph 298 and deny them on that basis.

299.   Paragraph 299 sets forth legal conclusions to which no response is required, and State Defendants therefore deny them.  The cited legal authority

speaks for itself. State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the remaining allegations in Paragraph 299 and deny them on that basis.

300.   Paragraph 300 sets forth legal conclusions to which no response is required, and State Defendants therefore deny them. State Defendants deny all remaining allegations in this Paragraph.

301.   Paragraph 301 sets forth legal conclusions to which no response is required, and State Defendants therefore deny them. State Defendants deny all remaining allegations in this Paragraph.

## C. Plaintiff CGG's Associational Standing

### 1. Elements of CGG's Associational Standing

302.   Paragraph 302 sets forth legal conclusions to which no response is required, and State Defendants therefore deny them. State Defendants deny all remaining allegations in this Paragraph.

303.   State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations in Paragraph 303 and deny them on that basis.

304.   Paragraph 304 sets forth legal conclusions to which no response is required, and State Defendants therefore deny them. State Defendants deny all remaining allegations in this Paragraph.

### 2. Individual Standing of Plaintiff Members of CGG

305.   Paragraph 305 sets forth legal conclusions to which no response is required, and State Defendants therefore deny them. State Defendants deny all remaining allegations in this Paragraph.

306.   State Defendants admit that CGG's Executive Director, a Board Member, and an expert used in litigation by CGG are under investigation. State Defendants deny all remaining allegations in this Paragraph.

### 3. Individual Standing of Non-Plaintiff Members of CGG

307.   State Defendants deny the allegations in Paragraph 307.

308.   Paragraph 308 sets forth legal conclusions to which no response is required, and State Defendants therefore deny them.  The cited legal authority speaks for itself. State Defendants deny all remaining allegations in this Paragraph.

309.   Paragraph 309 sets forth legal conclusions to which no response is required, and State Defendants therefore deny them.  The cited legal authority speaks for itself. State Defendants deny all remaining allegations in this Paragraph.

310.   Paragraph 310 sets forth legal conclusions to which no response is required, and State Defendants therefore deny them.  The cited legal authority

speaks for itself. State Defendants deny all remaining allegations in this Paragraph.

311.   State Defendants deny the allegations in Paragraph 311.

312.   State Defendants deny the allegations in Paragraph 312.

313.   State Defendants deny the allegations in Paragraph 313.

314.   State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations in Paragraph 314 and deny them on that basis.

315.   State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations in Paragraph 315 and deny them on that basis.

316.   State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations in Paragraph 316 and deny them on that basis.

317.   State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations in Paragraph 317 regarding the characteristics of members of Plaintiff CGG and deny them on that basis. State Defendants deny all remaining allegations in this Paragraph.

318.   State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations in Paragraph 318

regarding the characteristics of members of Plaintiff CGG and deny them on that basis. State Defendants deny all remaining allegations in this Paragraph.

319.   Paragraph 319 sets forth legal conclusions to which no response is required, and State Defendants therefore deny them.  The cited legal authority speaks for itself. State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations in Paragraph 319 regarding the characteristics of members of Plaintiff CGG and deny them on that basis. State Defendants deny all remaining allegations in this Paragraph.

320.   State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations in Paragraph 320 and deny them on that basis.

321.   State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations in Paragraph 321 and deny them on that basis.

322.   State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations in Paragraph 322 regarding the characteristics of members of Plaintiff CGG and deny them on that basis. State Defendants deny all remaining allegations in this Paragraph.

323.   State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations in Paragraph 323

regarding the characteristics of members of Plaintiff CGG and deny them on that basis. State Defendants deny all remaining allegations in this Paragraph.

324.   State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations in Paragraph 324 regarding the characteristics and beliefs of members of Plaintiff CGG and deny them on that basis. State Defendants deny all remaining allegations in this Paragraph.

