IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| COALITION FOR GOOD GOVERNANCE, *et al.*,<br><br>*Plaintiffs*,<br><br>v.<br><br>BRIAN KEMP, Governor of the State of Georgia, in his official capacity, *et al.*,<br><br>*Defendants*. | CIVIL ACTION<br><br>FILE NO. 1:21-CV-02070-JPB |

**RESPONSE TO PLAINTIFFS' MOTION FOR STAY**

**INTRODUCTION**

Unlike the other SB 202 cases, Plaintiffs here have done little to prosecute their case since this Court's preliminary-injunction order in 2021. Even after Defendants previously agreed to an extension of the discovery schedule, Plaintiffs still took hardly any action to advance their case. All the while, Plaintiffs' allegations about Georgia's election system remain in the public domain, casting doubt on the lawfulness of the challenged provisions. And now Plaintiffs have requested a lengthy stay to further delay these proceedings.

1

As discussed below, if Plaintiffs do not have the resources to maintain the lawsuit they initiated, they should dismiss their case without prejudice and refile it when they have the necessary resources. Plaintiffs' requested stay will inflict continued harm on the State, where Plaintiffs are able to call the State's actions into question without being required to support those allegations, and without affording the State sufficient opportunity to refute those allegations. The Court should deny Plaintiffs' motion to protect the State from such prejudice.

Alternatively, if the Court were inclined to allow the Plaintiffs additional time to prosecute their case, it should not grant Plaintiffs' request to stay this case for six months merely because Plaintiffs have chosen to spend their resources on other lawsuits against the State of Georgia and its officials. Rather, at most, the Court should extend the deadlines in this case to align with the deadlines in the consolidated action challenging SB 202.

## FACTUAL BACKGROUND

**A. Procedural history of this case.**

Plaintiffs filed their 206-page complaint in this case on May 21, 2021. [Doc. 1]. They amended their complaint less than a month later, adding another twenty pages. [Doc. 14]. The amended complaint included fourteen individual and organizational plaintiffs and fourteen separate counts

challenging eight different provisions of SB 202. *See generally*, [Doc. 14]. Although this Court subsequently denied Defendants' and Defendant-Intervenors' motions to dismiss on December 9, 2021, [Doc. 50], the Court noted that the Amended Complaint "contains some of the hallmarks of a shotgun pleading." [Doc. 50, p. 43 n.23].

In February 2022, Plaintiffs sought to add a fifteenth count in a Second Amended Complaint, which Defendants informed opposing counsel that they did not then oppose and this Court authorized on March 1, 2022. But Plaintiffs apparently never filed the proposed Second Amended Complaint. [Docs. 69, 74].

Also in February 2022, the Court granted the parties' request for a scheduling order with a five-month discovery track, which provided that motions for summary judgment would be filed by July 1, 2022.

Thereafter, Plaintiffs served one set of interrogatories, requests for production, and request for admission in February 2022, to which Defendants responded in March 2022. [Doc. 77]. To date, after Defendants answered a question from Plaintiffs, Plaintiffs have not notified Defendants of any deficiency in those responses. Defendants served discovery requests on Plaintiffs in March 2022, and Plaintiffs initially responded in April 2022. [Doc. 79]. But Plaintiffs did not produce responsive documents until August 12, 2022.

3

Since April 2022, and notwithstanding the fact that discovery is currently scheduled to close in this case in mere weeks, Plaintiffs have requested no depositions of Defendants or sought additional discovery. Indeed, even after the deadline for expert reports passed with Plaintiffs serving no expert reports, and after the parties agreed to a modification of the schedule in June 2022 to extend fact discovery by three months, Plaintiffs have not taken any steps to advance this case. Rather, it appears that Defendants' requests for dates for depositions of Plaintiffs prompted the current motion.

