UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| COALITION FOR GOOD GOVERNANCE, et al., <br><br> Plaintiffs, <br><br> v. <br><br> BRIAN KEMP, et al., <br><br> Defendants. | CIVIL ACTION NO. 1:21-CV-02070-JPB |

# ORDER

This matter is before the Court on Plaintiffs'[1] Motion for Permanent Injunction and Final Judgment on Photography Rule II Claim and for Voluntary Dismissal of the Remaining Claims Without Prejudice [Doc. 93]. This Court finds as follows:

### RELEVANT PROCEDURAL HISTORY

This case involves Georgia Senate Bill 202 ("SB 202"). Plaintiffs filed this action against Defendants[2] on May 17, 2021. [Doc. 1]. On June 14, 2021,

---

[1] Plaintiffs are Coalition for Good Governance, Adam Shirley, Ernestine Thomas-Clark, Antwan Lang, Patricia Pullar, Judy McNichols, Jackson County Democratic Committee, Georgia Advancing Progress Political Action Committee, Ryan Graham, Rhonda Martin, Jeanne Dufort, Aileen Nakamura, Elizabeth Throop and Bradley Friedman.
[2] Defendants are Brian Kemp, in his official capacity as Governor of the State of Georgia; Brad Raffensperger, in his official capacities as Secretary of State and member of the Georgia State Elections Board; and Rebecca N. Sullivan, Anh Le, Matthew Mashburn

Plaintiffs moved for a preliminary injunction seeking to enjoin the enforcement of several different criminal provisions contained within SB 202.  [Doc. 15].  On August 20, 2021, the Court granted Plaintiffs' Motion for Preliminary Injunction in part.  [Doc. 49].  Specifically, the Court enjoined the enforcement of O.C.G.A. § 21-2568.2(a)(2) (hereinafter "Photography Rule II"), which provides that "[i]t shall be illegal for any person to use photographic or other electronic monitoring or recording devices, cameras, or cellular telephones . . . to [p]hotograph or record a voted ballot."[3]

On October 22, 2022, Plaintiffs filed the instant Motion for Permanent Injunction and Final Judgment.  [Doc. 93].  In the motion, Plaintiffs ask the Court to convert the preliminary injunction issued on August 20, 2021, into a permanent injunction, enter a final judgment as to Photography Rule II and dismiss the remainder of the claims without prejudice.  The Court will first address whether the preliminary injunction should be converted to a permanent injunction before turning to Plaintiffs' request to dismiss the remaining claims.

---

and Sarah Ghazal, in their respective official capacities as members of the Georgia State Election Board.

[3] The other subsection of the statute made it illegal to photograph or record a ballot while a ballot is being voted or while an elector's votes are displayed on an electronic ballot marker.  O.C.G.A. § 21-2-568.2(a)(1).  That provision was not enjoined.

**1.  Conversion of the Preliminary Injunction**

With just the preliminary injunction record before the Court and discovery not yet complete, Plaintiffs ask the Court to convert the preliminary injunction into a permanent injunction and enter a final judgment.  Plaintiffs assert that this is permissible because there are no material facts in dispute and the unconstitutionality of Photography Rule II has been established as a matter of law.  Defendants, on the other hand, contend that entering a permanent injunction at this stage is improper because the record is not complete.

Federal Rule of Civil Procedure 65(a)(2) contemplates that a preliminary injunction hearing may be consolidated with a trial on the merits.  Importantly, however, before consolidation of the two hearings may occur, the party adversely affected by such order must be "given adequate notice and an opportunity to object before his right to a separate hearing on the merits of the case has been foreclosed."  Warehouse Groceries Mgmt., Inc. v. Sav-U Warehouse Groceries, Inc., 624 F.2d 655, 657 (5th Cir. 1980) (determining that the district court erred when it entered a final judgment without giving the plaintiffs notice that it planned to consolidate the preliminary injunction hearing with a hearing on the merits).[4]

---

[4] "[D]ecisions of the United States Court of Appeals for the Fifth Circuit . . . handed down by that court prior to the close of business on [September 30, 1981], shall be

Notice is required so that parties may develop their cases in full. Id. at 658. Without notice, parties will not know "that it was necessary for them to produce all of the evidence available to them, or to produce the witnesses in open court rather than to proceed by deposition." Id. Significantly, a court cannot notify parties that it intends to consolidate the hearings so late in the process that "it is impossible for the parties to adequately develop their entire case." Id.

If this Court were to grant Plaintiffs the relief they request, it would essentially be consolidating the preliminary injunction hearing with a trial on the merits without prior notice of the consolidation to Defendants. The Court conducted a preliminary injunction hearing on July 1, 2021, and at no point either before or during the hearing did the Court inform either party that it intended for that hearing to be a final trial on the merits. Moreover, at no point during the pendency of this suit has the Court ever indicated that it intended to forego a final hearing on the merits and issue a final judgment based on the record presented at the preliminary injunction stage. Because notice is required before a final judgment can be entered on a preliminary injunction, to the extent Plaintiffs ask this Court to convert the preliminary injunction into a permanent injunction

---

binding as precedent in the Eleventh Circuit." Bonner v. City of Prichard, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc).

without the opportunity for a trial on the merits or the filing of a motion for summary judgment, Plaintiffs' motion is **DENIED**.

2. **Voluntary Dismissal**

Apart from the claim relating to Photography Rule II, Plaintiffs ask the Court to dismiss without prejudice their other claims under Federal Rule of Civil Procedure 41(a)(2). Alternatively, Plaintiffs ask the Court to stay the case until March 1, 2023.[5]

Federal Rule of Civil Procedure 41(a)(2), which governs dismissals of actions, provides that where an opposing party has answered, as is the case here, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." The Eleventh Circuit Court of Appeals has stated that the text of Rule 41 is "clear" and that it "speaks of voluntary dismissal of an 'action,' not a claim." PTA-FLA, Inc. v. ZTE USA, Inc., 844 F.3d 1299, 1308 (11th Cir. 2016). Consequently, "[a] district court cannot dismiss some claims while leaving others pending." Id. Because the Court is not permitted to dismiss

---

[5] The request for a stay is moot because March 1, 2023, has already passed. For similar reasons to those set forth in their request for a stay, Plaintiffs filed a Motion for Extension of Discovery. In the motion, Plaintiffs ask for an extension of the discovery period until thirty days after the Court rules on the instant motion. [Doc. 96].

only some of Plaintiffs' claims, to the extent Plaintiffs seek dismissal under Rule 41, the motion is **DENIED**.

As previously stated, Plaintiffs alternatively ask that this case be stayed until March 1, 2023, and that discovery be extended until thirty days after the Court rules on the instant motion. The Court will allow thirty additional days to complete discovery in this case, and therefore, Plaintiffs' Motion for Extension of Discovery [Doc. 96] is **GRANTED**.

## CONCLUSION

For the reasons stated above, Plaintiffs' Motion for Permanent Injunction and Final Judgment [Doc. 93] is **DENIED**, and Plaintiffs' Motion for Extension of Discovery [Doc. 96] is **GRANTED**.  **IT IS HEREBY ORDERED** that discovery is extended through and including May 8, 2023. Dispositive motions shall be filed no later than June 7, 2023.

**SO ORDERED** this 6th day of April, 2023.

J. P. BOULEE
United States District Judge