## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

COALITION FOR GOOD
GOVERNANCE, *et al.*,

     *Plaintiffs*,

  v.

BRIAN KEMP, in his official
capacity as Governor of the State of
Georgia, *et al.*,

     *Defendants*,

REPUBLICAN NATIONAL
COMMITTEE, *et al.*,

     *Intervenor-Defendants.*

CIVIL ACTION
CASE NO. 1:21-cv-02070-JPB

## STATE DEFENDANTS' ANSWER
## TO PLAINTIFFS' SECOND AMENDED COMPLAINT

## INTRODUCTION

Plaintiffs ask this Court to interfere with the reasonable election rules that Georgia established in SB 202 in the wake of complaints about the 2018 and 2020 Georgia elections. The text of SB 202, reasonably construed, provides procedural safeguards of the type necessary to restore confidence in the integrity of Georgia elections, while expanding access to the ballot beyond previous statutory limits. SB 202's reforms ensure that Georgia's citizens can vote with ease, knowing that their elections are unlikely to be compromised by those seeking to abuse the electoral system by voting fraudulently.

The Second Amended Complaint condemns many localized shortcomings in the way particular counties have conducted Georgia elections in the past. The Second Amended Complaint bemoans a data breach from 2016-17. And Plaintiffs complain about 2019 legislation that survived earlier judicial challenges, even maintaining that the legislation undermines ballot secrecy. But when the Second Amended Complaint engages with the actual provisions of SB 202, it relies on strained worst-case speculation rather than the text of the law.

The Second Amended Complaint assumes that the Georgia courts will give SB 202 an absurd construction at every opportunity, ignoring the rule of lenity for criminal provisions and hamstringing the ability of election

authorities to respond to breaches of ballot security. Thus, the Second Amended Complaint speculates, the law as unreasonably construed will itself intimidate voters or otherwise interfere with protected rights, while impeding the administration of elections in many counties.

At the opposite extreme, Plaintiffs seek to supplant the Georgia legislature by characterizing as "minor" previous violations of Elections Board Rules that go directly to the integrity of the elections process, such as allowing voting system programmers to tinker with the election machinery without being sworn in, failing to inspect voting stations to ensure unauthorized materials have not been placed there, and putting the functioning of electronic voting equipment at risk from excessively humid storage.

But the statutory provisions speak for themselves. This Court need not and should not adopt absurd constructions, especially in response to a facial challenge that does not involve the application of SB 202 to a single person or a single election. And "federal courts must resist the temptation to step into the role of elected representatives, weighing the costs and benefits of various procedures when the State has already done so in a reasonable and nondiscriminatory way." *Curling v. Raffensperger*, 50 F.4th 1114, 1126 (11th Cir. 2022). Still less should the Court intrude on those rules and procedures

based on the speculative and counterintuitive parade of horribles in this Second Amended Complaint.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Plaintiffs fail to state a claim upon which relief may be granted.

### Second Affirmative Defense

Plaintiffs lack standing to bring this action.

### Third Affirmative Defense

Plaintiffs' claims are barred by sovereign immunity and the Eleventh Amendment to the United States Constitution.

### Fourth Affirmative Defense

Plaintiffs have not been subjected to the deprivation of any right, privilege, or immunity under the Constitution or laws of the United States.

### Fifth Affirmative Defense

Plaintiffs failed to join necessary and indispensable parties.

### Sixth Affirmative Defense

Plaintiffs' requested relief is barred by the *Purcell* principle.

### Seventh Affirmative Defense

Defendants reserve the right to amend their defenses and to add additional ones, including lack of subject matter jurisdiction based on the

mootness or ripeness doctrines, as further information becomes available in discovery.

## RESPONSES

Defendants respond to the separately numbered paragraphs and prayer for relief contained in the Second Amended Complaint [Doc. 104] below.  To the extent that any allegation is not admitted herein, it is denied.  Moreover, to the extent that the Second Amended Complaint refers to or quotes from external documents, statutes, or other sources, Defendants may refer to such materials for their accurate and complete contents; however, Defendants' references are not intended to be, and should not be construed to be, an admission that the cited materials: (a) are correctly cited or quoted by Plaintiffs; (b) are relevant to this, or any other, action; or (c) are admissible in this, or any other, action.

## I.    INTRODUCTION[1] AND PREQUEL

Plaintiffs' Introduction section (pages 2-8) and the paragraphs preceding it on page 1 contain unnumbered paragraphs consisting of legal conclusions, legal argument, and citations to preexisting case law and statutory language.

---

[1] For ease of reference, State Defendants refer to Plaintiffs' headings and titles, but to the extent those headings and titles could be construed to contain factual allegations, those allegations are denied.

"A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). Accordingly, State Defendants deny the allegations contained in this introductory portion of Plaintiffs' Second Amended Complaint.

## II. PARTIES

### A. Plaintiffs

1.    State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations in Paragraph 1 and deny them on that basis.  State Defendants further deny the allegation in this Paragraph referencing Part VI of the Amended Complaint.

2.    State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations in Paragraph 2 and deny them on that basis.

3.    State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations in Paragraph 3 and deny them on that basis.

4.    State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations in Paragraph 4 and deny them on that basis.

5.     State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations in Paragraph 5 and deny them on that basis.

6.     State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations in Paragraph 6 and deny them on that basis.

7.     State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations in Paragraph 7 and deny them on that basis.

8.     State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations in Paragraph 8 and deny them on that basis.

9.      State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations in Paragraph 9 and deny them on that basis.

10.     State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations in Paragraph 10 and deny them on that basis.

11.    State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations in Paragraph 11 and deny them on that basis.

12.    State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations in Paragraph 12 and deny them on that basis.

13.    State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations in Paragraph 13 and deny them on that basis.

14.    State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations in Paragraph 14 and deny them on that basis.

15.    State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations in Paragraph 15 and deny them on that basis.

## B. Defendants—Members of the State Election Board

### 1.    Voting Members of the State Election Board

16.    State Defendants deny the allegations contained in Paragraph 16. By way of further response, Defendants aver that the current State Election Board Members are William S. Duffey Jr., Sara Ghazal, Matthew Mashburn,

Edward Lindsey, and Janice Johnston.  The remainder of this paragraph contains Plaintiffs' legal conclusions, not allegations of fact, to which no response is required.

17.    Paragraph 17 of the Amended Complaint sets forth legal conclusions to which no response is required and, therefore, State Defendants deny them.  The statutory provisions referenced in Paragraph 17 speak for themselves. State Defendants deny the remaining allegations in this Paragraph 17.

### 2. Governor Brian Kemp

18.    State Defendants admit that Brian Kemp is Governor of the State of Georgia and that Governor Kemp signed the challenged statutes into law on March 25, 2021. Paragraph 18 of the Amended Complaint sets forth legal conclusions to which no response is required and, therefore, State Defendants deny them.   The cited statutory provisions speak for themselves.   State Defendants deny the remaining allegations in Paragraph 18.

### 3. Secretary of State Brad Raffensperger

19.    State Defendants admit that Brad Raffensperger is Secretary of State of the State of Georgia. Paragraph 19 of the Amended Complaint sets forth legal conclusions to which no response is required and State Defendants

therefore deny them.  The cited statutory provisions speak for themselves.
State Defendants deny the remaining allegations in Paragraph 19.

20.    Paragraph 20 of the Amended Complaint sets forth legal
conclusions to which no response is required and, therefore, State Defendants
deny them.  The cited statutory provisions speak for themselves.

## III.   JURISDICTION AND VENUE

21.    Paragraph 21 sets forth legal conclusions to which no response is
required, and State Defendants therefore deny them. State Defendants deny
the remaining allegations in this Paragraph.

22.    Paragraph 22 sets forth legal conclusions to which no response is
required, and State Defendants therefore deny them. State Defendants deny
the remaining allegations in this Paragraph.

23.    To the extent this Court has jurisdiction over Plaintiffs' Amended
Complaint, State Defendants admit that venue lies in this District.

## IV.   APPLICABLE LAW

### A. United States Constitution

#### 1. Due Process Clause

24.     The constitutional provision cited and quoted in Paragraph 24
speaks for itself, and no response by State Defendants is required.

### a) Substantive Due Process/Fundamental Right to Vote

25.     Paragraph 25 of the Amended Complaint sets forth legal conclusions to which no response is required and State Defendants therefore deny them.

26.     Paragraph 26 sets forth legal conclusions to which no response is required and State Defendants therefore deny them.

27.     Paragraph 27 sets forth legal conclusions to which no response is required and State Defendants therefore deny them.  The cited legal authorities speak for themselves.

28.     Paragraph 28 sets forth legal conclusions to which no response is required and State Defendants therefore deny them.  The cited legal authority speaks for itself.

29.     Paragraph 29 sets forth legal conclusions to which no response is required and State Defendants therefore deny them.  The cited legal authorities speak for themselves.

### b) Substantive Due Process/Violation of State Law

30.     Paragraph 30 sets forth legal conclusions to which no response is required and State Defendants therefore deny them.   The cited legal authorities speak for themselves.

### c) Procedural Due Process

31.     Paragraph 31 sets forth legal conclusions to which no response is required and State Defendants therefore deny them.   The cited legal authorities speak for themselves.

