# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| COALITION FOR GOOD GOVERNANCE, *et al.*<br><br>*Plaintiffs,*<br><br>v.<br><br>BRIAN KEMP, in his official capacity as Governor of the State of Georgia, *et al.*<br><br>*Defendants*. | Civil Action No.:<br>1:21-CV-02070-JPB |

**DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF COALITION FOR GOOD GOVERNANCE'S FIRST INTERROGATORIES, FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS, AND FIRST REQUESTS FOR ADMISSION**

Defendants Brian Kemp, in his official capacity as Governor of the State of Georgia; Brad Raffensperger, in his official capacity as Georgia Secretary of State; and Sara Ghazal, Matthew Mashburn, Edward Lindsey, and Janice Johnston, in their official capacities as members of the Georgia State Election Board (collectively, "Defendants"), hereby serve the following responses and objections ("Responses") to Plaintiff Coalition for Good Governance's ("CGG") First Interrogatories, First Requests for the Production of Documents and

prepared in anticipation of litigation or trial and thus protected as attorney work product and/or information or documents that are protected by the attorney-client privilege.

## RESPONSES TO INTERROGATORIES

**Interrogatory No. 1.** Identify any investigation, reprimand, fine, penalty, enforcement action, or referral for prosecution undertaken by you, any county election official, local law enforcement official, or, to your knowledge, anyone else, relating to an alleged or suspected violation of any of the Rules, and, with respect to any such action, identify every person having knowledge of such action and every document reflecting or relating to such action.

**RESPONSE:** Defendants objects to this interrogatory on the basis "investigation, reprimand, fine, penalty, enforcement action, or referral for prosecution undertaken by you" is vague, undefined, and not reasonably limited in time or scope. Defendants further object on the basis that "any county election official, local law enforcement official, or…anyone else" is vague, undefined, not reasonably limited in time or scope, and seeks information pertaining to actions by third parties and officials, including independent county and municipal employees, that do not fall within the Defendants' agency or control. Defendants also object to this interrogatory on the basis it requests information that is protected by the active investigation

3

privilege, requests legal conclusions, and/or seeks the mental impressions of counsel.

Subject to and without waiving the foregoing objections, and only withholding information that is privileged or is covered by active investigations, Defendants are not aware of any investigations, reprimands, fines, penalties, enforcement actions, or referrals for prosecution regarding the Rules, but there are active investigations regarding use of photography at polling places, including SEB2020-089, SEB2020-266, SEB2020-004, and SEB2020-009.

**Interrogatory No. 2.**  Without limiting the generality of the foregoing, identify every person who has been charged of either civil or criminal violation of any of the Rules.

**RESPONSE:** Defendants object to this interrogatory on the basis it seeks information pertaining to actions by third parties, including independent county and municipal employees, that do not fall within Defendants' agency or control, namely, district attorneys in counties and circuits of the State of Georgia. Defendants further object on the basis that the term "charged" is vague and confusing. Defendants also object to this interrogatory on the basis it requests information that is protected by the active investigation privilege.

Subject to and without waiving the foregoing objections, no such individual cases related to the Rules have been referred by the SEB to the Attorney General.

**Interrogatory No. 3.**  Describe how the State, the SEB, or, to your knowledge anyone else, trains or provides guidance to those persons or organizations responsible for investigation of violations or enforcement of the Rules with respect to the investigation of violations or enforcement of the Rules.

**RESPONSE:** Defendants object to this interrogatory on the basis that it is overbroad, vague, confusing, compound, and does not define key terms such as "provides guidance" and "persons or organizations responsible." Defendants further object to this interrogatory because it seeks information outside the scope of the Federal Rules of Civil Procedure, specifically, Defendants have no way of knowing how "anyone else" trains officials responsible for investigation.

Defendants also object to this interrogatory on the basis it seeks information pertaining to actions by third parties, including independent officers, namely, county and local election officials and law enforcement officers.

Subject to and without waiving the foregoing objections, Defendants train county election superintendents pursuant to O.C.G.A. §§ 21-2-100 and