IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| COALITION FOR GOOD GOVERNANCE, *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> BRIAN KEMP, Governor of the State of Georgia, in his official capacity, *et al.*, <br><br> *Defendants*. | CIVIL ACTION <br><br> FILE NO. 1:21-CV-02070-JPB |

**PLAINTIFFS' STATEMENT OF ADDITIONAL FACTS**

In response to Local Rule 56.1(B)(2)(b), Plaintiffs state as follows:

Plaintiffs have filed a Response to Defendants' Statement of Material Facts and a Response Brief showing that Defendants have failed to carry their burdens under Rule 56. In addition to the facts set forth in Plaintiffs' Responses, Plaintiff is not aware of any additional facts material to Defendants' Motion for Summary Judgment that require separate identification under Local Rule 56.1(B)(2)(b). *See In re A-1 Express Delivery Serv. Inc.,* No. 17-52865-PMB, 2020 WL 5883427, at *2 (Bankr. N.D. Ga. Oct. 1, 2020) (treating facts identified in Trustee's responses to statement of material fact as those the Trustee would have listed in statement of

1

additional facts). There are facts that Plaintiffs may prove at trial that are not addressed in Defendants' Motion, but Plaintiffs do not read Local Rule 56.1(B)(2)(b) as requiring the respondent to identify facts in dispute except those material to issues raised by the movants in their motion for summary judgment and not addressed in the response to the movants' statement of material facts.

However, in an abundance of caution, Plaintiffs identifies the following facts that, along with the facts set forth in Plaintiffs Response to Defendants' Statement of Material Facts, may be in dispute and therefore preclude the granting of Defendants' Motion for Summary Judgment or are not in dispute and therefore preclude the granting of Defendants' Motion for Summary Judgment.

1. Each of the three organizational plaintiffs has been directly injured by the challenged laws (in addition to having standing under the diversion-of-resources doctrine). Specifically, the election monitoring activities of each organization are directly impaired by the Observation Rule, Communications Rule, Tally Rules, and Photography Rules. (ECF No. 15-3 ¶¶ 3, 11-15, 17; Marks Dep., ECF No. 130 at 81:6-85:17, 86:1-9; Ashling Dep., ECF No. 126 at 34:3-34:25, 36:2-8; Fuller Dep., ECF No. 128 at 51:22-52:8).

2. Each of the three organizational plaintiffs has diverted resources away from activities to address Defendants' challenged conduct. (ECF No. 15-3; Marks Dep., ECF No. 130 at 32:22-36:7; 39:20-41:18; Fuller Dep., ECF No.128 at 21:23-23:7; Ashling Dep., ECF No. 126 at 24:24-25:6, 60:14-21).

3. Apart from the fact that the challenged laws have not yet been enforced, Defendants in support of their Motion for Summary Judgment do not identify any material facts not in dispute relating to standing. Defendants do not, for example, identify any facts relating to whether Plaintiffs are injured by the existence of the laws or whether there is a credible threat of prosecution. ECF 123-2 *passim*.

4. SB 202 gives the State Election Board the authority in appropriate circumstances to suspend a board of registration of a county that has a separate board of registration and, if it does so, since the State Election Board has no means or replacing such board of registration, the county will be left without the ability to provide absentee balloting for its citizens. O.C.G.A. § 21–2–33.2.

5. Defendants have never stated, directly or indirectly, that they do not intend to enforce the Suspension Rule to suspend a board of registration in a county that has a separate board of registration. *E.g.,* ECF No. 123-1, *passim*.

6. Defendants intend to vigorously enforce the Suspension Rule, the Observation Rule, the Communications Rule, the Tally Rules, and the Photography Rule. ECF No. 50 at 9 (observing: "Notably, State Defendants do not refute Plaintiffs' contention that any alleged violation of SB 202 will be 'vigorously' prosecuted.").

7. It is difficult for a voter to vote in-person, or a poll watcher to observe voting, in Georgia without appearing to be intentionally attempting to see for whom or what another elector is voting. *E.g.,* Dufort Dep. ECF No. 120 at 29:22-31:1, 43:22-44:1; Graham Dep., ECF No. 129 at 7:14-17, 51:4-8, 76:6-9; Martin Dep., ECF No. 131 at 36:8-18; Nakamura Dep., ECF No. 132 at 27:11-13; Shirley Dep., ECF No. 118 at 48:8-12; Throop Dep., ECF No. 133 at 34:14-35:3.

8. Because it is difficult for a voter to vote in-person in Georgia without appearing to be intentionally attempting to see for whom or what another elector is voting, and because the Observation Rule may be arbitrarily and discriminatorily enforced, the Observation Rule is a burden on the fundamental right to vote and intimidates voters in violation of the Voting Rights Act. *See* citations to previous statement.

9. There is no evidence that the Observation Rule (distinct from other laws prohibiting violation of ballot secrecy) has or will protect ballot

secrecy.  ECF No. 123-1, 123-2, *passim* (Defendants' filings with no such evidence).

10. Defendants have not identified any governmental interest served by the Communications Rule or the Tally Rules other than the legitimate interest in prohibiting disclosure of vote tallies prior to the close of the polls. ECF No. 123-1, 123-2, *passim* (Defendants' filings with no such evidence).

11. There is no evidence that the Photography Rule's prohibition of photography of a voted ballot deters vote-buying schemes beyond laws already in effect. ECF No. 123-1, 123-2, *passim* (Defendants' filings with no such evidence).

Respectfully submitted this 24th day of August, 2023.

| | |
|---|---|
| */s/ Bruce P. Brown* | */s/ Cary Ichter* |
| Bruce P. Brown | Cary Ichter |
| Georgia Bar No. 064460 | Georgia Bar No. 382515 |
| BRUCE P. BROWN LAW LLC | ICHTER DAVIS LLC |
| 1123 Zonolite Rd. NE | 3340 Peachtree Road NE |
| Suite 6 | Suite 1530 |
| Atlanta, Georgia 30306 | Atlanta, Georgia 30326 |
| (404) 386-6856 | (404) 869-7600 |
| bbrown@brucepbrownlaw.com | CIchter@Ichterdavis.com |

| | |
|---|---|
| */s/ Greg K. Hecht* | */s/Shea E. Roberts* |
| Greg K. Hecht | Shea E. Roberts |
| Georgia Bar No. 003860 | Georgia Bar No. 608874 |
| HECHT WALKER, P.C. | GIACOMA ROBERTS & DAUGHDRILL LLC |
| 205 Corporate Center Dr. Suite B | 945 East Paces Rd. Suite 2750 |
| Stockbridge, Georgia 30281 | Atlanta, Georgia 30326 |
| (404) 348-4881 | (404) 924-2850 |
| greg@hmhwlaw.com | sroberts@grdlegal.com |

CERTIFICATE OF SERVICE AND CERTIFICATE OF COMPLIANCE
WITH LOCAL RULE 5.1

Pursuant to N.D. Ga. L.R. 5.1(C), I certify that the foregoing was prepared using Century Schoolbook 13 font. I electronically filed this using CM/ECF, thus serving all counsel of record.

This 24th day of August 2023.

                                            */s/ Bruce P. Brown*
                                            Bruce P. Brown
                                            Georgia Bar No. 064460
                                            BRUCE P. BROWN LAW LLC
                                            1123 Zonolite Rd. NE
                                            Suite 6
                                            Atlanta, Georgia 30306
                                            (404) 386-6856
                                            bbrown@brucepbrownlaw.com