## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

COALITION FOR GOOD
GOVERNANCE, *et al.,*

     *Plaintiffs,*

v.

BRIAN KEMP, Governor of the State
of Georgia, in his official capacity, *et al.,*

     *Defendants.*

CIVIL ACTION

FILE NO. 1:21-CV-02070-JPB

## DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFFS' STATEMENT OF ADDITIONAL MATERIAL FACTS

Defendants Brian P. Kemp, Secretary of State Brad Raffensperger, and State Election Board Members Edward Lindsey, Matthew Mashburn, Janice Johnston, and Sara Ghazal (collectively, "Defendants"), pursuant to Federal Rule of Civil Procedure 56 and Local Civil Rule 56.1(B)(3), provide their Responses and Objections to Plaintiffs' Statement of Additional Material Facts [Doc. 136] ("SAMF"), showing the Court the following[1]:

    1.    Each of the three organizational plaintiffs has been directly injured by the challenged laws (in addition to having standing under the

---

[1] Defendants do not respond to the introductory language included in the SAMF beyond noting that it does not comply with Local Rule 56.1 and thus no response is required.

diversion-of-resources doctrine). Specifically, the election monitoring activities of each organization are directly impaired by the Observation Rule, Communications Rule, Tally Rules, and Photography Rules. (ECF No. 15-3 ¶¶ 3, 11-15, 17; Marks Dep., ECF No. 130 at 81:6-85:17, 86:1-9; Ashling Dep., ECF No. 126 at 34:3-34:25, 36:2-8; Fuller Dep., ECF No. 128 at 51:22-52:8).

**RESPONSE:** Objection. The fact does not comply with LR 56.1(B)(3) and LR 56.1(B)(1) because it is stated as argument rather than as a statement of fact, because it is a legal conclusion, and because it is not separately numbered. The fact relies on alleged injuries to multiple organizational plaintiffs and directly references legal doctrines and standing.

2. Each of the three organizational plaintiffs has diverted resources away from activities to address Defendants' challenged conduct. (ECF No. 15-3; Marks Dep., ECF No. 130 at 32:22-36:7; 39:20-41:18; Fuller Dep., ECF No.128 at 21:23-23:7; Ashling Dep., ECF No. 126 at 24:24-25:6, 60:14-21).

**RESPONSE:** Objection. The fact does not comply with LR 56.1(B)(3) and LR 56.1(B)(1) because it is not separately numbered but instead refers to the alleged actions of three separate organizations. Further, the fact does not comply with LR 56.1(B)(3) and LR 56.1(B)(1) because it does not cite to evidence by page or paragraph number for the first listed piece of evidence, ECF No. 15-3, but instead cites to a 39-page document in its entirety.

3.      Apart from the fact that the challenged laws have not yet been enforced, Defendants in support of their Motion for Summary Judgment do not identify any material facts not in dispute relating to standing. Defendants do not, for example, identify any facts relating to whether Plaintiffs are injured by the existence of the laws or whether there is a credible threat of prosecution. ECF 123-2 passim.

**RESPONSE:** Objection. The fact does not comply with LR 56.1(B)(3) and LR 56.1(B)(1) because it is stated as argument rather than as a statement of fact and because it is stated as a legal conclusion. Further, the fact does not comply with LR 56.1(B)(3) and LR 56.1(B)(1) because it does not cite to evidence and because it is not separately numbered. Instead, it cites to the entirety of Defendants' Statement of Undisputed Material Facts.

4.      SB 202 gives the State Election Board the authority in appropriate circumstances to suspend a board of registration of a county that has a separate board of registration and, if it does so, since the State Election Board has no means of replacing such a board of registration, the county will be left without the ability to provide absentee balloting for its citizens. O.C.G.A. § 21–2–33.2.

**RESPONSE:** Objection. The fact does not comply with LR 56.1(B)(3) and LR 56.1(B)(1) because it is stated as argument rather than as a statement of fact and because it is stated as a legal conclusion. Further, the fact does not

comply with LR 56.1(B)(3) and LR 56.1(B)(1) because it does not cite to evidence but instead cites to a statute and Plaintiffs' interpretation of that statute.

5.     Defendants have never stated, directly or indirectly, that they do not intend to enforce the Suspension Rule to suspend a board of registration in a county that has a separate board of registration. E.g., ECF No. 123-1, passim.

**RESPONSE:** Objection. The fact does not comply with LR 56.1(B)(3) and LR 56.1(B)(1) because it is stated as argument rather than as a statement of fact and because it is stated as a legal conclusion. Further, the fact does not comply with LR 56.1(B)(3) and LR 56.1(B)(1) because it does not cite to evidence, but instead cites to the entirety of Defendants' Brief on summary judgment.

6.     Defendants intend to vigorously enforce the Suspension Rule, the Observation Rule, the Communications Rule, the Tally Rules, and the Photography Rule. ECF No. 50 at 9 (observing: "Notably, State Defendants do not refute Plaintiffs' contention that any alleged violation of SB 202 will be 'vigorously' prosecuted.").

**RESPONSE:** Objection. The fact does not comply with LR 56.1(B)(3) and LR 56.1(B)(1) because it is stated as argument rather than as a statement of fact and because it is stated as a legal conclusion. Further, the fact does not comply with LR 56.1(B)(3) and LR 56.1(B)(1) because it does not cite to

evidence and because it is not separately numbered. Instead, the fact cites to part of this Court's ruling on Defendants' Motion to Dismiss.

