IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| COALITION FOR GOOD GOVERNANCE, *et al.* <br><br> *Plaintiffs,* <br><br> v. <br><br> BRIAN KEMP, in his official capacity as Governor of the State of Georgia, *et al.*, <br><br> *Defendants.* | Civil Action No.: <br> 1:21-CV-02070-JPB |

**DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFFS' TIME-SENSITIVE MOTION TO STAY[1]**

**INTRODUCTION**

Since filing this case in May 2021, Plaintiffs have been consistently unprepared to litigate the merits of their case. After previous unsuccessful stay requests, Plaintiffs return to seek an indefinite stay based on arguments they were aware of at least a year ago but never raised until now. The Court should reject Plaintiffs' request as the continued delay in resolving this case causes continued injury to State Defendants. In fact, rather than justifying a stay, Plaintiffs' motion confirms that there is no concrete injury traceable to and

---

[1] This response is filed by the close of business on June 21, 2024, as directed by this Court in its June 18, 2024 docket entry order.

1

redressable by Defendants. Accordingly, Plaintiffs' motion underscores why the Court should resolve this case now.

## FACTUAL BACKGROUND

This case began more than three years ago, on May 17, 2021. [Doc. 1]. Discovery was originally supposed to conclude by July 1, 2022. [Doc. 67, p. 2]. At both parties' request, this Court extended the discovery deadline to October 3, 2022. [Doc. 84]. Shortly thereafter, Plaintiffs sought to stay this case for almost six months because of the demands of the *Curling* voting-machine litigation. [Doc. 85]. The Court denied that request, granting instead a short extension of discovery and warning Plaintiffs that "[a]ny additional extension beyond this date is unlikely absent exceedingly compelling circumstances." [Doc. 89, p. 2].

After Defendants noticed the depositions of all Plaintiffs, [Doc. 91], Plaintiffs sought to voluntarily dismiss most of their claims (but not the whole case) and convert their preliminary injunction into a permanent one. [Doc. 93]. The Court also denied that request and instead extended discovery for an additional 30 days, through May 8, 2023. [Doc. 102]. After another short extension [May 8, 2023 docket order], discovery finally concluded on June 16, 2023.

Defendants then filed their motion for summary judgment on July 17, 2023. [Doc. 123]. Plaintiffs responded in August 2023 and did not raise any

argument about a lack of regulations issued by the State Election Board (SEB). [Doc. 134]. Further, after this Court set the motion for argument in March 2024, [Doc. 145], and rescheduled the argument for July 2 at Plaintiffs' request, [May 17, 2024 docket order], Plaintiffs still did not raise any argument about the lack of SEB regulations or a need for a stay. Instead, Plaintiffs waited until 15 days before the scheduled argument to ask this Court to stay the entire case for an unknown period of time.[2] [Doc. 147].

## ARGUMENT AND CITATION OF AUTHORITY

This Court has broad authority to stay proceedings and control its own docket. But it should not utilize that discretion to stay this case, which has proceeded through discovery to summary judgment. Staying this case now would leave a cloud over Georgia election administration. This Court should deny the motion.

---

[2] While asking this Court for delays in the resolution of this case, Plaintiff Coalition for Good Governance (CGG) has continued to fundraise off its involvement with this litigation. Indeed, since at least September 2022, *see* [Doc. 86, pp. 5–6], CGG has been soliciting funds by advertising this case as one of its "Current Projects." Current Projects, https://coalitionforgoodgovernance.org/current-projects/ (last visited June 21, 2024). Other Plaintiffs have also made various public pronouncements criticizing SB 202 and discussing this lawsuit on platforms that remain visible. *See, e.g.*, https://x.com/dufort_jeanne/status/1539411337264128000 (last visited June 21, 2024); https://lpgeorgia.com/press-release-lp-georgia-chair-joins-lawsuit-against-sb202/ (last visited June 21, 2024).

### I. Plaintiffs should not be permitted to stop the progress of this case at the last minute.

As shown above, Plaintiffs have consistently sought to delay the resolution of this case while continuing to seek benefits to their organizations and criticize the administration of elections in Georgia. Plaintiffs' motion demonstrates that they were on notice that the SEB had not issued these regulations, because they quote from Defendants' brief addressing those points. [Doc. 147, pp. 5–7]. Despite having that information nearly a year ago, Plaintiffs never raised any arguments about the lack of regulation until the eve of argument on the motion for summary judgment. That delay is reason alone to deny Plaintiffs' motion.

