THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| COALITION FOR GOOD GOVERNANCE, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>BRIAN KEMP, et al.,<br><br>Defendants. | Civil Action No. 21-cv-02070-JPB |

PLAINTIFFS' REPLY BRIEF
IN SUPPORT OF MOTION TO STAY

Plaintiffs submit this Reply in Support if their Motion to Stay (Doc. 147):

1. Instead of addressing the merits of the Motion to Stay, Defendants complain that "Plaintiffs have consistently sought to delay the resolution of this case." (Doc. 149 at 4). To the contrary: *Defendants* delayed the trial of this case by filing a motion for summary judgment (a near copy of their losing motion to dismiss) almost a year ago, and then forced the most recent delay by raising new standing arguments "for the first tine" in their reply brief, as the Court found in its March 29, 2024 Order. (Doc. 145).

1

2. Remarkably, Defendant State Election Board members say nothing about their failure over the past three years to follow the General Assembly's command that they promulgate rules to implement the challenged statutes. These Defendants apparently see no irony in insisting that a stay – rather than their own failure to follow the General Assembly's command – "would leave a cloud over Georgia election administration." (Doc. 149 at 3).

3. Defendants' bluff has been called. Defendants took the position in their motion for summary judgment that rulemaking might save the constitutionality of SB 202. (Doc. 140 at 2, 16, 17). Defendants now tacitly acknowledge that they themselves cannot be relied upon "to responsibly fill any purported interpretative gaps Plaintiffs claim to see as problematic," as they argued in their summary judgment brief. (Doc. 140 at 16).

4. Most of Defendants' Brief in Opposition to the Motion to Stay is about standing. But moving for a stay says nothing about whether Plaintiffs have standing. Defendants' response to the Motion, however, confirms the credibility of the threat of enforcement that Plaintiffs have alleged and supported with record evidence. Had Defendants in their response to the motion to stay committed to not enforce these laws unless and until the State Election Board promulgated the necessary election rules - a response Plaintiffs explicitly invited - then Plaintiffs' standing might be ripe for

argument. But Defendants did not do so. Defendants say: "Plaintiffs' motion acknowledges that the SEB would likely wait to suspend any officials until issuing regulations governing that process." (Doc. 149 at 5). Defendants refer to the SEB here as if the SEB is a non-party over whom Defendants have no control. But the State Election Board members are *the primary defendants in this case.* Rather than saying: "*we* will not suspend any officials until we issue appropriate regulations," as any responsible regulator would do, Defendants say, in effect, "maybe we will, maybe we won't," leaving the SEB free to do whatever it wants. This equivocal positioning provides further confirmation of Plaintiffs' standing. *Wollschlaeber v. Governor,* 848 F. 3d 1293, 3016 (11th Cir. 2017) (en banc) ("On this record the individual plaintiffs, who are looking down the barrel of the Board's disciplinary gun, are not required to guess whether the chamber is loaded.")

    5. The State Election Board Member Defendants should be candid with the Court (and the local superintendents and registrars) and state their intentions clearly. In the meantime, particularly given Defendants' continuing promise to "vigorously" prosecute any violation of SB 202, (Doc. 49 at 8), Plaintiffs have standing to challenge these laws. *Susan B. Anthony List v. Driehaus,* 573 U.S. 149, 158-59 (2014) (plaintiffs faced credible threat

because, among other reasons, defendants "have not disavowed enforcement").

6. Staying the case, but providing that the stay would be lifted in the event the challenged rules are actually enforced (or upon a date certain), is a sensible way to proceed. A stay would not prejudice the Defendants in any way and would potentially avoid needless protracted litigation.

For the foregoing reasons, Plaintiffs' Motion to Stay should be granted.

Respectfully submitted this 24th day of June 2024.

/s/ Bruce P. Brown
Bruce P. Brown
Georgia Bar No. 064460
BRUCE P. BROWN LAW LLC
1123 Zonolite Rd. NE
Suite 6
Atlanta, Georgia 30306
(404) 386-6856
bbrown@brucepbrownlaw.com

/s/ Cary Ichter
Cary Ichter
Georgia Bar No. 382515
ICHTER DAVIS LLC
3340 Peachtree Road NE
Suite 1530
Atlanta, Georgia 30326
(404) 869-7600
CIchter@Ichterdavis.com

/s/ Greg K. Hecht
Greg K. Hecht
Georgia Bar No. 003860
HECHT WALKER, P.C.
205 Corporate Center Dr.
Suite B
Stockbridge, Georgia 30281
(404) 348-4881
greg@hmhwlaw.com

/s/Shea E. Roberts
Shea E. Roberts
Georgia Bar No. 608874
GIACOMA ROBERTS & DAUGHDRILL LLC
945 East Paces Rd., Suite 2750
Atlanta, Georgia 30326
(404) 924-2850
sroberts@grdlegal.com

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE AND CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 5.1

Pursuant to N.D. Ga. L.R. 5.1(C), I certify that the foregoing was prepared using Century Schoolbook 13 font.  I electronically filed this using CM/ECF, thus electronically serving all counsel of record.

This 24th day of June 2024.

                                        */s/ Bruce P. Brown*
                                      Bruce P. Brown
                                      Georgia Bar No. 064460
                                      BRUCE P. BROWN LAW LLC
                                      1123 Zonolite Rd. NE
                                      Suite 6
                                      Atlanta, Georgia 30306
                                      (404) 386-6856
                                      bbrown@brucepbrownlaw.com