UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

COALITION FOR GOOD
GOVERNANCE, et al.,

    Plaintiffs,

v.

BRIAN KEMP, et al.,

    Defendants.

CIVIL ACTION NO.
1:21-CV-02070-JPB

# ORDER

This matter is before the Court on Plaintiffs' Motion to Stay [Doc. 147]. This Court finds as follows:

## BACKGROUND

Plaintiffs filed this action against Defendants on May 17, 2021, challenging various provisions of Senate Bill 202 ("S.B. 202"). After the parties completed their summary judgment briefing, Plaintiffs filed the instant Motion to Stay. [Doc. 147]. Essentially, Plaintiffs assert that the Court should stay these proceedings (*i.e.*, not issue a decision on the pending Motion for Summary Judgment) until the State Election Board ("SEB") promulgates certain regulations contemplated by S.B. 202. Alternatively, Plaintiffs contend that the proceedings should be stayed until the SEB enforces the challenged regulations.

## LEGAL STANDARD

Courts have "general discretionary power to stay proceedings" to manage their dockets efficiently and to ensure orderly case disposition. Marti v. Iberostar Hoteles y Apartamentos S.L., 54 F.4th 641, 649 (11th Cir. 2022). This discretion, however, is not unlimited. Indeed, while stays are permissible, they cannot be "immoderate." Ortega Trujillo v. Conover & Co. Commc'ns, Inc., 221 F.3d 1262, 1264 (11th Cir. 2000). In determining whether a stay is immoderate, a court must look to "both the scope of the stay (including its potential duration)" and the reasons for the stay. Id. Importantly, the Eleventh Circuit Court of Appeals has "repeatedly held that a stay order which is 'immoderate' and involves a 'protracted and indefinite period' of delay is impermissible." King v. Cessna Aircraft Co., 505 F.3d 1160, 1172 (11th Cir. 2007).

## ANALYSIS

In this case, Plaintiffs argue that this matter should be stayed pending the SEB's promulgation of certain regulations contemplated by S.B. 202. Plaintiffs also assert that the Court should stay the matter until the SEB enforces the rules that are challenged in this action. According to Plaintiffs, a stay could narrow the issues in this case.

As stated previously, the Eleventh Circuit does not permit stays that involve a protracted and indefinite period of delay.  Because the SEB has not initiated any action in the four years since this action has been pending and Defendants admitted during oral argument that the SEB did not plan on promulgating any new regulations in the near future, this Court finds that Plaintiffs are requesting a stay of indefinite duration.  Because Plaintiffs request an indefinite stay, a stay is not appropriate in this case.

## CONCLUSION

For the reasons set forth above, Plaintiffs' Motion to Stay [Doc. 147] is **DENIED**.

**SO ORDERED** this 24th day of February, 2025.

_____
J. P. BOULEE
United States District Judge