325.   State Defendants deny the allegations in Paragraph 325.

**D. Plaintiff JCDC's Associational Standing**

   **1.  Elements of JCDC's Associational Standing**

326.   State Defendants deny the allegations in Paragraph 326.

327.   State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations in Paragraph 327 and deny them on that basis.

328.   State Defendants deny the allegations in Paragraph 328.

   **2.  Individual Standing of Plaintiff Members of JCDC**

329.   State Defendants deny the allegations in Paragraph 329.

### 3.  Individual Standing of Non-Plaintiff Members of JCDC

330.  State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations in Paragraph 330 and deny them on that basis.

331.  Paragraph 331 sets forth legal conclusions to which no response is required, and State Defendants therefore deny them.  The cited legal authority speaks for itself. State Defendants deny all remaining allegations in this Paragraph.

332.  Paragraph 332 sets forth legal conclusions to which no response is required, and State Defendants therefore deny them. State Defendants deny all remaining allegations in this Paragraph.

333.  Paragraph 333 sets forth legal conclusions to which no response is required, and State Defendants therefore deny them.  The cited legal authority speaks for itself. State Defendants deny all remaining allegations in this Paragraph.

334.  State Defendants deny the allegations in Paragraph 334.

335.  State Defendants deny the allegations in Paragraph 335.

336.  State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations in Paragraph 336 and deny them on that basis.

337.   State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations in Paragraph 337 and deny them on that basis.

338.   State Defendants deny the allegations in Paragraph 338.

339.   State Defendants deny the allegations in Paragraph 339.

340.   State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations in Paragraph 340 and deny them on that basis.

341.   Paragraph 341 sets forth legal conclusions to which no response is required, and State Defendants therefore deny them.  The cited legal authority speaks for itself. State Defendants deny all remaining allegations in this Paragraph.

342.   Paragraph 342 sets forth legal conclusions to which no response is required, and State Defendants therefore deny them.  The cited legal authority speaks for itself. State Defendants deny all remaining allegations in this Paragraph.

343.   State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations in Paragraph 343 and deny them on that basis.

344.   State Defendants deny the allegations in Paragraph 344.

345.   State Defendants deny the allegations in Paragraph 345.

346.   State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations in Paragraph 346 and deny them on that basis.

347.   State Defendants deny the allegations in Paragraph 347.

**E. Plaintiff GAPPAC's Associational Standing**

    **1. Elements of GAPPAC's Associational Standing**

348.   State Defendants deny the allegations in Paragraph 348.

349.   State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations in Paragraph 349 and deny them on that basis.

350.   State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations in Paragraph 350 and deny them on that basis.

    **2. Individual Standing of Plaintiff Members of GAPPAC**

351.   State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations in Paragraph 351 regarding Plaintiff Nakamura's status as a member of Plaintiff GAPPAC and deny them on that basis. State Defendants deny all remaining allegations in this Paragraph.

### 3.  Individual Standing of Non-Plaintiff Members of GAPPAC

352.  State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations in Paragraph 352 regarding the characteristics of members of Plaintiff GAPPAC and deny them on that basis. State Defendants deny all remaining allegations in this Paragraph.

353.  Paragraph 353 sets forth legal conclusions to which no response is required, and State Defendants therefore deny them.  The cited legal authority speaks for itself. State Defendants deny all remaining allegations in this Paragraph.

354.  Paragraph 354 sets forth legal conclusions to which no response is required, and State Defendants therefore deny them.  The cited legal authority speaks for itself. State Defendants deny all remaining allegations in this Paragraph.

355.  State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations in Paragraph 355 and deny them on that basis.

356.  State Defendants deny the allegations in Paragraph 356.

357.  State Defendants deny the allegations in Paragraph 357.

358.   State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations in Paragraph 358 and deny them on that basis.

359.   State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations in Paragraph 359 and deny them on that basis.

360.   State Defendants deny the allegations in Paragraph 360.

361.   State Defendants deny the allegations in Paragraph 361.

**F. Causation**

362.   State Defendants deny the allegations in Paragraph 362.

363.   State Defendants deny the allegations in Paragraph 363.

364.   Paragraph 364 sets forth legal conclusions to which no response is required, and State Defendants therefore deny them.  The cited legal authority speaks for itself. State Defendants deny all remaining allegations in this Paragraph.