**B. Plaintiffs' basis for requested extension.**

In their motion, Plaintiffs claim that they need a stay because of the discovery efforts in the *Curling* litigation. [Doc. 85, p. 2]. But Plaintiffs were aware of discovery related to Coffee County when they consented to the prior extension of discovery in this case. On June 15, 2022, Plaintiffs provided the *Curling* court with an update on discovery requested, including discovery of Coffee County, which included a number of subpoenas related to Coffee County. *Curling v. Raffensperger*, Case No. 1:17-cv-02989-AT (Docs. 1399, 1401). The next day, Plaintiffs consented to a three-month discovery extension in this case. [Doc. 83]. Further, while Plaintiffs say the *Curling* discovery should end in a month, they fail to mention that Judge Totenberg just set the

supplemental discovery period to last no longer than three weeks, starting on Monday, September 12, 2022. Curling Doc. 1477, p. 2.

Of course, that is not a basis for such lengthy delays in this case. Another plaintiff group in the *Curling* case is represented by Morrison & Foerster, and they have been heavily involved in discovery. Accordingly, the entire discovery burden in that case is not falling on counsel for Plaintiffs here. *See, e.g.*, Curling Doc. 1399. And, according to the declaration that Marilyn Marks attached to the stay motion here, only two of the four law firms representing the Plaintiffs in this case are involved in the *Curling* litigation. [Doc. 85, pp. 9-10]. There is an abundance of lawyers involved in the *Curling* litigation and this case, and the burden of maintaining two lawsuits at once should not be unmanageable for such sophisticated counsel.

### C. Plaintiffs' attacks and fundraising using this lawsuit.

Although Plaintiffs have failed to diligently prosecute their case, they continue to raise money off this litigation. Plaintiff Coalition for Good Governance ("CGG") highlights its work on this lawsuit as one of its current projects on its website. Current Projects, *available at* https://coalitionforgoodgovernance.org/current-projects/ (last accessed September 16, 2022). On that site, CGG claims that "No one lawsuit will remove all of the dangerous parts of SB202, nor will any pending federal

5

legislation. Numerous cases from varying perspectives and plaintiffs are essential to take down this democracy-destroying new law." *Id*. If CGG actually believes that SB 202 is an existential threat to democracy, it is curious that they have shown such little interest in proving their case.[1] But in any event, by allowing this case to stall, Plaintiffs have deprived the State of an opportunity to respond fully to Plaintiffs' allegations, which is unreasonably prejudicial to the State and its ability to defend itself in this litigation.

## ARGUMENT AND CITATION OF AUTHORITY

While Plaintiffs are correct that this Court has broad discretion to stay proceedings as part of managing its own docket, Defendants submit that there

---

[1] Ms. Marks, who offered the declaration in support of the motion to stay, has also made public attacks on the State of Georgia and SB 202 on her Twitter account, pointing to this case. *See, e.g.*, @MarilynRMarks1 tweet thread beginning with https://twitter.com/MarilynRMarks1/status/1474037288535527430 (Dec. 23, 2021) (thread including statement that provisions of SB 202 are "a huge threat to democracy in GA" and that members of the SEB "aren't truthful about it," and seeking donations to "join the righteous fight"); @MarilynRMarks1 tweet https://twitter.com/MarilynRMarks1/status/1442504125585846273 (Sep. 27, 2021) (stating "We @CoalitionGoodGv filed the only lawsuit primarily focused on takeover provisions of GA's SB202.  And indeed State is trying to take over Fulton County. We need YOUR help!!" and seeking donations); @MarilynRMarks1 tweet https://twitter.com/MarilynRMarks1/status/1415873362480541696 (Jul. 15, 2021) (stating "If you agree that we need to reverse these SB202 anti-transparency measures, please help support our lawsuit" and seeking donations).