32.     Paragraph 32 sets forth legal conclusions to which no response is required and State Defendants therefore deny them.   The cited legal authorities speak for themselves.

33.     Paragraph 33 sets forth legal conclusions to which no response is required and State Defendants therefore deny them.  The cited legal authority speaks for itself.

34.     Paragraph 34 sets forth legal conclusions to which no response is required and State Defendants therefore deny them.  The cited legal authority speaks for itself.

35.     Paragraph 35 sets forth legal conclusions to which no response is required and State Defendants therefore deny them.  The cited legal authority speaks for itself.

36.     Paragraph 36 sets forth legal conclusions to which no response is required and State Defendants therefore deny them.  The cited legal authority speaks for itself.

37.     Paragraph 37 sets forth legal conclusions to which no response is required and State Defendants therefore deny them.  The cited legal authorities speak for themselves.

### d) Due Process – Criminal Laws Void for Vagueness

38.     Paragraph 38 sets forth legal conclusions to which no response is required and State Defendants therefore deny them.  The cited legal authority speaks for itself.

### 2. Equal Protection Clause

39.     Paragraph 39 quotes a legal authority that speaks for itself and requires no response.

40.     Paragraph 40 sets forth legal conclusions to which no response is required and State Defendants therefore deny them.  The cited legal authority speaks for itself.

41.     Paragraph 41 sets forth legal conclusions to which no response is required and State Defendants therefore deny them.

### 3. First Amendment

42.     Paragraph 42 quotes a constitutional provision that speaks for itself and to which no response is required.

### a) Freedom of Speech and of the Press

43.     Paragraph 43 sets forth legal conclusions to which no response is required and State Defendants therefore deny them.  The cited legal authority speaks for itself.

44.     Paragraph 44 sets forth legal conclusions to which no response is required and State Defendants therefore deny them.  The cited legal authority speaks for itself.

### b) Right to Petition the Government

45.     Paragraph 45 sets forth legal conclusions to which no response is required and State Defendants therefore deny them.  The cited legal authority speaks for itself.

46.     Paragraph 46 sets forth legal conclusions to which no response is required and State Defendants therefore deny them.  The cited legal authority speaks for itself.

**B. Federal Laws Providing Causes of Action**

### 1. 42 U.S.C. § 1983

47.     Paragraph 47 quotes a statutory provision that speaks for itself and to which no response is required.

### 2. Voting Rights Act, 52 U.S.C. § 10307

48.     Paragraph 48 quotes a statutory provision that speaks for itself and to which no response is required.

### 3. Federal Declaratory Judgment Act, 28 U.S.C. § 2201

49.     Paragraph 49 quotes a statutory provision that speaks for itself and to which no response is required.

**C. Georgia Constitution**

50.     Paragraph 50 quotes a constitutional provision that speaks for itself and to which no response is required.

### 1. Georgia's Requirement of Absolute Ballot Secrecy

51.     Paragraph 51 quotes a constitutional provision that speaks for itself and to which no response is required.

### 2. Georgia's Guarantee of Right to the Courts

52.     Paragraph 52 quotes a constitutional provision that speaks for itself and to which no response is required.

### 3. Separation of Powers

53.    Paragraph 53 quotes a constitutional provision that speaks for itself and to which no response is required.

54.    Paragraph 54 sets forth legal conclusions to which no response is required and State Defendants therefore deny them.  The cited legal authority speaks for itself.

### D. Georgia Election Code

#### 1. Role of Superintendents

55.    Paragraph 55 sets forth legal conclusions to which no response is required and State Defendants therefore deny them.  The cited legal authority speaks for itself.

56.    Paragraph 56 sets forth legal conclusions to which no response is required and State Defendants therefore deny them.  The cited legal authority speaks for itself.

57.    Paragraph 57 sets forth legal conclusions to which no response is required and State Defendants therefore deny them.  The cited legal authority speaks for itself.

58.    Paragraph 58 sets forth legal conclusions to which no response is required and State Defendants therefore deny them.  The cited legal authority speaks for itself.

59.    Paragraph 59 sets forth legal conclusions to which no response is required and State Defendants therefore deny them.  The cited legal authority speaks for itself.

60.    Paragraph 60 of the Amended Complaint sets forth legal conclusions to which no response is required and, therefore, State Defendants deny them.  State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the remaining allegations in Paragraph 60 and deny them on that basis.

61.    Paragraph 61 sets forth legal conclusions to which no response is required and, therefore, State Defendants deny them. State Defendants further deny the allegations because the webpage cited in the footnote does not exist.

62.     Paragraph 62 sets forth legal conclusions to which no response is required and, therefore, State Defendants deny them.

63.    Paragraph 63 sets forth legal conclusions to which no response is required and, therefore, State Defendants deny them.  The cited legal authority speaks for itself.

64.    Paragraph 64 sets forth legal conclusions to which no response is required and, therefore, State Defendants deny them.

65.     Paragraph 65 sets forth legal conclusions to which no response is required and, therefore, State Defendants deny them.  The cited and quoted legal authority speaks for itself.

66.     Paragraph 66 sets forth legal conclusions to which no response is required and, therefore, State Defendants deny them.  The cited and quoted legal authority speaks for itself.

67.     Paragraph 67 sets forth legal conclusions to which no response is required and, therefore, State Defendants deny them.  The cited and quoted legal authority speaks for itself.

## 2. Funding of Superintendents

68.     Paragraph 68 quotes a statutory provision that speaks for itself and to which no response is required.

## 3. Conduct of In-Person Voting

69.     Paragraph 69 sets forth legal conclusions to which no response is required and, therefore, State Defendants deny them.  The cited legal authority speaks for itself.

70.     Paragraph 70 sets forth legal conclusions to which no response is required and, therefore, State Defendants deny them.  The cited legal authority speaks for itself.

71.     Paragraph 71 sets forth legal conclusions to which no response is required and, therefore, State Defendants deny them.  The cited legal authority speaks for itself.

72.     Paragraph 72 sets forth legal conclusions to which no response is required and, therefore, State Defendants deny them.  The cited legal authority speaks for itself.

73.     State Defendants admit that Dominion Voting Systems manufactures the BMD system used by the State of Georgia for its in-person voting. State Defendants deny the remaining allegations in Paragraph 73.

74.     State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations in Paragraph 74 and deny them on that basis.

**4. Georgia's Open Meetings Act**

75.     Paragraph 75 sets forth legal conclusions to which no response is required and, therefore, State Defendants deny them.  The cited legal authority speaks for itself.

76.     Paragraph 76 sets forth legal conclusions to which no response is required and, therefore, State Defendants deny them.  The cited legal authority speaks for itself.

77.     Paragraph 77 quotes a statutory provision that speaks for itself and to which no response is required.

78.     Paragraph 78 quotes a statutory provision that speaks for itself and to which no response is required.

79.     Paragraph 79 quotes a statutory provision that speaks for itself and to which no response is required.

## V. GENERAL ALLEGATIONS

### A. 2020 Elections Prompted Legislative Backlash

80.     State Defendants admit that the introductory section of SB 202 outlines the legislature's purposes in adopting the legislation.   State Defendants deny the remaining allegations in Paragraph 80.

81.     State Defendants deny the allegations in Paragraph 81.

### B. Provisions of Georgia's Senate Bill 202 Passed in 2021

82.     State Defendants admit the allegations in Paragraph 82.

#### 1. SB202's Election Suspension Rules

83.     Paragraph 83 sets forth legal conclusions to which no response is required and State Defendants therefore deny them.  The cited Georgia law speaks for itself. State Defendants further deny the characterization of the cited provisions of Georgia law as "Suspension Rules," in this Paragraph and any other in the Second Amended Complaint containing that characterization.

Further, the footnote sets forth legal conclusions to which no response is required and State Defendants therefore deny them.

84. Paragraph 84 and each of its lettered subsections sets forth legal conclusions to which no response is required, and State Defendants therefore deny them. The cited statutory provisions speak for themselves and require no response. In particular:

a. State Defendants deny the allegations in Paragraph 84(a) because they are legal conclusions to which no response is required. The remaining allegations are citations to statutory provisions, which speak for themselves, and to which no response is required.

b. State Defendants deny the allegations in Paragraph 84(b) because they are legal conclusions to which no response is required. The remaining allegations are citations to statutory provisions, which speak for themselves, and to which no response is required.

c. State Defendants deny the allegations in Paragraph 84(c) because they are legal conclusions to which no response is required. The remaining allegations are citations to statutory provisions, which speak for themselves, and to which no response is required.

d. State Defendants deny the allegations in Paragraph 84(d) because they are legal conclusions to which no response is required. The

remaining allegations are citations to statutory provisions, which speak for themselves, and to which no response is required.

e.  State Defendants deny the allegations in Paragraph 84(e) t because they are legal conclusions to which no response is required. The remaining allegations are citations to statutory provisions, which speak for themselves, and to which no response is required.

f.  State Defendants deny the allegations in Paragraph 84(f) because they are legal conclusions to which no response is required. The remaining allegations are citations to statutory provisions, which speak for themselves, and to which no response is required.

g.  State Defendants deny the allegations in Paragraph 84(g) because they are legal conclusions to which no response is required. The remaining allegations are citations to statutory provisions, which speak for themselves, and to which no response is required.