7.     It is difficult for a voter to vote in-person, or a poll watcher to observe voting in Georgia without appearing to be intentionally attempting to see for whom or what another elector is voting. E.g., Dufort Dep. ECF No. 120 at 29:22-31:1, 43:22-44:1; Graham Dep., ECF No. 129 at 7:14-17, 51:4-8, 76:6-9; Martin Dep., ECF No. 131 at 36:8-18; Nakamura Dep., ECF No. 132 at 27:11-13; Shirley Dep., ECF No. 118 at 48:8-12; Throop Dep., ECF No. 133 at 34:14-35:3.

**RESPONSE:** Objection. The evidence cited does not support the fact stated and the fact does not comply with LR 56.1(B)(3) and LR 56.1(B)(1) because it is not separately numbered. Further, the fact does not comply with LR 56.1(B)(3) and LR 56.1(B)(1) because it is stated as argument rather than as a statement of fact.

8.     Because it is difficult for a voter to vote in-person in Georgia without appearing to be intentionally attempting to see for whom or what another elector is voting, and because the Observation Rule may be arbitrarily and discriminatorily enforced, the Observation Rule is a burden on the fundamental right to vote and intimidates voters in violation of the Voting Rights Act. See citations to previous statement.

**RESPONSE:** Objection. The fact does not comply with LR 56.1(B)(3) and LR 56.1(B)(1) because it is stated as argument rather than as a statement of fact and because it is stated as a legal conclusion. Further, the fact does not comply with LR 56.1(B)(3) and LR 56.1(B)(1) because it is not separately numbered.

9.     There is no evidence that the Observation Rule (distinct from other laws prohibiting violation of ballot secrecy) has or will protect ballot secrecy. ECF Nos. 123-1, 123-2, passim (Defendants' filings with no such evidence).

**RESPONSE:** Objection. The fact does not comply with LR 56.1(B)(3) and LR 56.1(B)(1) because it is stated as argument rather than as a statement of fact and because it is stated as a legal conclusion. Further, the fact does not comply with LR 56.1(B)(3) and LR 56.1(B)(1) because it does not cite to evidence and because it does not cite to evidence by page or paragraph number. Instead, the fact cites to the entirety of Defendants' Brief and Statement of Undisputed Material Facts on summary judgment.

10.    Defendants have not identified any governmental interest served by the Communications Rule or the Tally Rules other than the legitimate interest in prohibiting disclosure of vote tallies prior to the close of the polls. ECF Nos. 123-1, 123-2, passim (Defendants' filings with no such evidence).

**RESPONSE:** Objection. The fact does not comply with LR 56.1(B)(3) and LR 56.1(B)(1) because it is stated as argument rather than as a statement of

fact and because it is stated as a legal conclusion. Further, the fact does not comply with LR 56.1(B)(3) and LR 56.1(B)(1) because it does not cite to evidence and because it does not cite to evidence by page or paragraph number. Instead, the fact cites to the entirety of Defendants' Brief and Statement of Undisputed Material Facts on summary judgment.

11.    There is no evidence that the Photography Rule's prohibition of photography of a voted ballot deters vote-buying schemes beyond laws already in effect. ECF Nos. 123-1, 123-2, passim (Defendants' filings with no such evidence).

**RESPONSE:** Objection. The fact does not comply with LR 56.1(B)(3) and LR 56.1(B)(1) because it is stated as argument rather than as a statement of fact and because it is stated as a legal conclusion. Further, the fact does not comply with LR 56.1(B)(3) and LR 56.1(B)(1) because it does not cite to evidence and because it does not cite to evidence by page or paragraph number. Instead, the fact cites to the entirety of Defendants' Brief and Statement of Undisputed Material Facts on summary judgment.

Respectfully submitted this 5th day of October, 2023.

Christopher M. Carr
Attorney General
Georgia Bar No. 112505
Bryan K. Webb
Deputy Attorney General

Georgia Bar No. 743580
Russell D. Willard
Senior Assistant Attorney General
Georgia Bar No. 760280
Elizabeth Vaughan
Assistant Attorney General
Georgia Bar No. 762715
**State Law Department**
40 Capitol Square, S.W.
Atlanta, Georgia 30334

Gene C. Schaerr*
Special Assistant Attorney General
Erik Jaffe*
H. Christopher Bartolomucci*
Donald M. Falk*
Brian J. Field*
Cristina Martinez Squiers*
Edward H. Trent*
Nicholas P. Miller*
Annika Boone Barkdull*
**SCHAERR | JAFFE LLP**
1717 K Street NW, Suite 900
Washington, DC 20006
(202) 787-1060
gschaerr@schaerr-jaffe.com

*Admitted pro hac vice*

/s/ Bryan P. Tyson
Bryan P. Tyson
Special Assistant Attorney General
Georgia Bar No. 515411
btyson@taylorenglish.com
Bryan F. Jacoutot
Georgia Bar No. 668272
bjacoutot@taylorenglish.com
Diane Festin LaRoss
Georgia Bar No. 430830
dlaross@taylorenglish.com
Donald P. Boyle, Jr.

8

Georgia Bar No. 073519
dboyle@taylorenglish.com
Deborah A. Ausburn
Georgia Bar No. 028610
dausburn@taylorenglish.com
Daniel H. Weigel
Georgia Bar No. 956419
dweigel@taylorenglish.com
Tobias C. Tatum, Sr.
Georgia Bar No. 307104
ttatum@taylorenglish.com
**Taylor English Duma LLP**
1600 Parkwood Circle
Suite 200
Atlanta, Georgia 30339
(678) 336-7249

*Counsel for Defendants*

## <u>CERTIFICATE OF COMPLIANCE</u>

Pursuant to L.R. 7.1(D), the undersigned hereby certifies that the foregoing Statement has been prepared in Century Schoolbook 13, a font and type selection approved by the Court in L.R. 5.1(B).

*/s/Bryan P. Tyson*
Bryan P. Tyson