Further, when facing prior requests from Plaintiffs for delays in this case, this Court noted the "age of the case" and explained that additional extensions would require "a showing that Plaintiffs have made efforts to move the case forward." [Doc. 89, p. 2]. Almost two years later, this Court should not permit Plaintiffs to avoid moving the case forward yet again. And it especially should not place the case into a suspended state awaiting further action by the SEB.

### II. Plaintiffs' motion underscores their lack of standing.

Beyond Plaintiffs' delay, the motion itself provides other reasons for the Court to deny it. Plaintiffs' motion acknowledges that the SEB would likely

wait to suspend any officials until issuing regulations governing that process. [Doc. 147, p. 8]. They also acknowledge that no election superintendent has been suspended from the passage of SB 202 to today. *Id*. This means Plaintiffs cannot "show a predictable chain of events leading from the government action to the asserted injury—in other words, that the government action has caused or likely will cause injury in fact to the plaintiff." *Food & Drug Administration v. Alliance for Hippocratic Medicine*, Case No. 23-235, slip. op. [Doc. 148-1] at 17 (June 13, 2024). Thus, any injuries related to the Suspension Rules are speculative, which confirms that Plaintiffs lack standing.

The same logic holds for the Communication and Tally Rules, which Plaintiffs argue should be interpreted differently than this Court previously interpreted them. [Doc. 147, p. 10]. Plaintiffs acknowledge that a regulation agreeing with the Court's existing interpretation could "eliminate[] the constitutional questions." *Id*. Once again, this underscores the speculative nature of any injury Plaintiffs assert regarding the impact of the challenged rules, which confirms that Plaintiffs lack standing. And, where Plaintiffs so clearly lacks standing, this Court should resolve the case quickly to avoid adding continued harm to Defendants.

### III. Plaintiffs' motion undermines their challenges.

Plaintiffs chose to file this lawsuit prior to the issuance of any regulations interpreting the provisions they challenge. They now admit that

5

regulations could resolve or narrow their constitutional challenges to the Suspension Rule, the Communications Rule, and the Tally Rules. [Doc. 147, pp. 6–8]. Further, Plaintiffs' challenges to the Suspension Rule are facial challenges. *See* [Doc. 78, pp. 21–24, 26–28]. But in the motion now before the Court, Plaintiffs specifically admit that regulations could "narrow the scope" of this case. [Doc. 147, pp. 8–9]. Thus, under *Wash. State Grange v. Wash. State Republican Party*, 552 U.S. 442, 450 (2008), Plaintiffs now agree that there are circumstances where at least the Suspension Rule (and apparently the other challenged rules) could be procedurally proper, further undermining their facial attacks.

## CONCLUSION

This Court has previously denied attempts to unnecessarily delay resolution of this case. It should do again here, denying Plaintiffs' motion to stay and moving forward with oral argument on Defendants' summary-judgment motion on July 2, 2024.

Respectfully submitted this 21st day of June, 2024.

        Christopher M. Carr
        Attorney General
        Georgia Bar No. 112505
        Bryan K. Webb
        Deputy Attorney General
        Georgia Bar No. 743580
        Russell D. Willard

Senior Assistant Attorney General
Georgia Bar No. 760280
**State Law Department**
40 Capitol Square, S.W.
Atlanta, Georgia 30334

Gene C. Schaerr*
Special Assistant Attorney General
H. Christopher Bartolomucci*
Brian J. Field*
Edward H. Trent*
**SCHAERR | JAFFE LLP**
1717 K Street NW, Suite 900
Washington, DC 20006
(202) 787-1060
gschaerr@schaerr-jaffe.com
*Admitted pro hac vice*

*/s/Bryan P. Tyson*
Bryan P. Tyson
Special Assistant Attorney General
Georgia Bar No. 515411
btyson@taylorenglish.com
Bryan F. Jacoutot
Georgia Bar No. 668272
bjacoutot@taylorenglish.com
Diane Festin LaRoss
Georgia Bar No. 430830
dlaross@taylorenglish.com
**Taylor English Duma LLP**
1600 Parkwood Circle
Suite 200
Atlanta, Georgia 30339
(678) 336-7249

*Counsel for Defendants*

## CERTIFICATE OF COMPLIANCE

Pursuant to L.R. 7.1(D), the undersigned hereby certifies that the foregoing brief was prepared in Century Schoolbook 13, a font and type selection approved by the Court in L.R. 5.1(B).

<i><u>/s/ Bryan P. Tyson</u></i><br>Bryan P. Tyson