## VII.  CLAIMS

365.   Paragraph 365 alleges no facts but only defines collective terms to be used for plaintiffs.  No response is necessary.

### A. TAKEOVER PROVISION CLAIMS

### COUNT I
### Violations of Procedural Due Process (U.S. Const. Amend. XIV)
### 42 U.S.C. § 1983 and 28 U.S.C. § 2201
### (The Board Member Plaintiffs against All Defendants)

366.   State Defendants incorporate and restate their responses to Plaintiffs' preceding allegations here.

367.   State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations in Paragraph 367 and deny them on that basis.

368.   State Defendants deny the allegations in Paragraph 368.

369.   Paragraph 369 sets forth legal conclusions to which no response is required, and State Defendants therefore deny them.  SB 202 speaks for itself. State Defendants deny all remaining allegations in this Paragraph.

370.   Paragraph 370 sets forth legal conclusions to which no response is required, and State Defendants therefore deny them.  SB 202 speaks for itself. State Defendants deny all remaining allegations in this Paragraph.

371.   Paragraph 371 sets forth legal conclusions to which no response is required, and State Defendants therefore deny them.  SB 202 speaks for itself. State Defendants deny all remaining allegations in this Paragraph.

372.   Paragraph 372 sets forth legal conclusions to which no response is required, and State Defendants therefore deny them.  SB 202 speaks for itself. State Defendants deny all remaining allegations in this Paragraph.

373.   Paragraph 373 sets forth legal conclusions to which no response is required, and State Defendants therefore deny them.  SB 202 speaks for itself. State Defendants deny all remaining allegations in this Paragraph.

374.   Paragraph 374 sets forth legal conclusions to which no response is required, and State Defendants therefore deny them.  SB 202 speaks for itself. State Defendants deny all remaining allegations in this Paragraph. State Defendants deny that the Board Member Plaintiffs are entitled to any relief.

**COUNT II**
**Violations of Substantive Due Process (U.S. Const. Amend. XIV)**
**42 U.S.C. § 1983 and 28 U.S.C. § 2201**
**(The Board Member Plaintiffs and the**
**Voter Plaintiffs against All Defendants)**

375.   State Defendants incorporate and restate their responses to Plaintiffs' preceding allegations here.

376.   Paragraph 376 sets forth legal conclusions to which no response is required, and State Defendants therefore deny them.

377.  Paragraph 377 sets forth legal conclusions to which no response is required, and State Defendants therefore deny them.  The cited legal authority speaks for itself.

378.  Paragraph 378 sets forth legal conclusions to which no response is required, and State Defendants therefore deny them.  The cited legal authority speaks for itself.

379.  Paragraph 379 sets forth legal conclusions to which no response is required, and State Defendants therefore deny them.

380.  Paragraph 380 sets forth legal conclusions to which no response is required, and State Defendants therefore deny them.

381.  Paragraph 381 sets forth legal conclusions to which no response is required, and State Defendants therefore deny them. State Defendants deny all remaining allegations in this Paragraph.

382.  Paragraph 382 sets forth legal conclusions to which no response is required, and State Defendants therefore deny them.  The cited legal authority speaks for itself. State Defendants deny all remaining allegations in this Paragraph.

383.  Paragraph 383 sets forth legal conclusions to which no response is required, and State Defendants therefore deny them. State Defendants deny all remaining allegations in this Paragraph.

73

384.   Paragraph 384 sets forth legal conclusions to which no response is required, and State Defendants therefore deny them. State Defendants deny all remaining allegations in this Paragraph.

385.   Paragraph 385 sets forth legal conclusions to which no response is required, and State Defendants therefore deny them. State Defendants deny all remaining allegations in this Paragraph.