is no basis for the Court to exercise its discretion to grant a stay here. [Doc. 85, p. 2]. Rather, the Court's discretionary power extends as far as to the ability to dismiss cases if a plaintiff fails to prosecute her case, which is appropriate here for the reasons set forth above. Fed. R. Civ. P. 41(b); *Taylor v. Spaziano*, 251 F. App'x 616, 619 (11th Cir. 2007) (distinguishing between dismissal with prejudice, which requires record of delay or contumacious conduct and dismissal without prejudice, which is not an adjudication on the merits); *see also Morewitz v. W. of Eng. Ship Owners Mut. Prot. & Indem. Ass'n (Lux.)*, 62 F.3d 1356, 1366 (11th Cir. 1995) (dismissal with prejudice is "a sanction of last resort that is to be utilized only in extreme situations").

As noted, Plaintiffs chose to file this lawsuit and, as long as it is pending, the lawsuit places a cloud over Georgia's elections and the challenged provisions of SB 202. That harm to the State far outweighs any of the harms Plaintiffs set forth in their stay motion. Indeed, Plaintiffs have *four* different law firms representing them in this case, yet they reference only two that allegedly cannot participate because of competing deadlines. Plaintiffs should not be allowed to use this lawsuit to attack the State and raise money while

letting it sit idle for another six months because they are currently choosing to devote their resources elsewhere.[2]

For that reason, Defendants request this Court deny the motion for stay and require Plaintiffs to dismiss their lawsuit without prejudice and refile when they have the resource to pursue this case. As there are no concerns with a statute of limitations or other prohibitions on refiling, this would not work any hardship on Plaintiffs.

Alternatively, if the Court disagrees, Defendants request that this Court place this case on the same schedule as the proposed consolidated SB 202 schedule, with a discovery deadline of March 17, 2023. Aligning those schedules will ensure that the issues remaining in this case will not remain pending after the other SB 202 cases are resolved.

## CONCLUSION

Defendants have worked cooperatively with Plaintiffs, including consenting to a discovery extension. But a six-month stay is both unnecessary and prejudicial, and this Court should deny Plaintiffs' motion.

---

[2] To be sure, Defendants recognize that they have filed and joined motions to extend schedules in the other cases challenging SB 202. In those cases, however, the parties have been working steadily to move the cases forward, and they only sought extensions when it was clear additional time would be needed to continue advancing the case. In contrast, Plaintiffs have made no such efforts here.

Respectfully submitted this 16th day of September, 2022.

    Christopher M. Carr
    Attorney General
    GA Bar No. 112505
    Bryan K. Webb
    Deputy Attorney General
    GA Bar No. 743580
    Russell D. Willard
    Senior Assistant Attorney General
    GA Bar No. 760280
    **State Law Department**
    40 Capitol Square, S.W.
    Atlanta, Georgia 30334

    */s/ Bryan P. Tyson*
    Bryan P. Tyson
    Special Assistant Attorney General
    Georgia Bar No. 515411
    btyson@taylorenglish.com
    Bryan F. Jacoutot
    Georgia Bar No. 668272
    bjacoutot@taylorenglish.com
    **Taylor English Duma LLP**
    1600 Parkwood Circle
    Suite 200
    Atlanta, GA 30339
    Telephone: 678-336-7249

    Gene C. Schaerr*
    gschaerr@schaerr-jaffe.com
    Erik Jaffe*
    ejaffe@schaerr-jaffe.com
    H. Christopher Bartolomucci*
    cbartolomucci@schaerr-jaffe.com
    **SCHAERR | JAFFE LLP**
    1717 K Street NW, Suite 900
    Washington, DC  20006
    Telephone: (202) 787-1060

Fax: (202) 776-0136  
\* Admitted *pro hac vice*

*Counsel for Defendants*

## CERTIFICATE OF COMPLIANCE

Pursuant to L.R. 7.1(D), the undersigned hereby certifies that the foregoing Response has been prepared in Century Schoolbook 13, a font and type selection approved by the Court in L.R. 5.1(B).

*/s/Bryan P. Tyson*
Bryan P. Tyson