h.   State Defendants deny the allegations in Paragraph 84(h) because they are legal conclusions to which no response is required. The remaining allegations are citations to statutory provisions, which speak for themselves, and to which no response is required.

i.  State Defendants the allegations in Paragraph 84(i) because they are legal conclusions to which no response is required. The remaining allegations are citations to statutory provisions, which speak for themselves, and to which no response is required.

j.  State Defendants deny the allegations in Paragraph 84(j) because they are legal conclusions to which no response is required. The remaining allegations are citations to statutory provisions, which speak for themselves, and to which no response is required.

k.  State Defendants deny the allegations in Paragraph 84(k) because they are legal conclusions to which no response is required. The remaining allegations are citations to statutory provisions, which speak for themselves, and to which no response is required.

l.  State Defendants deny the allegations in Paragraph 84(l) because they are legal conclusions to which no response is required. The remaining allegations are citations to statutory provisions, which speak for themselves, and to which no response is required.

m.  State Defendants deny the allegations in Paragraph 84(l) because they are legal conclusions to which no response is required. The remaining allegations are citations to statutory provisions, which speak for themselves, and to which no response is required.

n.  The allegations in Paragraph 84(n) are citations to statutory provisions, which speak for themselves, and to which no response is required. State Defendants therefore deny them on that basis.

o.  State Defendants deny the allegations in Paragraph 84(o) because they are legal conclusions to which no response is required. The remaining allegations are citations to statutory provisions, which speak for themselves, and to which no response is required.

p.  State Defendants deny the allegations in Paragraph 84(p) because they are legal conclusions to which no response is required. The remaining allegations are citations to statutory provisions, which speak for themselves, and to which no response is required.

q.  State Defendants deny the allegations in Paragraph 84(q) because they are legal conclusions to which no response is required. The remaining allegations are citations to statutory provisions, which speak for themselves, and to which no response is required.

r.  State Defendants deny the allegations in Paragraph 84(r) because they are legal conclusions to which no response is required. The remaining allegations are citations to statutory provisions, which speak for themselves, and to which no response is required.

s. State Defendants deny the allegations in Paragraph 84(s) because they are legal conclusions to which no response is required.

25. **SB202's Election Takeover Provisions – Separately Functioning Boards** *of Registration*

85. State Defendants admit the allegations in Paragraph 85.

86. Paragraph 86 sets forth legal conclusions to which no response is required, and State Defendants therefore deny them. The cited legal authority speaks for itself. State Defendants deny all remaining allegations in this Paragraph.

87. Paragraph 87 sets forth legal conclusions to which no response is required, and State Defendants therefore deny them. The cited legal authority speaks for itself. State Defendants deny all remaining allegations in this Paragraph.

88. Paragraph 88 sets forth legal conclusions to which no response is required, and State Defendants therefore deny them. SB 202 speaks for itself.

26. **SB 202's Superintendent-Reinstatement Provisions**

89. The allegations in Paragraph 89 are citations to Georgia law, which speaks for itself. State Defendants therefore deny them on that basis.

90. Paragraph 90 sets forth legal conclusions to which no response is required, and State Defendants therefore deny them. The cited legal authority

speaks for itself. State Defendants deny all remaining allegations in this Paragraph.

91.    The allegations in Paragraph 91 are citations to Georgia law, which speaks for itself. State Defendants therefore deny them on that basis.

92.    The allegations in Paragraph 92 are citations to Georgia law, which speaks for itself. State Defendants therefore deny the m on that basis.

93.    Paragraph 93 sets forth legal conclusions to which no response is required, and State Defendants therefore deny them.  The cited legal authority speaks for itself. State Defendants deny all remaining allegations in this Paragraph.

27.    **SB202's Restrictions on Superintendent Boards' Access to Counsel**

94.    Paragraph 94 sets forth legal conclusions to which no response is required, and State Defendants therefore deny them.  SB 202 speaks for itself. State Defendants deny all remaining allegations in this Paragraph.

95.    Paragraph 95 sets forth legal conclusions to which no response is required, and State Defendants therefore deny them.  SB 202 speaks for itself. State Defendants deny all remaining allegations in this Paragraph.

96.     Paragraph 96 sets forth legal conclusions to which no response is required, and State Defendants therefore deny them.  SB 202 speaks for itself. State Defendants deny all remaining allegations in this Paragraph.

97.     Paragraph 97 sets forth legal conclusions to which no response is required, and State Defendants therefore deny them.  SB 202 speaks for itself. State Defendants deny all remaining allegations in this Paragraph.

> ### 28.  **SB202's Criminalization of Observing an Elector While Casting a Vote**

98.     Paragraph 98 quotes a provision of SB 202 that speaks for itself. State Defendants deny the allegation on that basis.

99.     Paragraph 99 sets forth legal conclusions to which no response is required, and State Defendants therefore deny them.  The quoted Georgia statute speaks for itself. State Defendants deny all remaining allegations in this Paragraph.

> ### 29.  **SB202's Criminalization of Free Speech and Press**

100.   Paragraph 100 sets forth legal conclusions to which no response is required, and State Defendants therefore deny them.  SB 202 speaks for itself. State Defendants deny all remaining allegations in this Paragraph.

101.   Paragraph 101 sets forth legal conclusions to which no response is required, and State Defendants therefore deny them.  SB 202 speaks for itself.

State Defendants further deny the Plaintiffs' characterization of the cited statutory provision as a "Photography Rule," in this Paragraph and in each Paragraph where that characterization is used in the Amended Complaint. State Defendants deny all remaining allegations in this Paragraph.

102.   Paragraph 102 sets forth legal conclusions to which no response is required, and State Defendants therefore deny them.  SB 202 and the other cited Georgia statute speak for themselves. State Defendants deny all remaining allegations in this Paragraph.

103.   State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations in Paragraph 103 and deny them on that basis.

## C. Context Within Which SB202 Takes Effect And Will Be Applied To Plaintiffs

104.   Paragraph 104 sets forth legal conclusions to which no response is required, and State Defendants therefore deny them. State Defendants deny all remaining allegations in this Paragraph.

### 1. Georgia's Oversized Dominion BMD Touchscreens Unavoidably Compromise Ballot Secrecy

105.   State Defendants admit the allegations in Paragraph 105.

106.   State Defendants deny the allegations in Paragraph 106.

107.   State Defendants deny the allegations in Paragraph 107.

108.   State Defendants admit that the office of Secretary of State provides instructions to local election officials on recommended configurations of voting equipment at polling locations. State Defendants deny the remaining allegations in Paragraph 108 and deny that they have any responsibility for the layout of precincts.

109.   Paragraph 109 sets forth legal conclusions to which no response is required, and State Defendants therefore deny them.  The cited legal authority speaks for itself. State Defendants admit that the State of Georgia uses methods to ensure election security and ballot secrecy. State Defendants deny all remaining allegations in this Paragraph.

110.   The allegations in Paragraph 110 cite to a video of the Senate Ethics Committee hearing, which speaks for itself, and to which no response is required.

111.   State Defendants deny the allegations in Paragraph 111.

**2. Georgia's Recent History of Voter Data Security Breaches**

112.   State Defendants admit the allegations in Paragraph 112.

113.   State Defendants deny the allegations in Paragraph 113.

114.   State Defendants admit that, between August 2016 and March 2017, a KSU server utilized by CES was accessible to computer users with Internet access who had the knowledge and desire to bypass the password

requirement. State Defendants deny all remaining allegations in Paragraph 114.

115.   State Defendants admit that Logan Lamb accessed a KSU server utilized by CES. Defendants deny the remaining allegations in Paragraph 115.

### 3. Covid-19 in Georgia

116.   State Defendants deny the allegations in Paragraph 116.

117.   State Defendants admit the allegations set forth in Paragraph 117 of the Second Amended Complaint.

118.   State Defendants admit that on April 23, 2021, Governor Brian P. Kemp issued an Executive Order extending until May 30, 2021, a state of emergency in Georgia in response to the COVID-19 pandemic. State Defendants deny that the state of emergency still exists at the time of filing this Answer.

119.   State Defendants deny the allegations in Paragraph 119.

120.   State Defendants admit that a COVID-19 quarantine period might overlap with election day. State Defendants deny the remaining allegations in Paragraph 120.

121.   State Defendants admit that Governor Kemp was exposed to COVID-19 and voted by absentee ballot via drop box in the November 2020 elections. State Defendants deny the remaining allegations in Paragraph 121.

## VI.   SPECIFIC ALLEGATIONS OF THREATENED INJURY TO PLAINTIFFS

### A. Defendants' Intention to Enforce SB202's Provisions

122.   State Defendants admit the allegations in Paragraph 122.

123.    State Defendants admit the allegations in Paragraph 123.

124.   State Defendants admit that the Office of Secretary of State will enforce the provisions of Georgia law as required by relevant facts and circumstances. State Defendants further admit that the Office has made note of counties and election officials who fail in their duties. State Defendants deny the remaining allegations in Paragraph 124.

125.   State Defendants admit that there are and have been cases and investigations involving the Fulton County Board. Paragraph 125 sets forth legal conclusions to which no response is required, and State Defendants therefore deny them. State Defendants deny all remaining allegations in this Paragraph.