386.   Paragraph 386 sets forth legal conclusions to which no response is required, and State Defendants therefore deny them. State Defendants deny all remaining allegations in this Paragraph.

387.   Paragraph 387 sets forth legal conclusions to which no response is required, and State Defendants therefore deny them. State Defendants deny all remaining allegations in this Paragraph.

388.   Paragraph 388 sets forth legal conclusions to which no response is required, and State Defendants therefore deny them.  The cited legal authority speaks for itself. State Defendants deny all remaining allegations in this Paragraph.

389.   Paragraph 389 sets forth legal conclusions to which no response is required, and State Defendants therefore deny them. State Defendants deny all remaining allegations in this Paragraph.

390.   Paragraph 390 sets forth legal conclusions to which no response is required, and State Defendants therefore deny them. State Defendants deny all remaining allegations in this Paragraph.

391.   Paragraph 391 sets forth legal conclusions to which no response is required, and State Defendants therefore deny them.  The cited legal authority speaks for itself. State Defendants deny all remaining allegations in this Paragraph. State Defendants deny that Plaintiffs are entitled to any relief.

## B. INDIVIDUAL FEDERAL CLAIMS

### COUNT III
### Violations of Substantive Due Process & Fundamental Right to Vote
### (U.S. Const. Amend. XIV)
### 42 U.S.C. § 1983 and 28 U.S.C. § 2201
### (Voter Plaintiffs against All Defendants)

392.   State Defendants incorporate and restate their responses to Plaintiffs' preceding allegations here.

393.   Paragraph 393 sets forth legal conclusions to which no response is required, and State Defendants deny them on that basis.

394.   Paragraph 394 sets forth legal conclusions to which no response is required, and State Defendants therefore deny them. State Defendants deny all remaining allegations in this Paragraph.

395.   Paragraph 395 sets forth legal conclusions to which no response is required, and State Defendants therefore deny them. State Defendants deny all remaining allegations in this Paragraph.

396.   Paragraph 396 sets forth legal conclusions to which no response is required, and State Defendants therefore deny them. State Defendants deny all remaining allegations in this Paragraph.

397.   Paragraph 397 sets forth legal conclusions to which no response is required, and State Defendants therefore deny them. State Defendants deny all remaining allegations in this Paragraph.

398.   Paragraph 398 sets forth legal conclusions to which no response is required, and State Defendants therefore deny them. State Defendants deny all remaining allegations in this Paragraph. State Defendants deny that the Voter Plaintiffs are entitled to any relief.

## COUNT IV
### Violations of Substantive Due Process & Fundamental Right to Vote
### (U.S. Const. Amend. XIV)
### 42 U.S.C. § 1983 and 28 U.S.C. § 2201
### (Voter Plaintiffs against All Defendants)

399.   State Defendants incorporate and restate their responses to Plaintiffs' preceding allegations here.

400.   Paragraph 400 sets forth legal conclusions to which no response is required, and State Defendants therefore deny them.  The cited statutory

provision speaks for itself. State Defendants deny all remaining allegations in this Paragraph.

401.   State Defendants deny the allegations in Paragraph 401.

402.   State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations in Paragraph 402 and deny them on that basis.

403.   State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations in Paragraph 403 and deny them on that basis.

404.   State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations in Paragraph 404 and deny them on that basis.

405.   Paragraph 405 sets forth legal conclusions to which no response is required, and State Defendants therefore deny them.  The cited legal authority speaks for itself. State Defendants deny all remaining allegations in this Paragraph.

406.   Paragraph 406 sets forth legal conclusions to which no response is required, and State Defendants therefore deny them. State Defendants deny all remaining allegations in this Paragraph.

407.   Paragraph 407 sets forth legal conclusions to which no response is required, and State Defendants therefore deny them. State Defendants deny all remaining allegations in this Paragraph.

408.   Paragraph 408 sets forth legal conclusions to which no response is required, and State Defendants therefore deny them. State Defendants deny all remaining allegations in this Paragraph.