126.   The period to which the allegations set forth in Paragraph 126 refer has passed. State Defendants therefore deny the allegations on that basis.

### B. Plaintiffs' Direct Standing

127.   State Defendants deny the allegations in Paragraph 127.

### 1. **Plaintiff Coalition for Good Governance**

128.   State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations in Paragraph 128 and deny them on that basis.

129.   State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations in Paragraph 129 and deny them on that basis.

130.   State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations in Paragraph 130 and deny them on that basis.

131.   State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations in Paragraph 131 and deny them on that basis.

132.   State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations in Paragraph 132 and deny them on that basis.

133.   Paragraph 133 sets forth legal conclusions to which no response is required, and State Defendants therefore deny them.

134.   State Defendants deny the allegations in Paragraph 134.

135.   State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations in Paragraph 135 and deny them on that basis.

136.   State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations in Paragraph 136 and deny them on that basis.

137.   State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations in Paragraph 137 and deny them on that basis.

138.   State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations in Paragraph 138 and deny them on that basis.

139.   State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations in Paragraph 139 and deny them on that basis.

140.   State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations in Paragraph 140 and deny them on that basis.

141.   State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations in Paragraph 141 and deny them on that basis.

142.   State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations in Paragraph 142 and deny them on that basis..

143.   State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations in Paragraph 143 and deny them on that basis.

144.   State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations in Paragraph 144 and deny them on that basis.

145.   State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations in Paragraph 145 and deny them on that basis.

### 2. Plaintiff SHIRLEY

146.   Paragraph 146 sets forth legal conclusions to which no response is required, and State Defendants therefore deny them.  The cited legal authority speaks for itself. State Defendants lack sufficient knowledge or information

with which to form a belief as to the truth of the remaining allegations in Paragraph 146 and deny them on that basis.

147.   State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations in Paragraph 147 and deny them on that basis.

148.   State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations in Paragraph 148 and deny them on that basis.

149.   State Defendants admit that the Athens-Clarke County Board was found in violation of the state's elections laws when it attempted to adopt hand-marked paper ballots, and that the State Election Board has referred other cases involving the Athens-Clarke County Board to the Attorney General's office for further civil legal action. The remaining allegations contained in this paragraph contain legal conclusions to which no response is necessary. Defendant denies the characterization of the relevant portions of SB 202 contained in this paragraph.

150.   Paragraph 150 sets forth legal conclusions to which no response is required, and State Defendants therefore deny them. State Defendants further deny the allegations in Paragraph 150 as speculative.  In addition, because they do not contain a "simple, concise, and direct" statement, the allegations

in Paragraph 150 of the Amended Complaint fail to comply with Rule 8(d)(1) of the Federal Rules of Civil Procedure. State Defendants therefore deny the entirety of Paragraph 150 on that basis.

151.   Paragraph 151 sets forth legal conclusions to which no response is required, and State Defendants therefore deny them.  SB 202 speaks for itself. State Defendants further deny the characterization of the cited provisions of Georgia law as a "Communications Rule," in this Paragraph and any other in the Second Amended Complaint containing that characterization. State Defendants deny all remaining allegations in this Paragraph.

152.   State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations in Paragraph 152 and deny them on that basis.

153.   Paragraph 153 sets forth legal conclusions to which no response is required, and State Defendants therefore deny them.  The cited legal authority speaks for itself. State Defendants deny all remaining allegations in this Paragraph.

154.    State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations in Paragraph 154 and deny them on that basis.

155.    Paragraph 155 sets forth legal conclusions to which no response is required, and State Defendants therefore deny them.   The cited legal authority speaks for itself. State Defendants deny all remaining allegations in this Paragraph.

156.   State Defendants deny the allegations in Paragraph 156.

### 3. Plaintiff THOMAS-CLARK

157.   State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations in Paragraph 157 and deny them on that basis.

158.   State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations in Paragraph 158 and deny them on that basis.

159.   State Defendants admit that Coffee County was investigated by the Secretary of State's office, and that investigation resulted in the State Election Board referring the matter to the Attorney General's office for further civil legal action. State Defendants dispute the characterizations of SB 202 made in this Paragraph and there for denies the remaining allegations.

160.   State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations in Paragraph 160 and deny them on that basis.

161.   Paragraph 161 sets forth legal conclusions to which no response is required, and State Defendants therefore deny them. State Defendants deny all remaining allegations in this Paragraph.

162.   State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations in Paragraph 162 and deny them on that basis.

163.   State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations in Paragraph 163 and deny them on that basis.

164.   Paragraph 164 sets forth legal conclusions to which no response is required, and State Defendants therefore deny them.  The cited legal authority speaks for itself. State Defendants deny all remaining allegations in this Paragraph.

165.   State Defendants deny the allegations in Paragraph 165.

166.   State Defendants deny the allegations in Paragraph 166.

### 4. **Plaintiff LANG**

167.   State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations in Paragraph 167 and deny them on that basis.

168.   State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations in Paragraph 168 and deny them on that basis.

169.   State Defendants deny the allegations in Paragraph 169.

170.   Paragraph 170 sets forth legal conclusions to which no response is required, and State Defendants therefore deny them.  The cited legal authority speaks for itself. State Defendants deny all remaining allegations in this Paragraph.

171.   State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations in Paragraph 171 and deny them on that basis.

172.   State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations in Paragraph 172 and deny them on that basis.

173.   Paragraph 173 sets forth legal conclusions to which no response is required, and State Defendants therefore deny them.  The cited legal authority speaks for itself. State Defendants deny all remaining allegations in this Paragraph.

174.   State Defendants deny the allegations in Paragraph 174.

175.   State Defendants deny the allegations in Paragraph 175.

176.   Paragraph 176 sets forth legal conclusions to which no response is required, and State Defendants therefore deny them.  SB 202 speaks for itself. State Defendants deny all remaining allegations in this Paragraph.

### 5. Plaintiff PULLAR

177.   State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations in Paragraph 177 and deny them on that basis.

178.   State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations in Paragraph 178 and deny them on that basis.

179.   State Defendants admit that Clayton County has been the subject of an investigation for potential violations of the election code. State Defendants disputes the characterization of SB 202 made in this paragraph and therefore denies the remaining allegations.

180.   State Defendants deny the allegations set forth in Paragraph 180 of the Amended Complaint.

181.   Paragraph 181 sets forth legal conclusions to which no response is required, and State Defendants therefore deny them.  The cited legal authority speaks for itself. State Defendants deny all remaining allegations in this Paragraph.

182.   State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations in Paragraph 182 and deny them on that basis.

183.   State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations in Paragraph 183 and deny them on that basis.

184.   Paragraph 184 sets forth legal conclusions to which no response is required, and State Defendants therefore deny them.  The cited legal authority speaks for itself. State Defendants deny all remaining allegations in this Paragraph.

185.   State Defendants deny the allegations in Paragraph 185.

186.   State Defendants deny the allegations in Paragraph 186.

### 6. Plaintiff MCNICHOLS

187.   State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations in Paragraph 187 and deny them on that basis.

188.   State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations in Paragraph 188 and deny them on that basis.

189.   State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations in Paragraph 189 and deny them on that basis.

190.   State Defendants admit that the Secretary regularly opens investigations regarding allegations of improper conduct by election officials and voters. State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations in Paragraph 190.

191.   State Defendants deny the allegations in Paragraph 191.

192.   Paragraph 192 sets forth legal conclusions to which no response is required, and State Defendants therefore deny them.  The cited legal authority speaks for itself. State Defendants deny all remaining allegations in this Paragraph.

193.   State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations in Paragraph 193 and deny them on that basis.

194.   State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations in Paragraph 194 and deny them on that basis.

195.   Paragraph 195 sets forth legal conclusions to which no response is required, and State Defendants therefore deny them.  The cited legal authority

speaks for itself. State Defendants deny all remaining allegations in this Paragraph.

196. State Defendants deny the allegations in Paragraph 196.

197. State Defendants deny the allegations in Paragraph 197.

### 7. Plaintiff JACKSON COUNTY DEMOCRATIC COMMITTEE

198. State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 198.

199. State Defendants admit that the Secretary regularly opens investigations regarding allegations of improper conduct by election officials and voters. State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 199.

200. Paragraph 200 sets forth legal conclusions to which no response is required, and State Defendants therefore deny them. The cited statutory authority speaks for itself. State Defendants deny all remaining allegations in this Paragraph.

### 8. Plaintiff GEORGIA ADVANCING PROGRESS POLITICAL ACTION COMMITTEE

201.  State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations in Paragraph 201 and deny them on that basis.

202.  State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations in Paragraph 202 and deny them on that basis.

203.  State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations in Paragraph 203 and deny them on that basis.

204.  State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations in Paragraph 204 and deny them on that basis.

205.  State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations in Paragraph 205 and deny them on that basis.

206.  Paragraph 206 sets forth legal conclusions to which no response is required, and State Defendants therefore deny them. State Defendants deny all remaining allegations in this Paragraph.

207.   State Defendants deny that any provisions of SB 202 are unconstitutional. State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the remaining allegations in Paragraph 207 and deny them on that basis.