409.   Paragraph 409 sets forth legal conclusions to which no response is required, and State Defendants therefore deny them. State Defendants deny all remaining allegations in this Paragraph.

410.   Paragraph 410 sets forth legal conclusions to which no response is required, and State Defendants therefore deny them. State Defendants deny all remaining allegations in this Paragraph. State Defendants further deny that the Voter Plaintiffs are entitled to any relief.

**COUNT V**
**Violation of Due Process – Void for Vagueness**
**(U.S. Const. Amend. XIV)**
**42 U.S.C. § 1983 and 28 U.S.C. § 2201**
**(Voter Plaintiffs against All Defendants)**

411.  State Defendants incorporate and restate their responses to Plaintiffs' preceding allegations here.

412.  Paragraph 412 sets forth legal conclusions to which no response is required, and State Defendants therefore deny them. State Defendants deny all remaining allegations in this Paragraph.

413.  Paragraph 413 sets forth legal conclusions to which no response is required, and State Defendants therefore deny them. State Defendants deny all remaining allegations in this Paragraph.

414.  Paragraph 414 sets forth legal conclusions to which no response is required, and State Defendants therefore deny them. State Defendants deny all remaining allegations in this Paragraph.

415.  Paragraph 415 sets forth legal conclusions to which no response is required, and State Defendants therefore deny them. State Defendants deny all remaining allegations in this Paragraph.

416.  Paragraph 416 sets forth legal conclusions to which no response is required, and State Defendants therefore deny them. State Defendants deny

all remaining allegations in this Paragraph. State Defendants further deny that the Voter Plaintiffs are entitled to any relief.

## COUNT VI
### Unlawful Voter Intimidation (52 U.S.C. § 10307)
### 42 U.S.C. § 1983 and 28 U.S.C. § 2201
### (Voter Plaintiffs against All Defendants)

417.   State Defendants incorporate and restate their responses to Plaintiffs' preceding allegations here.

418.   Paragraph 418 sets forth legal conclusions to which no response is required, and State Defendants therefore deny them.  SB 202 speaks for itself. State Defendants deny all remaining allegations in this Paragraph.

419.   Paragraph 419 sets forth legal conclusions to which no response is required, and State Defendants therefore deny them. State Defendants deny all remaining allegations in this Paragraph.

420.   Paragraph 420 sets forth legal conclusions to which no response is required, and State Defendants therefore deny them. State Defendants deny all remaining allegations in this Paragraph.

421.   State Defendants deny the allegations in Paragraph 421.

422.   Paragraph 422 sets forth legal conclusions to which no response is required, and State Defendants therefore deny them. State Defendants deny all remaining allegations in this Paragraph.

423.   State Defendants deny the allegations contained in Paragraph 423.

424.   Paragraph 424 sets forth legal conclusions to which no response is required, and State Defendants therefore deny them. State Defendants deny all remaining allegations in this Paragraph.

425.   Paragraph 425 sets forth legal conclusions to which no response is required, and State Defendants therefore deny them. State Defendants deny all remaining allegations in this Paragraph. State Defendants further deny that the Voter Plaintiffs are entitled to any relief.

## COUNT VII
### Violation of First Amendment (U.S. Const. Amend. I)
### 42 U.S.C. § 1983 and 28 U.S.C. § 2201
### (All Plaintiffs against All Defendants)

426.   State Defendants incorporate and restate their responses to Plaintiffs' preceding allegations here.

427.   Paragraph 427 sets forth legal conclusions to which no response is required, and State Defendants therefore deny them.  The cited provision of SB 202 speaks for itself. State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations in Paragraph 427 regarding Plaintiffs' past intent and deny them on that basis.

428.   The first sentence of Paragraph 428 is an admission by Plaintiffs to which no response is required.  Paragraph 428 sets forth legal conclusions to which no response is required, and State Defendants therefore deny them. SB 202 speaks for itself.

429.   Paragraph 429 sets forth legal conclusions to which no response is required, and State Defendants therefore deny them. State Defendants deny all remaining allegations in this Paragraph.