208.   State Defendants deny the allegations contained in this Paragraph 208.

209.   State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations in Paragraph 209 and deny them on that basis.

### 9.  Plaintiff GRAHAM

210.   State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations in Paragraph 210 and deny them on that basis.

211.   State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations in Paragraph 211 and deny them on that basis.

212.   Paragraph 212 contains legal conclusions, not allegations of fact, to which no response is required. State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the remaining allegations in Paragraph 212.

213.   State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations in Paragraph 213 and deny them on that basis.

214.   Paragraph 214 sets forth legal conclusions to which no response is required, and State Defendants therefore deny them.  The cited legal authority speaks for itself. State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the remaining allegations in Paragraph 214 and deny them on that basis.

215.   Paragraph 215 sets forth legal conclusions to which no response is required, and State Defendants therefore deny them. State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the remaining allegations in Paragraph 215 and deny them on that basis.

216.   State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations in Paragraph 216 and deny them on that basis. State Defendants deny the allegation in the first sentence of Paragraph 216 as speculative.

217.   Paragraph 217 sets forth legal conclusions to which no response is required, and State Defendants therefore deny them. State Defendants deny all remaining allegations in this Paragraph.

218.   State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations in Paragraph 218 and deny them on that basis.

219.   State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations in Paragraph 219 regarding Plaintiff Graham's voting habits and deny them on that basis. State Defendants deny all remaining allegations in this Paragraph.

220.   State Defendants admit the first sentence of Paragraph 220. The second sentence is Plaintiffs' characterization of the Secretary's actions to which no response is required and is denied on that basis.

221.   State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations in Paragraph 221 and deny them on that basis.

222.   Paragraph 222 sets forth legal conclusions to which no response is required, and State Defendants therefore deny them.  The cited legal authority speaks for itself. State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the remaining allegations in Paragraph 222 and deny them on that basis.

### 10.   Plaintiff MARTIN

223.   State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations in Paragraph 223 and deny them on that basis.

224.   State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations in Paragraph 224 and deny them on that basis.

225.   State Defendants admit that the Secretary regularly opens investigations regarding allegations of improper conduct by election officials and voters, including Plaintiff Martin. State Defendants deny the remaining allegations in this paragraph.

226.   State Defendants deny the allegations in Paragraph 226.

227.   State Defendants deny that Plaintiff Martin is at risk of being arbitrarily accused of a felony. State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the remaining allegations in Paragraph 227 and deny them on that basis.

228.   State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations in Paragraph 228 and deny them on that basis.

229.   State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations in Paragraph 229 and deny them on that basis.

230.   Paragraph 230 sets forth legal conclusions to which no response is required, and State Defendants therefore deny them.  The cited legal authority speaks for itself. State Defendants deny all remaining allegations in this Paragraph.

231.   State Defendants admit that Secretary Raffensperger has called for more oversight of Fulton County elections in light of its history. State Defendants deny the remaining allegations contained in this paragraph.

232.   State Defendants deny the allegations in Paragraph 232.

233.   State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations in Paragraph 233 and deny them on that basis.

234.   Paragraph 234 sets forth legal conclusions to which no response is required, and State Defendants therefore deny them.  The cited legal authority speaks for itself. State Defendants deny all remaining allegations in this Paragraph.

235.   State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations in Paragraph 235

regarding Plaintiff Martin's experience with absentee ballots and deny them on that basis. State Defendants deny all remaining allegations in this Paragraph.

### 11.   Plaintiff DUFORT

236.   State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations in Paragraph 236 and deny them on that basis.

237.   State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations in Paragraph 237 and deny them on that basis.

238.   State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations in Paragraph 238 and deny them on that basis.

239.   State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations in Paragraph 239 and deny them on that basis.

240.   State Defendants deny that Plaintiff Dufort is at risk of being accused of a felony. State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the remaining allegations in Paragraph 240 and deny them on that basis.

241.    Paragraph 241 sets forth legal conclusions to which no response is required, and State Defendants therefore deny them.  The cited legal authority speaks for itself. State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations in Paragraph 241 regarding what will deter Plaintiff Dufort and deny them on that basis. State Defendants deny all remaining allegations in this Paragraph.

242.    State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations in Paragraph 242 regarding what will deter Plaintiff Dufort and deny them on that basis. State Defendants deny all remaining allegations in this Paragraph.

243.    Paragraph 243 sets forth legal conclusions to which no response is required, and State Defendants therefore deny them.  SB 202 speaks for itself. State Defendants deny that SB 202 makes reporting scanner problems a misdemeanor. State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the remaining allegations in Paragraph 243 and deny them on that basis.

244.    State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations in Paragraph 244 and deny them on that basis.

245.   Paragraph 245 sets forth legal conclusions to which no response is required, and State Defendants therefore deny them.  The cited legal authority speaks for itself. State Defendants deny all remaining allegations in this Paragraph.

246.   State Defendants deny the allegations in Paragraph 246.

247.   State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations in Paragraph 247 and deny them on that basis.

248.   Paragraph 248 sets forth legal conclusions to which no response is required, and State Defendants therefore deny them.  The cited legal authority speaks for itself. State Defendants deny all remaining allegations in this Paragraph.

249.   State Defendants deny the allegations in Paragraph 249.

250.   State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations in Paragraph 250 and deny them on that basis.

### 12.   Plaintiff NAKAMURA

251.   State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations in Paragraph 251 and deny them on that basis.

252.   State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations in Paragraph 252 and deny them on that basis.

253.   State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations in Paragraph 253 and deny them on that basis.

254.   State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations in Paragraph 254 and deny them on that basis.

255.   Paragraph 255 sets forth legal conclusions to which no response is required, and State Defendants therefore deny them.  The cited legal authority speaks for itself. State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations in Paragraph 255 and deny them on that basis.

256.   State Defendants deny the allegations in Paragraph 256.

257.   Paragraph 257 sets forth legal conclusions to which no response is required, and State Defendants therefore deny them.  The cited legal authority speaks for itself. State Defendants deny all remaining allegations in this Paragraph.

258.  State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations in Paragraph 258 and deny them on that basis.

259.  State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations in Paragraph 259 and deny them on that basis.

260.  Paragraph 260 sets forth legal conclusions to which no response is required, and State Defendants therefore deny them.  The cited legal authority speaks for itself. State Defendants deny all remaining allegations in this Paragraph.

261.  State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations relating to Plaintiff Nakamura's experience with absentee ballots in Paragraph 261 and deny them on that basis. State Defendants deny all remaining allegations in this Paragraph.

262.  State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations regarding Plaintiff Nakamura's health status in Paragraph 262 and deny them on that basis. State Defendants deny all remaining allegations in this Paragraph.

### 13.    Plaintiff THROOP

263.   State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations in Paragraph 263 and deny them on that basis.

264.   State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations in Paragraph 264 and deny them on that basis.

265.   State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations in Paragraph 265 and deny them on that basis.

266.   State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations in Paragraph 266 and deny them on that basis.

267.   State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations in Paragraph 267 and deny them on that basis.

268.   State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations in Paragraph 268 and deny them on that basis.

269.    Paragraph 269 sets forth legal conclusions to which no response is required, and State Defendants therefore deny them.  The cited legal authority speaks for itself. State Defendants deny all remaining allegations in this Paragraph.

270.    State Defendants admit that DeKalb County has been the subject of ongoing investigations for potential violations of the election code, and that the State Election Board has referred several cases to the Attorney General's office for further civil legal action. Secretary Raffensperger's comments speak for themselves. State Defendants deny the remaining allegations set forth in Paragraph 270.

271.    State Defendants deny the allegations in Paragraph 271.

272.    State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations in Paragraph 272 and deny them on that basis.

273.    Paragraph 273 sets forth legal conclusions to which no response is required, and State Defendants therefore deny them.  The cited legal authority speaks for itself. State Defendants deny all remaining allegations in this Paragraph.

274.    State Defendants deny the allegations in Paragraph 274.

275.   State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations in Paragraph 275 and deny them on that basis.

### 14.   Plaintiff FRIEDMAN

276.   Paragraph 276 sets forth legal conclusions to which no response is required, and State Defendants therefore deny them.  The cited legal authority speaks for itself. State Defendants deny all remaining allegations in this Paragraph.

277.   State Defendants deny the allegations in Paragraph 277.

278.   Paragraph 278 sets forth legal conclusions to which no response is required, and State Defendants therefore deny them. State Defendants deny all remaining allegations in this Paragraph.

279.   Paragraph 279 sets forth legal conclusions to which no response is required, and State Defendants therefore deny them. State Defendants deny all remaining allegations in this Paragraph.

280.   State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations in Paragraph 280 and deny them on that basis.

281.   State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations in Paragraph 281 and deny them on that basis.

282.   Paragraph 282 sets forth legal conclusions to which no response is required, and State Defendants therefore deny them.  The cited legal authority speaks for itself. State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the remaining allegations in Paragraph 282 and deny them on that basis.

283.   Paragraph 283 sets forth legal conclusions to which no response is required, and State Defendants therefore deny them. State Defendants deny all remaining allegations in this Paragraph.