430.   Paragraph 430 sets forth legal conclusions to which no response is required, and State Defendants therefore deny them. State Defendants deny all remaining allegations in this Paragraph.

431.   Paragraph 431 sets forth legal conclusions to which no response is required, and State Defendants therefore deny them.

432.   Paragraph 432 sets forth legal conclusions to which no response is required, and State Defendants therefore deny them. State Defendants deny all remaining allegations in this Paragraph.

433.   Paragraph 433 sets forth legal conclusions to which no response is required, and State Defendants therefore deny them. State Defendants deny all remaining allegations in this Paragraph.

434.   Paragraph 434 sets forth legal conclusions to which no response is required, and State Defendants therefore deny them. State Defendants deny

all remaining allegations in this Paragraph. State Defendants further deny that Plaintiffs are entitled to any relief.

**COUNT VIII**
**Violations of Due Process – Void for Vagueness**
**(U.S. Const. Amend. XIV)**
**42 U.S.C. § 1983 and 28 U.S.C. § 2201**
**(All Plaintiffs against All Defendants)**

435. State Defendants incorporate and restate their responses to Plaintiffs' preceding allegations here.

436. Paragraph 436 sets forth legal conclusions to which no response is required, and State Defendants therefore deny them.  The cited statutory provisions speak for themselves. State Defendants deny all remaining allegations in this Paragraph. State Defendants further deny the characterization of the cited provisions of Georgia law as "Estimating Bans" in this Paragraph and any other in the Amended Complaint containing that characterization.

437. Paragraph 437 sets forth legal conclusions to which no response is required, and State Defendants therefore deny them.

438. Paragraph 438 sets forth legal conclusions to which no response is required, and State Defendants therefore deny them.

439. Paragraph 439 sets forth legal conclusions to which no response is required, and State Defendants therefore deny them.

83

440.   Paragraph 440 sets forth legal conclusions to which no response is required, and State Defendants therefore deny them.

441.   Paragraph 441 sets forth legal conclusions to which no response is required, and State Defendants therefore deny them. State Defendants deny all remaining allegations in this Paragraph.

442.   Paragraph 442 sets forth legal conclusions to which no response is required, and State Defendants therefore deny them. State Defendants deny all remaining allegations in this Paragraph. State Defendants further deny that Plaintiffs are entitled to any relief.

## COUNT IX
### Violation of First Amendment (U.S. Const. Amend. I)
### 42 U.S.C. § 1983 and 28 U.S.C. § 2201
### (All Plaintiffs against All Defendants)

443.   State Defendants incorporate and restate their responses to Plaintiffs' preceding allegations here.

444.   Paragraph 444 sets forth legal conclusions to which no response is required, and State Defendants therefore deny them.  The cited statutory provision speaks for itself.

445.   Paragraph 445 sets forth legal conclusions to which no response is required, and State Defendants therefore deny them. State Defendants admit

that press coverage has included photographs of voters voting and officials counting ballots.

446.   Paragraph 446 sets forth legal conclusions to which no response is required, and State Defendants therefore deny them.

447.   Paragraph 447 sets forth legal conclusions to which no response is required, and State Defendants therefore deny them. State Defendants deny any remaining allegations in this Paragraph.

448.   Paragraph 448 sets forth legal conclusions to which no response is required, and State Defendants therefore deny them. State Defendants deny any remaining allegations in this Paragraph.

449.   Paragraph 449 sets forth legal conclusions to which no response is required, and State Defendants therefore deny them. State Defendants deny any remaining allegations in this Paragraph. State Defendants further deny that Plaintiffs are entitled to any relief.

**COUNT X**
**Violations of Due Process – Void for Vagueness**
**(U.S. Const. Amend. XIV)**
**42 U.S.C. § 1983 and 28 U.S.C. § 2201**
**(All Plaintiffs against All Defendants)**

450.   State Defendants incorporate and restate their responses to Plaintiffs' preceding allegations here.

451.   Paragraph 451 sets forth legal conclusions to which no response is required, and State Defendants therefore deny them.