284.   Paragraph 284 sets forth legal conclusions to which no response is required, and State Defendants therefore deny them. State Defendants deny all remaining allegations in this Paragraph.

### C. Plaintiff CGG's Associational Standing

#### 1. Elements of CGG's Associational Standing

285.   Paragraph 285 sets forth legal conclusions to which no response is required, and State Defendants therefore deny them. State Defendants deny all remaining allegations in this Paragraph.

286.   State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations in Paragraph 286 and deny them on that basis.

287.   Paragraph 287 sets forth legal conclusions to which no response is required, and State Defendants therefore deny them. State Defendants deny all remaining allegations in this Paragraph.

## 2.   Individual Standing of Plaintiff Members of CGG

288.   Paragraph 288 sets forth legal conclusions to which no response is required, and State Defendants therefore deny them. State Defendants deny all remaining allegations in this Paragraph.

289.   State Defendants admit that CGG's Executive Director, a Board Member, and an expert used in litigation by CGG are under investigation. State Defendants deny all remaining allegations in Paragraph 289.

## 3.   Individual Standing of Non-Plaintiff Members of CGG

290.   State Defendants deny the allegations in Paragraph 290.

291.   Paragraph 291 sets forth legal conclusions to which no response is required, and State Defendants therefore deny them.  The cited legal authority speaks for itself. State Defendants deny all remaining allegations in this Paragraph.

292.   Paragraph 292 sets forth legal conclusions to which no response is required, and State Defendants therefore deny them.  The cited legal authority speaks for itself.  State Defendants deny all remaining allegations in this Paragraph.

293.   Paragraph 293 sets forth legal conclusions to which no response is required, and State Defendants therefore deny them.  The cited legal authority speaks for itself.  State Defendants deny all remaining allegations in this Paragraph.

294.   State Defendants deny the allegations in Paragraph 294.

295.   State Defendants deny the allegations in Paragraph 295.

296.   State Defendants deny the allegations in Paragraph 296.

297.   State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations in Paragraph 297 and deny them on that basis.

298.   State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations in Paragraph 298 and deny them on that basis.

299.   State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations in Paragraph 299 and deny them on that basis.

300.   State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations in Paragraph 300 regarding the characteristics of members of Plaintiff CGG and deny them on that basis. State Defendants deny all remaining allegations in this Paragraph.

301.   State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations in Paragraph 301 regarding the characteristics of members of Plaintiff CGG and deny them on that basis. State Defendants deny all remaining allegations in this Paragraph.

302.   Paragraph 319 sets forth legal conclusions to which no response is required, and State Defendants therefore deny them.  The cited legal authority speaks for itself. State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations in Paragraph 302 regarding the characteristics of members of Plaintiff CGG and deny them on that basis. State Defendants deny all remaining allegations in this Paragraph.

303.   State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations in Paragraph 303 and deny them on that basis.

304.   State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations in Paragraph 304 and deny them on that basis.

305.   State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations in Paragraph 305 regarding the characteristics of members of Plaintiff CGG and deny them on that basis. State Defendants deny all remaining allegations in this Paragraph.

306.   State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations in Paragraph 306 regarding the characteristics of members of Plaintiff CGG and deny them on that basis. State Defendants deny all remaining allegations in this Paragraph.

307.   State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations in Paragraph 307 regarding the characteristics and beliefs of members of Plaintiff CGG and deny them on that basis. State Defendants deny all remaining allegations in this Paragraph.

308.   State Defendants deny the allegations in Paragraph 308.

**D. Plaintiff JCDC's Associational Standing**

**1. Elements of JCDC's Associational Standing**

309.   State Defendants deny the allegations in Paragraph 309.

310.   State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations in Paragraph 310 and deny them on that basis.

311.   State Defendants deny the allegations in Paragraph 311.

## 2. Individual Standing of Plaintiff Members of JCDC

312.   State Defendants deny the allegations in Paragraph 312.

## 3. Individual Standing of Non-Plaintiff Members of JCDC

313.   State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations in Paragraph 313 and deny them on that basis.

314.   Paragraph 314 sets forth legal conclusions to which no response is required, and State Defendants therefore deny them.  The cited legal authority speaks for itself. State Defendants deny all remaining allegations in this Paragraph.

315.   Paragraph 315 sets forth legal conclusions to which no response is required, and State Defendants therefore deny them. State Defendants deny all remaining allegations in this Paragraph.

316.   Paragraph 316 sets forth legal conclusions to which no response is required, and State Defendants therefore deny them.  The cited legal authority speaks for itself. State Defendants deny all remaining allegations in this Paragraph.

317.   State Defendants deny the allegations in Paragraph 317.

318.   State Defendants deny the allegations in Paragraph 318.

319. State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations in Paragraph 319 and deny them on that basis.

320. State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations in Paragraph 320 and deny them on that basis.

321. State Defendants deny the allegations in Paragraph 321.

322. State Defendants deny the allegations in Paragraph 322.

323. State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations in Paragraph 323 and deny them on that basis.

324. Paragraph 324 sets forth legal conclusions to which no response is required, and State Defendants therefore deny them. The cited legal authority speaks for itself. State Defendants deny all remaining allegations in this Paragraph.

325. Paragraph 325 sets forth legal conclusions to which no response is required, and State Defendants therefore deny them. The cited legal authority speaks for itself. State Defendants deny all remaining allegations in this Paragraph.

326.   State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations in Paragraph 326 and deny them on that basis.

327.   State Defendants deny the allegations in Paragraph 327.

328.   State Defendants deny the allegations in Paragraph 328.

329.   State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations in Paragraph 329 and deny them on that basis.

330.   State Defendants deny the allegations in Paragraph 330.

### E. Plaintiff GAPPAC's Associational Standing

#### 1. Elements of GAPPAC's Associational Standing

331.   State Defendants deny the allegations in Paragraph 331.

332.   State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations in Paragraph 332 and deny them on that basis.

333.   State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations in Paragraph 333 and deny them on that basis.

## 2. Individual Standing of Plaintiff Members of GAPPAC

334.   State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations in Paragraph 334 regarding Plaintiff Nakamura's status as a member of Plaintiff GAPPAC and deny them on that basis. State Defendants deny all remaining allegations in this Paragraph.

## 3. Individual Standing of Non-Plaintiff Members of GAPPAC

335.   State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations in Paragraph 335 regarding the characteristics of members of Plaintiff GAPPAC and deny them on that basis. State Defendants deny all remaining allegations in this Paragraph.

336.   Paragraph 336 sets forth legal conclusions to which no response is required, and State Defendants therefore deny them.  The cited legal authority speaks for itself. State Defendants deny all remaining allegations in this Paragraph.

337.   Paragraph 337 sets forth legal conclusions to which no response is required, and State Defendants therefore deny them.  The cited legal authority speaks for itself. State Defendants deny all remaining allegations in this Paragraph.

338.   State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations in Paragraph 338 and deny them on that basis.

339.   State Defendants deny the allegations in Paragraph 339.

340.   State Defendants deny the allegations in Paragraph 340.

341.   State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations in Paragraph 341 and deny them on that basis.

342.   State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations in Paragraph 342 and deny them on that basis.

343.   State Defendants deny the allegations in Paragraph 343.

344.   State Defendants deny the allegations in Paragraph 344.

**F. Causation**

345.   State Defendants deny the allegations in Paragraph 345.

346.   State Defendants deny the allegations in Paragraph 346.

347.   Paragraph 347 sets forth legal conclusions to which no response is required, and State Defendants therefore deny them.  The cited legal authority speaks for itself. State Defendants deny all remaining allegations in this Paragraph.

## VII.   CLAIMS

348. Paragraph 348 alleges no facts but only defines collective terms to be used for plaintiffs.  No response is necessary.

### A. SUSPENSION RULE CLAIMS

### COUNT I
### Violations of Procedural Due Process (U.S. Const. Amend. XIV)
### 42 U.S.C. § 1983 and 28 U.S.C. § 2201
### (The Board Member Plaintiffs against All Defendants)

349. State Defendants incorporate and restate their responses to Plaintiffs' preceding allegations here.

350. State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations in Paragraph 350 and deny them on that basis.

351. State Defendants deny the allegations in Paragraph 351.

352. Paragraph 352 sets forth legal conclusions to which no response is required, and State Defendants therefore deny them.  SB 202 speaks for itself. State Defendants deny all remaining allegations in this Paragraph.

353. Paragraph 353 sets forth legal conclusions to which no response is required, and State Defendants therefore deny them.  SB 202 speaks for itself. State Defendants deny all remaining allegations in this Paragraph.

354.   Paragraph 354 sets forth legal conclusions to which no response is required, and State Defendants therefore deny them.  SB 202 speaks for itself. State Defendants deny all remaining allegations in this Paragraph.

355.   Paragraph 355 sets forth legal conclusions to which no response is required, and State Defendants therefore deny them.  SB 202 speaks for itself. State Defendants deny all remaining allegations in this Paragraph.

356.   Paragraph 356 sets forth legal conclusions to which no response is required, and State Defendants therefore deny them.  SB 202 speaks for itself. State Defendants deny all remaining allegations in this Paragraph.