452.   Paragraph 452 sets forth legal conclusions to which no response is required, and State Defendants therefore deny them. State Defendants admit that the press has published photographs of ballots and voters standing at voting machines. State Defendants deny all remaining allegations in this Paragraph.

453.   Paragraph 453 sets forth legal conclusions to which no response is required, and State Defendants therefore deny them. State Defendants deny all remaining allegations in this Paragraph.

454.   Paragraph 454 sets forth legal conclusions to which no response is required, and State Defendants therefore deny them. State Defendants deny all remaining allegations in this Paragraph.

455.   Paragraph 455 sets forth legal conclusions to which no response is required, and State Defendants therefore deny them. State Defendants deny all remaining allegations in this Paragraph.

456.   Paragraph 456 sets forth legal conclusions to which no response is required, and State Defendants therefore deny them. State Defendants deny all remaining allegations in this Paragraph. State Defendants further deny that Plaintiffs are entitled to any relief.

**COUNT XI**
**Violations of Substantive Due Process & Fundamental Right to Vote**
**(U.S. Const. Amend. XIV)**
**42 U.S.C. § 1983 and 28 U.S.C. § 2201**
**(By the Voter Plaintiffs against All Defendants)**

457.   State Defendants incorporate and restate their responses to Plaintiffs' preceding allegations here.

458.   Paragraph 458 sets forth legal conclusions to which no response is required, and State Defendants therefore deny them.   The cited statutory provision speaks for itself. State Defendants admit that SB 202 changed the identification required for an absentee ballot.

459.   State Defendants deny the allegations in Paragraph 459.

460.   Paragraph 460 sets forth legal conclusions to which no response is required, and State Defendants therefore deny them.

461.   Paragraph 461 sets forth legal conclusions to which no response is required, and State Defendants therefore deny them. State Defendants deny all remaining allegations in this Paragraph.

462.   Paragraph 462 sets forth legal conclusions to which no response is required, and State Defendants therefore deny them. State Defendants deny all remaining allegations in this Paragraph.

463.   Paragraph 463 sets forth legal conclusions to which no response is required, and State Defendants therefore deny them. State Defendants deny all

remaining allegations in this Paragraph. State Defendants further deny that Plaintiffs are entitled to any relief.

## COUNT XII
### Violations of Substantive Due Process & Fundamental Right to Vote
### (U.S. Const. Amend. XIV)
### 42 U.S.C. § 1983 and 28 U.S.C. § 2201
### (By the Voter Plaintiffs against All Defendants)

464.   State Defendants incorporate and restate their responses to Plaintiffs' preceding allegations here.

465.   Paragraph 465 sets forth legal conclusions to which no response is required, and State Defendants therefore deny them. State Defendants deny all remaining allegations in this Paragraph.

466.   State Defendants admit the allegations in Paragraph 466.

467.   State Defendants deny the allegations in Paragraph 467.

468.   State Defendants deny the allegations in Paragraph 468.

469.   Paragraph 469 sets forth legal conclusions to which no response is required, and State Defendants therefore deny them. State Defendants deny all remaining allegations in this Paragraph.

470.   Paragraph 470 sets forth legal conclusions to which no response is required, and State Defendants therefore deny them. State Defendants deny all remaining allegations in this Paragraph.

471.   Paragraph 471 sets forth legal conclusions to which no response is required, and State Defendants therefore deny them. State Defendants deny all remaining allegations in this Paragraph.

472.   Paragraph 472 sets forth legal conclusions to which no response is required, and State Defendants therefore deny them. State Defendants deny all remaining allegations in this Paragraph.

473.   Paragraph 473 sets forth legal conclusions to which no response is required, and State Defendants therefore deny them. State Defendants deny all remaining allegations in this Paragraph. State Defendants further deny that plaintiffs are entitled to any relief.