357.   Paragraph 357 sets forth legal conclusions to which no response is required, and State Defendants therefore deny them.  SB 202 speaks for itself. State Defendants deny all remaining allegations in this Paragraph. State Defendants deny that the Board Member Plaintiffs are entitled to any relief.

**COUNT II**
**Violations of Substantive Due Process (U.S. Const. Amend. XIV)**
**42 U.S.C. § 1983 and 28 U.S.C. § 2201**
**(The Board Member Plaintiffs and the Voter Plaintiffs against All Defendants)**

358.   State Defendants incorporate and restate their responses to Plaintiffs' preceding allegations here.

359.   Paragraph 359 sets forth legal conclusions to which no response is required, and State Defendants therefore deny them.

360.   Paragraph 360 sets forth legal conclusions to which no response is required, and State Defendants therefore deny them.  The cited legal authority speaks for itself.

361.   Paragraph 361 sets forth legal conclusions to which no response is required, and State Defendants therefore deny them.  The cited legal authority speaks for itself.

362.   Paragraph 362 sets forth legal conclusions to which no response is required, and State Defendants therefore deny them.

363.   Paragraph 363 sets forth legal conclusions to which no response is required, and State Defendants therefore deny them.

364.   Paragraph 364 sets forth legal conclusions to which no response is required, and State Defendants therefore deny them. State Defendants deny all remaining allegations in this Paragraph.

365.   Paragraph 365 sets forth legal conclusions to which no response is required, and State Defendants therefore deny them.  The cited legal authority speaks for itself. State Defendants deny all remaining allegations in this Paragraph.

366.   Paragraph 366 sets forth legal conclusions to which no response is required, and State Defendants therefore deny them. State Defendants deny all remaining allegations in this Paragraph.

367.   Paragraph 367 sets forth legal conclusions to which no response is required, and State Defendants therefore deny them. State Defendants deny all remaining allegations in this Paragraph.

368.   Paragraph 368 sets forth legal conclusions to which no response is required, and State Defendants therefore deny them. State Defendants deny all remaining allegations in this Paragraph.

369.   Paragraph 369 sets forth legal conclusions to which no response is required, and State Defendants therefore deny them. State Defendants deny all remaining allegations in this Paragraph.

370.   Paragraph 370 sets forth legal conclusions to which no response is required, and State Defendants therefore deny them. State Defendants deny all remaining allegations in this Paragraph.

371.   Paragraph 371 sets forth legal conclusions to which no response is required, and State Defendants therefore deny them.  The cited legal authority speaks for itself. State Defendants deny all remaining allegations in this Paragraph.

372.   Paragraph 372 sets forth legal conclusions to which no response is required, and State Defendants therefore deny them. State Defendants deny all remaining allegations in this Paragraph.

373.   Paragraph 373 sets forth legal conclusions to which no response is required, and State Defendants therefore deny them. State Defendants deny all remaining allegations in this Paragraph.

374.   Paragraph 374 sets forth legal conclusions to which no response is required, and State Defendants therefore deny them.  The cited legal authority speaks for itself. State Defendants deny all remaining allegations in this Paragraph. State Defendants deny that Plaintiffs are entitled to any relief.

## B. INDIVIDUAL FEDERAL CLAIMS

### COUNT III
**Violations of Substantive Due Process & Fundamental Right to Vote**
**(U.S. Const. Amend. XIV)**
**42 U.S.C. § 1983 and 28 U.S.C. § 2201**

**(Voter Plaintiffs against All Defendants)**

375.   State Defendants incorporate and restate their responses to Plaintiffs' preceding allegations here.

376.   Paragraph 376 sets forth legal conclusions to which no response is required, and State Defendants deny them on that basis.

377.   Paragraph 377 sets forth legal conclusions to which no response is required, and State Defendants therefore deny them. State Defendants deny all remaining allegations in this Paragraph.

378.   Paragraph 378 sets forth legal conclusions to which no response is required, and State Defendants therefore deny them. State Defendants deny all remaining allegations in this Paragraph.

379.   Paragraph 379 sets forth legal conclusions to which no response is required, and State Defendants therefore deny them. State Defendants deny all remaining allegations in this Paragraph.

380.   Paragraph 380 sets forth legal conclusions to which no response is required, and State Defendants therefore deny them. State Defendants deny all remaining allegations in this Paragraph.

381.   Paragraph 381 sets forth legal conclusions to which no response is required, and State Defendants therefore deny them. State Defendants deny all remaining allegations in this Paragraph. State Defendants deny that the Voter Plaintiffs are entitled to any relief.

**COUNT IV**
**Violations of Substantive Due Process & Fundamental Right to Vote**
**(U.S. Const. Amend. XIV)**
**42 U.S.C. § 1983 and 28 U.S.C. § 2201**
**(Voter Plaintiffs against All Defendants)**

382.   State Defendants incorporate and restate their responses to Plaintiffs' preceding allegations here.

383.   Paragraph 383 sets forth legal conclusions to which no response is required, and State Defendants therefore deny them.  The cited statutory

provision speaks for itself. State Defendants deny all remaining allegations in this Paragraph.

384.   State Defendants deny the allegations in Paragraph 384.

385.   State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations in Paragraph 385 and deny them on that basis.

386.   State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations in Paragraph 386 and deny them on that basis.

387.   State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations in Paragraph 387 and deny them on that basis.

388.   Paragraph 388 sets forth legal conclusions to which no response is required, and State Defendants therefore deny them.  The cited legal authority speaks for itself. State Defendants deny all remaining allegations in this Paragraph.

389.   Paragraph 389 sets forth legal conclusions to which no response is required, and State Defendants therefore deny them. State Defendants deny all remaining allegations in this Paragraph.

390.   Paragraph 390 sets forth legal conclusions to which no response is required, and State Defendants therefore deny them. State Defendants deny all remaining allegations in this Paragraph.

391.   Paragraph 391 sets forth legal conclusions to which no response is required, and State Defendants therefore deny them. State Defendants deny all remaining allegations in this Paragraph.

392.   Paragraph 392 sets forth legal conclusions to which no response is required, and State Defendants therefore deny them. State Defendants deny all remaining allegations in this Paragraph.

393.   Paragraph 393 sets forth legal conclusions to which no response is required, and State Defendants therefore deny them. State Defendants deny all remaining allegations in this Paragraph. State Defendants further deny that the Voter Plaintiffs are entitled to any relief.

**COUNT V**
**Violation of Due Process – Void for Vagueness (U.S. Const. Amend. XIV)**
**42 U.S.C. § 1983 and 28 U.S.C. § 2201**
**(Voter Plaintiffs against All Defendants)**

394.   State Defendants incorporate and restate their responses to Plaintiffs' preceding allegations here.

395.   Paragraph 395 sets forth legal conclusions to which no response is required, and State Defendants therefore deny them. State Defendants deny all remaining allegations in this Paragraph.

396.   Paragraph 396 sets forth legal conclusions to which no response is required, and State Defendants therefore deny them. State Defendants deny all remaining allegations in this Paragraph.

397.   Paragraph 397 sets forth legal conclusions to which no response is required, and State Defendants therefore deny them. State Defendants deny all remaining allegations in this Paragraph.

398.   Paragraph 398 sets forth legal conclusions to which no response is required, and State Defendants therefore deny them. State Defendants deny all remaining allegations in this Paragraph.

399.   Paragraph 399 sets forth legal conclusions to which no response is required, and State Defendants therefore deny them. State Defendants deny all remaining allegations in this Paragraph. State Defendants further deny that the Voter Plaintiffs are entitled to any relief.

## COUNT VI
## Unlawful Voter Intimidation (52 U.S.C. § 10307)
## 42 U.S.C. § 1983 and 28 U.S.C. § 2201
## (Voter Plaintiffs against All Defendants)

400.   State Defendants incorporate and restate their responses to Plaintiffs' preceding allegations here.

401.   Paragraph 401 sets forth legal conclusions to which no response is required, and State Defendants therefore deny them.  SB 202 speaks for itself. State Defendants deny all remaining allegations in this Paragraph.

402.   Paragraph 402 sets forth legal conclusions to which no response is required, and State Defendants therefore deny them. State Defendants deny all remaining allegations in this Paragraph.

403.   Paragraph 403 sets forth legal conclusions to which no response is required, and State Defendants therefore deny them. State Defendants deny all remaining allegations in this Paragraph.

404.   State Defendants deny the allegations in Paragraph 404.

405.   Paragraph 405 sets forth legal conclusions to which no response is required, and State Defendants therefore deny them. State Defendants deny all remaining allegations in this Paragraph.

406.   State Defendants deny the allegations contained in Paragraph 406.

407.   Paragraph 407 sets forth legal conclusions to which no response is required, and State Defendants therefore deny them. State Defendants deny all remaining allegations in this Paragraph.

408.   Paragraph 408 sets forth legal conclusions to which no response is required, and State Defendants therefore deny them. State Defendants deny all remaining allegations in this Paragraph. State Defendants further deny that the Voter Plaintiffs are entitled to any relief.

## COUNT VII
### Violation of First Amendment (U.S. Const. Amend. I)
### 42 U.S.C. § 1983 and 28 U.S.C. § 2201
### (All Plaintiffs against All Defendants)

409.   State Defendants incorporate and restate their responses to Plaintiffs' preceding allegations here.

410.   Paragraph 410 sets forth legal conclusions to which no response is required, and State Defendants therefore deny them.  The cited provision of SB 202 speaks for itself. State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations in Paragraph 410 regarding Plaintiffs' past intent and deny them on that basis.