## COUNT XIII
### Violation of Equal Protection Clause (U.S. Const. Amend. XIV)
### 42 U.S.C. § 1983 and 28 U.S.C. § 2201
### (By the Voter Plaintiffs against all Defendants)

474.   State Defendants incorporate and restate their responses to Plaintiffs' preceding allegations here.

475.   Paragraph 475 sets forth legal conclusions to which no response is required, and State Defendants therefore deny them. State Defendants deny all remaining allegations in this Paragraph.

476.   State Defendants deny the allegations in Paragraph 476.

477.   Paragraph 477 sets forth legal conclusions to which no response is required, and State Defendants therefore deny them. State Defendants deny all remaining allegations in this Paragraph.

478.   Paragraph 478 sets forth legal conclusions to which no response is required, and State Defendants therefore deny them. State Defendants deny all remaining allegations in this Paragraph.

479.   Paragraph 479 sets forth legal conclusions to which no response is required, and State Defendants therefore deny them. State Defendants deny all remaining allegations in this Paragraph. State Defendants further deny that Plaintiffs are entitled to any relief.

**COUNT XIV**
**Violation of Equal Protection Clause (U.S. Const. Amend. XIV)**
**42 U.S.C. § 1983 and 28 U.S.C. § 2201**
**(By the Voter Plaintiffs against All Defendants)**

480.   State Defendants incorporate and restate their responses to Plaintiffs' preceding allegations here.

481.   Paragraph 481 sets forth legal conclusions to which no response is required, and State Defendants therefore deny them. State Defendants deny all remaining allegations in this Paragraph.

482.   Paragraph 482 sets forth legal conclusions to which no response is required, and State Defendants therefore deny them. State Defendants deny all remaining allegations in this Paragraph.

483.   Paragraph 483 sets forth legal conclusions to which no response is required, and State Defendants therefore deny them. State Defendants deny all remaining allegations in this Paragraph.

484.   Paragraph 484 sets forth legal conclusions to which no response is required, and State Defendants therefore deny them. State Defendants deny all remaining allegations in this Paragraph. State Defendants further deny that Plaintiffs are entitled to any relief.

## PRAYER FOR RELIEF

State Defendants deny that Plaintiffs are entitled to any relief they seek. State Defendants further deny every allegation not specifically admitted in this Answer.

Respectfully submitted this 21st day of January, 2022.

Christopher M. Carr
Attorney General
Georgia Bar No. 112505
Bryan K. Webb
Deputy Attorney General
Georgia Bar No. 743580
Russell D. Willard
Senior Assistant Attorney General
Georgia Bar No. 760280
Charlene McGowan
Assistant Attorney General
Georgia Bar No. 697316
**State Law Department**
40 Capitol Square, S.W.
Atlanta, Georgia 30334

*/s/ Gene C. Schaerr*
Gene C. Schaerr*
Special Assistant Attorney General
Erik Jaffe*
H. Christopher Bartolomucci*
Brian J. Field*
Riddhi Dasgupta*
**SCHAERR | JAFFE LLP**
1717 K Street NW, Suite 900
Washington, DC 20006
(202) 787-1060
gschaerr@schaerr-jaffe.com
*Admitted pro hac vice

Bryan P. Tyson
Special Assistant Attorney General
Georgia Bar No. 515411
btyson@taylorenglish.com
Bryan F. Jacoutot
Georgia Bar No. 668272
bjacoutot@taylorenglish.com

Loree Anne Paradise
Georgia Bar No. 382202
lparadise@taylorenglish.com
**Taylor English Duma LLP**
1600 Parkwood Circle
Suite 200
Atlanta, Georgia 30339
(678) 336-7249

*Counsel for State Defendants*

## CERTIFICATE OF COMPLIANCE

Pursuant to L.R. 7.1(D), the undersigned hereby certifies that the foregoing Defendant's Answer to Plaintiffs' Amended Complaint has been prepared in Century Schoolbook 13, a font and type selection approved by the Court in L.R. 5.1(B).

*/s/ Gene C. Schaerr*
Gene C. Schaerr