411.   The first sentence of Paragraph 411 is an admission by Plaintiffs to which no response is required.  Paragraph 411 sets forth legal conclusions

to which no response is required, and State Defendants therefore deny them. SB 202 speaks for itself.

412.   Paragraph 412 sets forth legal conclusions to which no response is required, and State Defendants therefore deny them. State Defendants deny all remaining allegations in this Paragraph.

413.   Paragraph 413 sets forth legal conclusions to which no response is required, and State Defendants therefore deny them. State Defendants deny all remaining allegations in this Paragraph.

414.   Paragraph 414 sets forth legal conclusions to which no response is required, and State Defendants therefore deny them.

415.   Paragraph 415 sets forth legal conclusions to which no response is required, and State Defendants therefore deny them. State Defendants deny all remaining allegations in this Paragraph.

416.   Paragraph 416 sets forth legal conclusions to which no response is required, and State Defendants therefore deny them. State Defendants deny all remaining allegations in this Paragraph.

417.   Paragraph 417 sets forth legal conclusions to which no response is required, and State Defendants therefore deny them. State Defendants deny all remaining allegations in this Paragraph. State Defendants further deny that Plaintiffs are entitled to any relief.

## COUNT VIII
## Violations of Due Process – Void for Vagueness (U.S. Const. Amend. XIV)
## 42 U.S.C. § 1983 and 28 U.S.C. § 2201
## (All Plaintiffs against All Defendants)

418.   State Defendants incorporate and restate their responses to Plaintiffs' preceding allegations here.

419.   Paragraph 419 sets forth legal conclusions to which no response is required, and State Defendants therefore deny them.  The cited statutory provisions speak for themselves. State Defendants deny all remaining allegations in this Paragraph. State Defendants further deny the characterization of the cited provisions of Georgia law as "Tally Rules" in this Paragraph and any other in the Second Amended Complaint containing that characterization.

420.   Paragraph 420 sets forth legal conclusions to which no response is required, and State Defendants therefore deny them.

421.   Paragraph 421 sets forth legal conclusions to which no response is required, and State Defendants therefore deny them.

422.   Paragraph 422 sets forth legal conclusions to which no response is required, and State Defendants therefore deny them.

423.   Paragraph 423 sets forth legal conclusions to which no response is required, and State Defendants therefore deny them.

424.   Paragraph 424 sets forth legal conclusions to which no response is required, and State Defendants therefore deny them. State Defendants deny all remaining allegations in this Paragraph.

425.   Paragraph 425 sets forth legal conclusions to which no response is required, and State Defendants therefore deny them. State Defendants deny all remaining allegations in this Paragraph. State Defendants further deny that Plaintiffs are entitled to any relief.

**COUNT IX**
**Violation of First Amendment (U.S. Const. Amend. I)**
**42 U.S.C. § 1983 and 28 U.S.C. § 2201**
**(All Plaintiffs against All Defendants)**

426.   State Defendants incorporate and restate their responses to Plaintiffs' preceding allegations here.

427.        Paragraph 427 sets forth legal conclusions to which no response is required, and State Defendants therefore deny them.  The cited statutory provision speaks for itself.

428.   Paragraph 428 sets forth legal conclusions to which no response is required, and State Defendants therefore deny them. State Defendants admit that press coverage has included photographs of voters voting and officials counting ballots.

429.   Paragraph 429 sets forth legal conclusions to which no response is required, and State Defendants therefore deny them.

430.   Paragraph 430 sets forth legal conclusions to which no response is required, and State Defendants therefore deny them. State Defendants deny any remaining allegations in this Paragraph.

431.   Paragraph 431 sets forth legal conclusions to which no response is required, and State Defendants therefore deny them. State Defendants deny any remaining allegations in this Paragraph.

432.   Paragraph 432 sets forth legal conclusions to which no response is required, and State Defendants therefore deny them. State Defendants deny any remaining allegations in this Paragraph. State Defendants further deny that Plaintiffs are entitled to any relief.

## COUNT X
## Violations of Due Process – Void for Vagueness (U.S. Const. Amend. XIV)
## 42 U.S.C. § 1983 and 28 U.S.C. § 2201
## (All Plaintiffs against All Defendants)

433.   State Defendants incorporate and restate their responses to Plaintiffs' preceding allegations here.

434.   Paragraph 434 sets forth legal conclusions to which no response is required, and State Defendants therefore deny them.

435.   Paragraph 435 sets forth legal conclusions to which no response is required, and State Defendants therefore deny them. State Defendants admit that the press has published photographs of ballots and voters standing at voting machines. State Defendants deny all remaining allegations in this Paragraph.

436.   Paragraph 436 sets forth legal conclusions to which no response is required, and State Defendants therefore deny them. State Defendants deny all remaining allegations in this Paragraph.

437.   Paragraph 437 sets forth legal conclusions to which no response is required, and State Defendants therefore deny them. State Defendants deny all remaining allegations in this Paragraph.

438.   Paragraph 438 sets forth legal conclusions to which no response is required, and State Defendants therefore deny them. State Defendants deny all remaining allegations in this Paragraph.

439.   Paragraph 439 sets forth legal conclusions to which no response is required, and State Defendants therefore deny them. State Defendants deny all remaining allegations in this Paragraph. State Defendants further deny that Plaintiffs are entitled to any relief.

440. State Defendants note that paragraphs 440 through 456 are missing from Plaintiffs' Second Amended Complaint, therefore no response is

required. State Defendants deny any allegations in those paragraphs to the extent they are located elsewhere in the document.

**COUNT XI**
**Violations of the First Amendment**
**(U.S. Const. Amend. IV)**
**42 U.S.C. § 1983 and 28 U.S.C. § 2201**
**(All Plaintiffs against All Defendants)**

457.   State Defendants incorporate and restate their responses to Plaintiffs' preceding allegations here.

458.   Paragraph 458 sets forth legal conclusions to which no response is required, and State Defendants therefore deny them.  The cited statutory provision speaks for itself. State Defendants admit that SB 202 changed the identification required for an absentee ballot.

459.   Paragraph 459 sets forth legal conclusions to which no response is required, and State Defendants therefore deny them.

460.   Paragraph 460 sets forth legal conclusions to which no response is required, and State Defendants therefore deny them.

461.   Paragraph 461 sets forth legal conclusions to which no response is required, and State Defendants therefore deny them. State Defendants deny all remaining allegations in this Paragraph.

462.    Paragraph 462 sets forth legal conclusions to which no response is required, and State Defendants therefore deny them. State Defendants deny all remaining allegations in this Paragraph.

463.    Paragraph 463 sets forth legal conclusions to which no response is required, and State Defendants therefore deny them. State Defendants deny all remaining allegations in this Paragraph.

464.    Paragraph 464 sets forth legal conclusions to which no response is required, and State Defendants therefore deny them.

465.    Paragraph 465 sets forth legal conclusions to which no response is required, and State Defendants therefore deny them. State Defendants deny all remaining allegations in this Paragraph.

466.    Paragraph 466 sets forth legal conclusions to which no response is required, and State Defendants therefore deny them. State Defendants deny all remaining allegations in this Paragraph. State Defendants further deny that Plaintiffs are entitled to any relief.

## PRAYER FOR RELIEF

State Defendants deny that Plaintiffs are entitled to any relief they seek. State Defendants further deny every allegation not specifically admitted in this Answer.

Respectfully submitted this 8th day of May, 2022.

Respectfully submitted,

Christopher M. Carr
Attorney General
Georgia Bar No. 112505
Bryan K. Webb
Deputy Attorney General
Georgia Bar No. 743580
Russell D. Willard
Senior Assistant Attorney General
Georgia Bar No. 760280
Elizabeth Vaughan
Assistant Attorney General
Georgia Bar No. 762715
**State Law Department**
40 Capitol Square, S.W.
Atlanta, Georgia 30334

Gene C. Schaerr*
Special Assistant Attorney General
Erik Jaffe*
H. Christopher Bartolomucci*
Brian J. Field*
Joshua J. Prince*
**SCHAERR | JAFFE LLP**
1717 K Street NW, Suite 900
Washington, DC 20006
(202) 787-1060
gschaerr@schaerr-jaffe.com
*Admitted pro hac vice*

*/s/ Bryan P. Tyson*
Bryan P. Tyson
Special Assistant Attorney General
Georgia Bar No. 515411
btyson@taylorenglish.com
Bryan F. Jacoutot

85

Georgia Bar No. 668272
bjacoutot@taylorenglish.com
**Taylor English Duma LLP**
1600 Parkwood Circle
Suite 200
Atlanta, Georgia 30339
(678) 336-7249

*Counsel for State Defendants*

**CERTIFICATE OF COMPLIANCE**

Pursuant to L.R. 7.1(D), the undersigned hereby certifies that the foregoing State Defendants' Answer to Plaintiffs' Second Amended Complaint has been prepared in Century Schoolbook 13, a font and type selection approved by the Court in L.R. 5.1(B).

*/s/ Bryan P. Tyson*
Bryan P. Tyson